**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DAVID VANN,

                           *Plaintiff,*

      v.

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER MATTHEW DRAKE, IBM # 1956,
POLICE OFFICER STEVEN MITCHELL, IBM # 2134,
INVESTIGATOR JEFFREY KESTER, IBM # 2230,
SERGEANT JEFFREY LAFAVE, II, IBM # 1634
POLICE OFFICER DAVID E. KEPHART, IBM # 2074,
POLICE OFFICER ADAM BRODSKY, IBM # 2478,
POLICE OFFICER TIMOTHY DEMPSEY, IBM #
2122,  INVESTIGATOR CHRISTOPHER MUSCATO,
IBM # 1331, CAPTAIN GARY MOXLEY, POLICE
OFFICER ANGEL PAGAN, IBM # 2421, POLICE
OFFICER CHRISTOPHER J. BARBER, IBM # 1949,
SERGEANT DANIEL J. ZIMMERMAN, IBM # 295,
POLICE OFFICER ERIC MCGRAW, IBM # 2131,
SERGEANT JOSEPH LAIOSA, IBM # 1180,
INVESTIGATOR TOMESHA ANGELO, IBM # 1665,
TECHNICIAN STEPHANIE MINTZ, IBM # 2496,
Police Officers "JOHN DOES 1-10" (whose names are
currently unknown), and other unidentified members of
the Rochester Police Department, THE COUNTY OF
MONROE, SANDRA DOORLEY, individually and as
District Attorney of the County of Monroe, and
MICHAEL HARRIGAN, as an employee of the Monroe
County District Attorney's Office and individually,

                           *Defendants.*

**County Defendants' Reply**
**Memorandum Of Law**

Case No. 18-cv-6464 (MAT)

**Michael E. Davis, Monroe County Attorney**
*Attorney for Defendants Monroe County, DA*
   *Doorley, and ADA Harrigan*
Matthew D. Brown
Senior Deputy County Attorney
307 County Office Building
39 West Main Street
Rochester, New York 14614
585.753.1407
matthewbrown@monroecounty.gov

**Table of Contents**

Cases cited ............................................................................................ ii

Point 1:  Prosecutors Are Immune from Suit................................................1

Point 2:  Plaintiff's Complaint Fails to State a *Monell* Claim ............................................3

    (a)    Prosecutors Act as State Agents When
             Performing Prosecutorial Function*s* ............................................3

    (b)    Plaintiff Failed to Demonstrate a Policy, Pattern, or Practice ....................9

Conclusion ............................................................................................10

**Cases Cited**

*Baez v. Hennessy,* 853 F.2d 73 (2d Cir. 1988) ..................................................................4

*Bailey v. City of N.Y,* 79 F.Supp.3d 424 (EDNY 2015).....................................................7

*Bastuk v. County of Monroe,* 2013 U.S. Dist.
    LEXIS 164567 (WDNY 2013) ................................................................................4, 6

*Bennett-Kolasa v. Town of Allegany,* 2014 U.S. Dist.
    LEXIS 121293 (WDNY 2014)................................................................................4, 6

*Carbajal v. County of Nassau,* 271 F.Supp.415 (EDNY 2003)..........................................4

*Connick v. Thompson,* 563 U.S. 51 (2011) .........................................................................9

*D'Alessandro v City of NY*, 713 F App'x 1 (2d Cir 2017) ................................................2

*Dettelis v. Cty. of Cattaraugus*, 2016 U.S. Dist. LEXIS 57459,
    2016 WL 1729554 (WDNY 2016), *rpt and rec adopted*, 2016 U.S. Dist.
    LEXIS 57229, 2016 WL 1728771 (WDNY 2016)..........................................................5

*Doe v. Green*, 593 F.Supp.2d 523 (WDNY 2009)..........................................................3, 6

*Eisenberg v. District Attorney of County of King*, 1996 U.S. Dist. LEXIS 22469,
    1996 WL 406542  (EDNY 1996) ...............................................................................6

*Galgano v County of Putnam*, 2018 US Dist LEXIS 169725 (SDNY 2018) ...................6

*Greene v City of NY*, 2018 U.S. App. LEXIS 20283 (2d Cir 2018) .................................9

*Jones v City of NY*, 988 F Supp 2d 305 (EDNY 2013) ...............................................5, 6, 7

*Jones v. Town of E. Haven*, 691 F.3d 72 (2d Cir. 2012) ....................................................9

*Keene v. City of Rochester*, 2018 U.S. Dist Lexis 59560 (WDNY 2018) ........................10

*LoPorto v County of Rensselaer*, 2018 US Dist
    LEXIS 162432 (NDNY 2018) ....................................................................................5

*Miller v Sanilac County*, 606 F3d 240 (6th Cir 2010) ......................................................10

*Miller v. Cty. of Nassau*, 467 F. Supp. 2d 308 (EDNY 2006) ...........................................4

*Morse v. Fusto*, 2013 U.S. Dist Lexis 123823 (EDNY 2013)............................................2

*Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215 (EDNY), *on*

*reconsideration*, 47 F. Supp. 3d 152 (EDNY 2014) ..................................................5, 6

*Pinaud v. Cty. of Suffolk*, 52 F.3d 1139 (2d Cir. 1995) .......................................4

*Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997)...............................................4

*Scalpi v. Town of E. Fishkill*, 2016 U.S. Dist. LEXIS 24447,
   2016 WL 858955 (SDNY 2016)..............................................................5

*Schnitter v City of Rochester*, 931 F Supp 2d 469 (WDNY 2013) ....................................3

*Shanks v Otsego County NY*, 2017 US Dist LEXIS 116049 (NDNY 2017) .....................6

*Van de Kamp v. Goldstein,* 555 U.S. 335 (2009) ......................................*Passim*

*Weg v Macchiarola*, 1992 US Dist LEXIS 10739 (SDNY 1992) .......................................6

iii

Because ADA Harrigan has immunity for the claims Plaintiff asserts; because ADA Harrigan acted as an agent of New York State and not an agent of the County when prosecuting Plaintiff; because the District Attorney acted as a state agent, not a County agent, when training, supervising, and disciplining ADAs regarding prosecutorial functions; and because the Complaint fails to allege facts sufficient to state a *Monell* claim against the County, Plaintiff's claims must be dismissed as against County Defendants[1].

## Point 1:  Prosecutors Are Immune from Suit

In an effort to avoid prosecutorial immunity, Plaintiff claims ADA Harrigan "fabricated evidence", but fails to identify what evidence he allegedly fabricated. In his memorandum, Plaintiff claims the "fabricated evidence" is Harrigan's "own account of the incident based on his observations of Mr. Vann's alleged assault . . . as depicted in the security camera DVD" (Plaintiff's Memorandum of Law [the "Memo"], p. 2). Plaintiff never identifies ADA Harrigan's "own account". More importantly, Plaintiff does not claim ADA Harrigan created or edited any physical evidence. Instead, he claims that "Harrigan's false account of the incident . . . was presented to the jury through the testimony of Kester, Mitchell and Drake" (Memo, p. 2). Plaintiff also argues that "Harrigan violated [Plaintiff's] fair trial rights . . . by presenting the false testimony of RPD Officers Kester, Mitchell and Drake to the grand jury" (Memo, p. 13).

Plaintiff's claim of "fabricating evidence" is thus solely his claim that Kester, Mitchell, and Drake's grand jury testimony was allegedly false. A prosecutor eliciting testimony at grand jury is not "fabricating evidence" under Supreme Court or Second Circuit precedent. Nor is failing to introduce certain evidence "fabricating evidence" under Supreme Court or Second Circuit

---

[1] Plaintiff also admits he has no causes of action against District Attorney Doorley (Memo, p. 18, fn 3) and she must be dismissed from this action.

1

precedent. "[I]f a prosecutor evaluates evidence and interviews witnesses for the purpose of being an 'effective advocate of a case already assembled,' rather than investigating for the purpose of helping the police identify a suspect and make an arrest, then her conduct is protected by absolute immunity." *D'Alessandro v City of NY*, 713 F App'x 1, 7 (2d Cir 2017), citations omitted.

Decisions cited by Plaintiff to support his argument regarding fabrication of evidence by a prosecutor do not support his argument. Most of the cited cases deal with law enforcement officers' alleged fabrication of evidence (*Manganiello v. City of New York*; *Gogol v. City of New York*; *Garnett v. Undercover Officer*; *Bermudez v. City of New York*), while in another decision, for purposes of a motion to dismiss, the prosecutor admitted he was performing an investigatory function (*Zahrey v. Coffey*). The analysis regarding absolute prosecutorial immunity does not apply to law enforcement officers and ADA Harrigan was not engaged in an investigatory function.

In the main case relied on by Plaintiff, *Morse v. Fusto*, 2013 U.S. Dist Lexis 123823 (EDNY 2013), the New York Attorney General's Medicaid Fraud Control Unit investigated the plaintiff for three years.  Defendant Fusto was an attorney in that unit and heavily involved in the investigation. The Court held defendant Fusto <u>created</u> certain exhibits during the investigative phase of the case that were eventually used at grand jury, and therefore absolute immunity did not apply. Defendants in *Fusto* did not appeal the issue of absolute prosecutorial immunity and the Court of Appeals' *Fusto* decision is thus not relevant. Here, unlike *Fusto*, ADA Harrigan was not involved in the investigation of Plaintiff and ADA Harrigan only became involved <u>after</u> Plaintiff's arrest. Further, there are no allegations ADA Harrigan created or fabricated physical evidence. Instead, Plaintiff's allegation is that ADA Harrigan induced others to offer false testimony.

Plaintiff also incorrectly argues that in *Fusto* the Second Circuit "further clarified that absolute immunity is unavailable where . . . a prosecutor fabricates evidence prior to the grand jury

presentation" (Memo, p. 8). This is not accurate. The issue of absolute immunity was not appealed to the Second Circuit and the Second Circuit did not address it. Moreover, the Second Circuit routinely holds that where a prosecutor fabricates evidence during the investigative stage, the prosecutor is not entitled to absolute immunity. The Second Circuit has never held that a prosecutor is not entitled to absolute immunity where a prosecutor fabricates evidence *prior* to the grand jury, *but in preparation for* the grand jury (i.e., in an advocacy capacity).

Plaintiff's argument is that after Plaintiff's arrest, ADA Harrigan looked at the evidence and—in preparation for the grand jury—came up with a theory of the case, discussed testimony with witnesses, and that these actions constitute "investigation". Such argument is without merit and ADA Harrigan is entitled to absolute prosecutorial immunity.

<strong>Point 2:  Plaintiff's Complaint Fails to State a <em>Monell</em> Claim</strong>

Plaintiff states he is not making a failure-to-train claim (Memo, p. 4) but also argues that he pled the DA "was deliberately indifferent to the need to <u>train</u>, supervise, or discipline prosecutors" (Memo, point D, p. 20, emphasis supplied). Regardless, failure-to-train, failure to supervise, and failure to discipline are essentially the same claim: deliberate indifference.

**a)** **Prosecutors Act as State Agents When Performing Prosecutorial Function*s***

County Defendants do not argue the County is entitled to prosecutorial immunity from *Monell* claims. Instead, County Defendants point out that where a DA trains, supervises, or disciplines ADAs regarding prosecutorial functions, she is herself engaged in a prosecutorial function and thus acting as a state agent rather than a municipal agent. And when acting as a state agent, the County is not liable for her actions.

In New York, where a prosecutor acts in a prosecutorial function she acts as an agent of New York State and not the County. *Doe v. Green,* 593 F.Supp.2d 523, 534 (WDNY 2009)

(citations omitted); *Baez v. Hennessy,* 853 F.2d 73, 76 (2d Cir. 1988); *Bastuk v. County of Monroe*, 2013 U.S. Dist. LEXIS 164567, 13-14 (WDNY 2013); *Schnitter v City of Rochester*, 931 F Supp2d 469, 476 (WDNY 2013); *Bennett-Kolasa v. Town of Allegany*, 2014 U.S. Dist. LEXIS 121293, 11 (WDNY 2014): *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1153 n.14 (2d Cir. 1995) (no municipal liability for ADA acts if not related to management of the office). *Miller v. Cty. of Nassau*, 467 F. Supp. 2d 308, 316 (EDNY 2006) (plea bargaining is intertwined with prosecutorial decisions regarding prosecution and trial and county cannot be liable for plea bargaining policy of DA). Consequently, a DA is entitled to invoke 11th Amendment immunity when sued for damages in his official capacity for actions related to a criminal prosecution because the suit is deemed one against the state. *Rodriguez v. Weprin,* 116 F.3d 62, 66 (2nd Cir. 1997); *Carbajal v. County of Nassau,* 271 F.Supp.415, 420 (EDNY 2003).

It makes little sense to find a prosecutor entitled to absolute prosecutorial immunity because the prosecutor performed a prosecutorial function but then hold the County liable for that conduct. If it is a prosecutorial function, the prosecutor is a state agent. Thus, there can be no County *Monell* liability for such acts, and Plaintiff's claims here involve prosecutorial functions: presenting false testimony; withholding Subject Resistance Reports; failing to disclose favorable pretrial statements; and presenting false and misleading evidence at trial. (Memo, p. 13-14).

Plaintiff cites to cases where Courts find *Van de Kamp* only addressed individual prosecutor liability as opposed to municipal liability. While simplistically true, in *Van de Kamp* the Court found that training and supervision of "prosecutorial functions" were also "prosecutorial functions". The District Court decisions cited by Plaintiff that found a prosecutor immune for purposes of individual liability but a municipality still potentially liable under *Monell* applied the wrong analysis. There is no principled basis to distinguish conduct that is directly related to the

prosecution of cases in the context of absolute immunity from the same conduct in the context of whether a district attorney acts on behalf of the state as opposed to a county for purposes of assessing *Monell* liability. See *Norton v Town of Brookhaven*, 33 F Supp 3d 215, 243 (EDNY 2014) (practice plaintiff challenges is directly related to DA's discretion to prosecute and county cannot be held to dictate such policies); *Jones v City of NY*, 988 F Supp 2d 305, 317 (EDNY 2013) (City not liable for DA's training of ADAs in proper disclosure of exculpatory DNA evidence because, under *Van de Kamp*, it is not a municipal policy); *Dettelis v County of Cattaraugus*, 2016 US Dist LEXIS 57459, at *15-16 (WDNY 2016) (speedy trial issues required legal knowledge and exercise of discretion and DA was acting as representative of state rather than county); (*LoPorto v County of Rensselaer*, 2018 US Dist LEXIS 162432, at *56 (NDNY 2018) (because it was prosecutorial conduct, DA was not acting as county policymaker under *Van de Kamp*).

The Supreme Court in *Van de Kamp* held that matters of supervision and training related to the prosecutor's basic trial advocacy responsibilities are prosecutorial, not administrative. *Van de Kamp*, 555 U.S. at 345-48. In light of the Supreme Court's decision in *Van de Kamp*, acts taken in connection with a prosecutor's "basic trial advocacy and prosecutorial duties—including *Brady* decisions—should . . . be treated as 'prosecutorial conduct.'" *Jones v. City of N.Y.*, 988 F.Supp.2d at 317; *see Norton*, 33 F. Supp. 3d at 244, *on reconsideration*, 47 F. Supp. 3d 152 (EDNY 2014); *Scalpi v. Town of E. Fishkill*, 2016 U.S. Dist. LEXIS 24447, 2016 WL 858955, at *6 n.7 (SDNY 2016) (courts in Second Circuit routinely hold a municipality cannot be liable for aDA's prosecutorial decisions), *appeal dismissed* (2d Cir. 2016); *Dettelis*, at *6, *rpt and recomm. adopted*, 2016 U.S. Dist. LEXIS 57229, 2016 WL 1728771 (WDNY 2016).

Here, Plaintiff's claims pertain to ADA Harrigan's conduct related to Plaintiff's criminal prosecution. In ADA Harrigan's role as prosecutor, he "acted in all relevant respects on behalf of

5

New York State, which itself is immune under the Eleventh Amendment." *Doe v. Green*, 593 F.Supp.2d 523, 535 (WDNY 2009); *Norton*, 47 F.Supp.3d at 161-62 (county not liable for acts of DA related to decision to prosecute because when prosecuting a criminal matter, DA represents the State, not the county); *Jones*, at 317 (the city is not liable where the function at issue is inextricably connected with prosecution of criminal cases); *Galgano v County of Putnam*, 2018 US Dist LEXIS 169725, at *72 (SDNY 2018) (same); *Weg v Macchiarola*, 1992 US Dist LEXIS 10739, at *5 (SDNY 1992) (DA acts as representative of State and not representative of the City in making decisions with respect to prosecutions); *Bastuk v. County of Monroe,* 2013 U.S. Dist. LEXIS 164567, 13 (WDNY 2013); *Bennett-Kolasa*, at *11; *Schnitter*, 931 F Supp 2d at 476; *LoPorto*, at *54-56 (complaint challenged way defendants prosecuted plaintiff and because this is prosecutorial conduct defendants were not acting as county policymakers and county is not liable); *Shanks v Otsego County NY*, 2017 US Dist LEXIS 116049, at *18-20 (NDNY 2017) (claims against prosecutor involve actions taken in connection with prosecuting, therefore county not liable); *Eisenberg v. District Attorney of County of King*, 1996 U.S. Dist. LEXIS 22469, 1996 WL 406542, at *7 (EDNY 1996) (prosecutorial acts of ADAs are implementations of prosecutorial decision made by DA to which claims of inadequate training bear no relationship).

Plaintiff argues that *Jones v. City of New York* did not hold a municipality is not liable for failure-to-train where the training involved prosecutorial functions. (Memo, p. 17). That is incorrect. In *Jones* the issue was training of ADAs regarding the proper disclosure of exculpatory DNA evidence. The Second Circuit held that plaintiff's claims in *Jones* did not deal with an "administrative *municipal* policy or custom" and instead the plaintiff alleged prosecutorial misconduct resulting from the DA's alleged failure to properly train ADAs not to suppress exculpatory evidence. *Jones* at 316. The Court went on to hold that the City was "not a liable party

6

because the instant case does not deal with what can be categorized as municipal policies or customs." *Jones* at 317. And the Court held that to "the extent plaintiff sues the ADA defendants in their official capacity [i.e., claims actually against the county] under Section 1983, they are entitled to 11th Amendment sovereign immunity." *Jones*, 988 F.Supp.2d at 312.

Where training, supervision, or discipline involves prosecutorial functions, the DA and ADAs are acting as state agents, not County agents, and there can be no *Monell* liability against the County. The decisions cited by Plaintiff from New York District Courts holding *Van de Kamp* did not change municipal *Monell* liability analysis simply misconstrue the issue. In *Van de Kamp* the Supreme Court explicitly held that <u>training</u> ADAs in prosecutorial functions (i.e., *Brady* obligations, grand jury presentations, etc.) was itself a prosecutorial function. Before *Van de Kamp*, training regarding prosecutorial functions—such as *Brady* obligations—was treated as an "administrative" function and not entitled to absolute immunity. While this does not change *Monell* analysis per se, it does change the analysis of what is a "prosecutorial function" for determining whether a prosecutor is a state agent or county agent for purposes of 11th Amendment sovereign immunity analysis. It would be odd to hold that an act is a "prosecutorial function" for purposes of absolute prosecutorial immunity but <u>not</u> a "prosecutorial function" for 11th Amendment sovereign immunity.

Plaintiff also relies on *Bailey v. City of N.Y*, 79 F.Supp.3d 424 (EDNY 2015). *Bailey* is an odd decision. In *Bailey*, the Court explicitly cites the Second Circuit's holding in *Jones*: "*Jones* concluded that the City of New York is not responsible for the training policies or practices of the District Attorney regarding prosecutorial conduct, including the failure to train ADAs not to suppress exculpatory evidence in criminal proceedings." *Bailey* at 442. The *Bailey* decision then ignored this holding and denied summary judgment to the City regarding the DA's alleged failure

to train ADAs. Further, the *Bailey* decision fails to address the issue of prosecutorial functions as applied to state agent versus municipal agent analysis and 11th Amendment sovereign immunity. Thus, *Bailey* failed to apply the appropriate analysis and is unhelpful here.

The other cases cited by Plaintiff regarding County *Monell* liability also failed to address the issue of prosecutorial functions and state agent versus municipal agent analysis and are thus unhelpful in analyzing these issues.  Instead, the cases relied on by Plaintiff (*Benitez v. City of New York* and *Collins v. City of New York* [Memo, p. 22]) hold that *Van de Kamp* did not extend absolute prosecutorial immunity to municipalities for *Monell* claims. Again, this misidentifies the issue. The issue is not whether a municipality is entitled to absolute prosecutorial immunity from a *Monell* claim, but whether a prosecutor is a state agent versus a county agent when engaging in prosecutorial functions for purposes of 11th Amendment sovereign immunity and for determining whether a municipality can be held liable for those actions. The cases cited by Plaintiff fail to address that point. Plaintiff further relies on pre-*Van de Kamp* decisions holding that a municipality can be liable under *Monell* for District Attorney *Brady* policies (see Memo, p. 22, *Babi-Ali v. City of New York*, *Ramos v. City of New York*).

Plaintiff here challenges the ADA's decision regarding what testimony and evidence to present at grand jury or criminal trial and claims a *Brady* violation. The complained-of acts are prosecutorial acts making the ADA a state agent, not a County agent, for those acts. Further, as the Supreme Court held in *Van de Kamp*, training and supervision for prosecutorial functions are also prosecutorial functions. So, claims regarding *Brady* training or "fair trial" training are likewise prosecutorial functions making the District Attorney a state—not county—actor when engaging in such training or supervision. Thus, the County cannot be liable under *Monell* for Plaintiff's claims.

**b)      Plaintiff Failed to Demonstrate a Policy, Pattern, or Practice**

Because Plaintiff failed to demonstrate a policy, pattern, or practice, Plaintiff's failure-to-train and/or deliberate indifference claim still fails, even if the Court were to find the District Attorney was not engaged in a prosecutorial function.

Plaintiff claims ADA Harrigan suppressed "the RPD Subject Resistance Reports" and failed to "disclose D.M.'s pretrial statements that were favorable to Mr. Vann". (Memo, p. 20). Plaintiff fails to offer allegations of similar alleged *Brady* violations involving Subject Resistance Reports or "pretrial statements". Plaintiff also fails to offer allegations of similar alleged misconduct for his other claims: fabrication of evidence; presenting false testimony; failing to disclose favorable pretrial statements; and presenting false and misleading evidence at trial.

Instead, the decisions cited by Plaintiff in his Complaint almost all deal with improper statements made by the prosecutor during trial or at summation. Thus, the misconduct alleged in those decisions is not similar to the conduct Plaintiff alleges here and do not suffice to allege a policy, pattern, or practice. See *Greene v City of NY*, 2018 U.S. App. LEXIS 20283, at *8-9 (2d Cir 2018) (even if two violations could constitute a pattern, the violations plaintiff cited were inapposite because they did not concern the nondisclosure of the same sort of evidence at issue in this case), citing *Connick*, 563 U.S. 51, 62-63 (2011) (four prior violations insufficiently "similar to the violation at issue" to "have put [the city] on notice that specific training was necessary"); see also *Jones,* 988 F.Supp.2d at 313 ("Although plaintiff's amended complaint includes an impressive recitation of past . . . claims against the [KCDAO], none deal with the specific type of [evidence] at issue here—ambiguous DNA evidence"); *Jones v. Town of E. Haven*, 691 F.3d 72, 85 (2d Cir. 2012) (no municipal liability where evidence showed only two instances, or at the most three, over a period of several years in which a small number of city employees committed

9

violations); *Greene v City of NY*, at \*8-9 (2d Cir. 2018) (same).

Plaintiff argues that demonstrating his cited decisions do not involve similar alleged misconduct is "nitpicking". (Memo, p. 22). However, it is Plaintiff's duty to demonstrate "prior instances of unconstitutional conduct demonstrating that the county has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Miller v Sanilac County*, 606 F3d 240, 255 (6th Cir 2010), citation omitted. This requires a showing of prior <u>similar</u> unconstitutional conduct, not merely pointing to random, dissimilar events. The cases relied on by Plaintiff for a "pattern or practice" do not demonstrate a pattern or practice of misconduct similar to his claims. Claiming the list of cases is "non-exhaustive" does not absolve Plaintiff of his duty to allege facts sufficient to demonstrate a pattern or practice.

Plaintiff failed to set forth allegations that there were prior instances of similar alleged prosecutor misconduct so as to put DA Doorley on notice that the training and supervision of ADAs was deficient with respect to "fabricating evidence" or any of his other claims.

Plaintiff also relies on *Keene v. City of Rochester*, 2018 U.S. Dist Lexis 59560 (WDNY 2018), to claim he sufficiently alleged a policy, practice, or pattern. However, in *Keene* the challenged policy was use of excessive force and plaintiff identified eight alleged instances of use of excessive force between 2002 and 2014. Thus, unlike here, in *Keene* plaintiff identified similar alleged constitutional violations.

Here, as in *Connick, Green*, and *Jone*s, because the cases cited by Plaintiff are not similar, they do not create a cause of action for deliberate indifference, leaving Plaintiff to only point to conduct at his own criminal trial, which fails to constitute a pattern.

## Conclusion

Based upon the foregoing, the County and ADA Harrigan are entitled to judgment

dismissing Plaintiff's Complaint and all of his claims, counts and causes of action.

November 27, 2018                                    Respectfully submitted:

                                                     **Michael E. Davis, County Attorney**


                                                     s/ Matthew D. Brown_____
                                                     Matthew D. Brown
                                                     *Attorney for County Defendants*
                                                     Senior Deputy County Attorney
                                                     39 West Main Street, Room 307
                                                     Rochester, New York 14614
                                                     (585) 753-1407
                                                     matthewbrown@monroecounty.gov

To:     Elliot D. Shields
        Roth & Roth, LLP
        *Counsel for Plaintiff*
        192 Lexington Avenue, Suite 802
        New York, New York 10016
        (212) 425 1020
        Fax: (212) 532 3801
        eshields@rothandrothlaw.com