UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID VANN,

                Plaintiff,

     v.

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MATTHEW DRAKE, IMB #1956, POLICE OFFICER STEVEN MITCHELL, IMB #2134, INVESTIGATOR JEFFREY KESTER, IMB #2230, SERGEANT JEFFREY LAFAVE, II, IMB #1634, POLICE OFFICER DAVID E. KEPHART, IMB #2074, POLICE OFFICER ADAM BRODSKY, IMB #2478, POLICE OFFICER TIMOTHY DEMPSEY, IMB #2122, INVESTIGATORY CHRISTOPHER MUSCATO, IMB #1331, CAPTAIN GARY MOXLEY, POLICE OFFICER ANGEL PAGAN, IMB #2421, POLICE OFFICER CHRISPHER J. BARBER, IMB #1949, SERGEANT DANIEL J. ZIMMERMAN, IMB #295, POLICE OFFICER ERIC MCGRAW, IMB #2131, SERGEANT JOSEPH LAIOSA, IMB #1180, INVESTIGATOR TOMESHA ANGELO, IMB #1665, TECHNICIAN STEPHANIE MINTZ, IMB #2496, Police Officers "John Does 1-10" (whose names are currently unknown), and other unidentified members of the Rochester Police Department, THE COUNTY OF MONROE, SANDRA DOORLEY, individually and as District Attorney of the County of Monroe, and MICHAEL HARRIGAN, as an employee of the Monroe County District Attorney's Office and Individually,

                Defendants

**ANSWER TO AMENDED COMPLAINT**

Case No. 18-cv-6464 (MAT)

Jury Trial Demanded

    Defendants, the City of Rochester (hereinafter "the City") and Rochester Police Department Personnel named in this action, together (hereinafter "the City Defendants") by their attorney Timothy R. Curtin, Corporation Counsel, John M. Campolieto, Esq., of Counsel, answer the Complaint as follows:

1.      Admit the allegations contained in paragraphs 14, 16, 34, 45, 69, 76, 225, 237, 243, 288, 472 and 473 of the Complaint.

2.      Deny the allegations contained in paragraphs 2, 4, 5, 6, 7, 8, 12, 19, 30, 31, 33, 35, 46, 47, 48, 49, 50,  53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 67, 70, 72, 73, 74, 75, 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92 , 93, 94, 95, 96, 97, 98, 101, 102, 103, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 123, 125, 126, 127, 133, 134, 136, 138, 139, 140, 142, 143, 144, 145, 146, 147, 148, 149, 150, 152, 153, 155,156, 170, 171, 172, 173, 174, 175, 178, 179, 180, 181, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 198, 199, 200, 201, 202, 203, 208, 209, 210, 211, 213, 214, 217, 218, 219, 220, 221, 222, 223, 224, 227, 228, 229, 230, 231, 232, 233, 234, 242, 248, 249, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 265, 266, 267, 268, 271, 274, 275, 276, 277, 278, 285, 286, 287, 289, 292, 295, 296, 300, 301, 302, 323, 324, 326, 327, 331, 333, 335, 338, 339, 373, 375, 377, 385, 388, 389, 392, 394, 397, 399, 403, 404, 406, 407, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 432, 433, 434, 435, 436, 437, 438, 440, 442, 443, 444, 445, 471, 474, 475, 476, 479, 480, 481, 482, 483, 484, 485, 486, 487, 488, 489, 490, 491, 492, 494, 495, 496, 497, 498, 499, 500, 502, 503, 505, 506, 507 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 522, 523, 524, 525, 526, 527, 528, 529, 530, 531, 532, 533, 539, 540, 541, 542, 543, 544, 552, 553, 554, 555, 556, 557, 558, 559 , 560, 561, 562, 563, 564, 665, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 582, 585, 587, 588, 589, 591, 592, 593, 594, 595, 721, 722, 723, 724, 725, 726, 728, 729, 730, 731, 732, 733, , 734, 736, 737, 738, 739, 740, 741, 742, 743, 744, 745, 746, 747, 748, 749, 750, 751, 752, 787, 788, 789, 790, 791,

792(320), 792, 793794, 795, 796, 797, 798, 799, 800, 801, 802, 803, 804, 805, 806, 807, 808, 809, 810 and 811 of the Complaint

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 9, 10, 11, 13, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 36, 37, 38, 39, 40, 41, 42, 43, 44, 51, 52, 62, 66, 71, 99, 100, 104, 116, 121, 122, 124, 128, 129, 130, 131, 132, 135, 137, 141, 151, 154, 157, 158, 159, 160, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 176, 177, 194, 195, 196, 204, 205, 206, 207, 212, 215, 216, 235, 236, 238, 240, 244, 245, 246, 250, 251, 252, 264, 273, 279, 284, 297, 307, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 328, 329, 336, 337, 340, 341, (342-349), 352-371, 378, 379, 380, 381, 382, 383, 384, 386, 390, 391, 401, 402, 412, 413, 414, 415, 431, 439, 441, (446-470), 477, 478, 493, 501, 583, 584, 586, 727 and 735 of the Complaint.

4. Paragraph 1 of the Complaint sets forth intentions and statements of law, rather than averments of fact, to which no response is required, if a response is deemed to be necessary the paragraph is denied.

5. The City Defendants admit as much of paragraph 15 which states that the City is authorized by law to maintain a police department and deny the remainder of the Paragraph.

6. The City Defendants admit as much of paragraph 68 that indicates Officers attempted to detain Plaintiff after he left the store and deny the remainder of the Paragraph.

7. The City Defendants admit as much of paragraph 81 which states that Vann was arrested but deny the remainder of the paragraph.

8. The City Defendants admit as much of Paragraph 182 which states that Daniel Zimmerman reviewed some documentation associated with the arrest of Plaintiff but deny the remainder of the Paragraph.

9. The City Defendants deny the allegations of Paragraph 226 and direct the Court to the Technician's Report.

10. The allegation contained in Paragraph 239 does not make grammatical sense and therefore the City Defendants cannot admit or deny an answer to the Paragraph.

11. The City Defendants deny the allegations of Paragraph 241 and direct the Court to Rochester Police Department Supporting Deposition of D.M. dated September 4, 2015.

12. The City Defendants deny the allegations of Paragraph 247 and direct the Court to the Rochester Police Department Supporting Deposition of D.A. dated September 5, 2015.

13. The City Defendants admit as much of Paragraph 269 which states that Investigator Tomesha Angelo was listed as the case coordinator but deny the remainder of the allegations contained in the Paragraph.

14. The City Defendants admit as much of Paragraph 270 which infer that Tomesha Angelo, Officer Jeffrey Kester, Officer Steven Mitchell, Officer Mathew Drake and Officer Jeffery Kester worked in coordination on this case but deny the remainder of the allegations contained in the Paragraph.

15. The City Defendants admit as much of Paragraph 272 which states that the executed criminal complaints were under oath but deny the remainder of the allegations contained in the Paragraph.

16. The City Defendants admit as much of Paragraph 280 that Officers Kester and Drake were not disciplined but deny the remainder of the allegations contained in this Paragraph.

17. The City Defendants admit as much of Paragraph 281 that Investigator Tomesha Angelo was not disciplined but deny the remainder of the allegations contained in this Paragraph.

18. As and for an Answer to Paragraph 282 and 283 the City Defendants deny the allegations contained in the Paragraphs and direct the Court to the Criminal Complaint, sworn to by Investigator Angelo on September 5, 2015.

19. As and for an Answer to Paragraph 290, the City Defendants deny the allegations contained in the paragraph and direct the Court to the Criminal Complaint, sworn to by Investigator Angelo on September 5, 2015.

20. The City Defendants admits as much of Paragraph 291 that Investigator Tomesha Angelo was not disciplined but deny the remainder of the allegations contained in the Paragraph.

21. As and for an Answer to Paragraph 293 the City Defendants deny the allegations made in the Paragraph and direct the Court to the Incident Report drafted by Officer Mitchell dated September 5, 2015.

22. As and for an Answer to Paragraph 294 the City Defendants deny the allegations made in the Paragraph and direct the Court to the Incident Report drafted by Officer Mitchell dated September 5, 2015.

23. The City Defendants admits as much of Paragraphs 298 and 299 that state Investigator Tomesha Angelo, Officer Matthew Drake, Officer Steven Mitchell, Investigator

Tomesha Angelo and Jeffery Kester were not disciplined but deny the remainder of the allegations contained in the Paragraphs 298 and 299.

24. The City Defendants admit as much of Paragraph 303 which states that Investigator Tomesha Angelo was listed as the case coordinator but deny the remainder of the allegations contained in the Paragraph.

25. As and for an Answer to Paragraph 304 the City Defendants deny the allegations made in the Paragraph and direct the Court to the Grand Jury Referral.

26. As and for an Answer to Paragraph 305 the City Defendants deny the allegations made in the Paragraph and direct the Court to the Technician's Report.

27. As and for an Answer to Paragraph 306 the City Defendants deny the allegations made in the Paragraph and direct the Court to the Technician's Report.

28. Paragraph 308 is a conclusory statement of a policy and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

29. Paragraph 309 is a conclusory statement of a policy and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

30. Paragraph 310 is a conclusory statement of law and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

31. Paragraph 311 is a conclusory statement of law and policy and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

32. Paragraph 325 is a conclusory statement of law and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

33. As and for an Answer to Paragraph 330 the City Defendants deny the allegations contained in the Paragraph and direct the Court to the Grand Jury Testimony of Officer Mitchell.

34. As and for an Answer to Paragraph 332 the City Defendants deny the allegations contained in the Paragraph and direct the Court to the Grand Jury Testimony of Officer Drake.

35. As and for an Answer to Paragraph 334 Defendants deny the allegations contained in the Paragraph and direct the Grand Jury Testimony of Officer Kester.

36. The City Defendants admit as much of Paragraph 350 which states that Investigator Tomesha Angelo was listed as the case coordinator but deny the remainder of the allegations contained in the Paragraph.

37. Paragraph 351 is a conclusory statement of law and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

38. As and for an Answer to Paragraph 372, 374 and 376 the City Defendants deny the allegations contained in the Paragraphs and direct the Court to the Grand Jury Testimony of Officers Kester, Drake and Mitchell.

39. The City Defendants admit as much of Paragraph 387 that Officers Kester and Drake and Investigator Tomesha Angelo were not disciplined but deny the remainder of the allegations contained in this Paragraph.

40. As and for an answer to Paragraph 393, the City of Rochester admits that its attorney produced documents to the Plaintiff's Attorney for convenience purposes but denies the remainder of the Paragraph.

41. Paragraph 395 is a conclusory statement of a policy and thus requires no answer, if it is determined that such a paragraph requires an answer said Paragraph is denied.

42. As and for an Answer to Paragraph 396 the City Defendants deny the allegations made in the Paragraph and direct the Court to the General Order and SRR Form referred to in the Paragraph.

43. As and for an Answer to Paragraph 398 the City Defendants deny the allegations made in the Paragraph and direct the Court to the General Order and SRR Form referred to in the Paragraph.

44. The City Defendants admit as much of Paragraph 405 that Officer Mitchell was not disciplined but deny the remainder of the allegations contained in this Paragraph.

45. Paragraph 408 uses subjective language in the context of a police officer and the City Defendants will not provide an answer to an allegation premised upon subjective language.

46. Paragraph 409 uses subjective language in the context of a police officer and the City Defendants will not provide an answer to an allegation premised upon subjective language.

47. Paragraph 410 uses subjective language in the context of a police officer and the City Defendants will not provide an answer to an allegation premised upon subjective language.

48. Paragraph 411 uses subjective language in the context of a police officer and the City Defendants will not provide an answer to an allegation premised upon subjective language.

49. Paragraph 416 is premised on language asserted by the Plaintiff's Attorney and not by any City Defendants and the City Defendants will not provide an answer to an allegation set forth in this manner.

50. Paragraph 417 is premised on language asserted by the Plaintiff's Attorney and not by any City Defendants and the City Defendants will not provide an answer to an allegation set forth in this manner.

51. As and for an Answer to Paragraph 504 the City Defendants deny the portion of the allegation which states that they are "therefore responsible for their conduct" but admit the remainder of the Paragraph.

52. By Decision and Order dated March 25, 2019, United States District Court Judge Michael A. Telesca dismissed the Seventh Cause of Action with prejudice and thus no answer is required from the City for Paragraphs (534-538).

53. By Decision and Order dated March 25, 2019, United States District Court Judge Michael A. Telesca dismissed the Ninth Cause of Action with prejudice and thus no answer is required from the City for Paragraphs (545-551).

54. As and for an Answer to Paragraphs (579-581) the City Defendants deny the allegations made in the Paragraph and direct the Court to the PSS Investigation used as authority for the Plaintiff's allegation.

55.     As and for an Answer to Paragraphs 590 the City Defendants deny the allegations made in the Paragraph and direct the Court to the authority stated by the Plaintiff.

56.     As and for an Answer to Paragraphs (596-720) the City denies the allegations contained in these paragraphs.   These paragraphs attempt to give a running narrative of actions by numerous Rochester Police Department by the Plaintiff's Attorney's subjective interpretation.  The allegations contained within the above denied paragraphs are neither accurate nor factual but instead are cobbled together from the Plaintiff's Attorney's belief of police misconduct, various interest groups and faulty news sources.

57.     By Decision and Order dated March 25, 2019, United States District Court Judge Michael A. Telesca dismissed the Eleventh Cause of Action with prejudice and thus no answer is required from the City for Paragraphs (753-786).

## FIRST AFFIRMATIVE DEFENSE

58.     The Amended Complaint fails to state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

59.     Any use of force by defendants was objectively reasonable and justified under New York State and Federal Law.

## THIRD AFFIRMATIVE DEFENSE

60.     Defendants exercised their professional judgment and are entitled to good faith immunity and discretionary immunity from suit.

## FOURTH AFFIRMATIVE DEFENSE

61.     Plaintiff unlawfully provoked any use of force.

## FIFTH AFFIRMATIVE DEFENSE

62. Defendant officers acted reasonably and did not violate clearly established federal law. Accordingly, they are entitled to qualified immunity from suit.

## SIXTH AFFIRMATIVE DEFENSE

63. Plaintiff may have failed to mitigate his damages.

## SEVENTH AFFIRMATIVE DEFENSE

64. There was probable cause for Plaintiff's arrest and prosecution.

## EIGHTH AFFIRMATIVE DEFENSE

65. Insofar as Plaintiff purports to assert any State law causes of action, they are time barred.

## NINTH AFFIRMATIVE DEFENSE

66. Plaintiff's injuries were caused by his own actions and were not proximately caused by any acts or omissions of the Defendant officers.

## TENTH AFFIRMATIVE DEFENSE

67. Certain of the individual Defendants were not personally involved in Plaintiff's apprehension.

## ELEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff has filed a late and defective notice of claim with the City.

**WHEREFORE,** defendants demand judgment dismissing the Plaintiff's Amended Complaint, together with the costs and disbursements of this action.

Dated:  April 12, 2019				TIMOTHY R. CURTIN, Corporation Counsel

					_____/S/_____
				BY:	John M. Campolieto, of Counsel
					*Attorneys for Defendants*
					City Hall Room 400A,
					30 Church Street
					Rochester, New York 14614
					(585) 428-87410

To:	ROTH & ROTH LLP
	Elliot D. Shields, Esq.
	*Attorneys for Plaintiff*
	192 Lexington Avenue, Suite 802
	New York, New York 10016
	(212) 425-1020
	eshields@rothandrothlaw.com