**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DAVID VANN,

        Plaintiff,

v.

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MATTHEW DRAKE, IBM #1956, POLICE OFFICER STEVEN MITCHELL, IBM #2134, POLICE OFFICER JEFFREY KESTER, IBM #2230, POLICE OFFICER CHRISTOPHER J. BARBER, IBM #1949, POLICE OFFICER DAVID E. KEPHART, IBM #2074, INVESTIGATOR TOMESHA ANGELO, IBM #1665, TECHNICIAN STEPHANIE MINTZ, IBM #2496, SERGEANT DANIEL J. ZIMMERMAN, IBM #295, Police Officers "John Does 1-6" (whose names are currently unknown, but who are described in the complaint and in pictures attached to the complaint as exhibits), Police Officers "John Does 7-12" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department,

        Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**Case No.: 18-cv-06464**

---

Defendants Drake, Mitchell, Kester, Lafave, Kephart, Dempsey, Brodsky, Muscato, Pagan, Moxley, Barber, Zimmerman, McGraw, Laiosa, Angelo and Mintz (hereinafter "defendants") answer Plaintiff's First Set of Interrogatories and Document Requests as follows:

**General Objections**

All responses are made without in any way waiving or intending to waive, but intending to preserve and preserving:

1

All objections to questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

The right to supplement and/or amend these answers as the Defendants' investigation, discovery and preparation for trial continues.

The Defendants object generally to each demand to the extent that it seeks discovery of:

> Confidential information, except as a suitable protective order is entered;

> Information subject to the attorney/client privilege, or any other privilege;

> Information constituting the work product of the defendants or their attorneys;

> The Defendants object to plaintiff's interrogatories to the extent they purport to impose obligations not established by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### Interrogatory No. 1 to Jeffrey Kester, Steven Mitchell and Matthew Drake:

Identify any and all persons, including RPD officers and witnesses, who you spoke regarding the incident, either formally or informally, and describe the substance of the conversation. For each conversation, specify whether it was in writing (text message, email, something else) or oral (telephone call or in person conversation). This includes conversations with other RPD personnel and others at the scene of the incident; RPD personnel and others at the Hospital; all Rochester Police Locust Club personnel; and all investigators, prosecutors the others from the Monroe County District Attorney's Office. For any conversations with the City of Rochester Corporation

Counsel related to the instant civil case, only identify the personnel and the date of the conversation, but do not describe the substance of the conversation.

**RESPONSE**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is not proportional to the case, that there is a more practical and less burdensome means of eliciting this information, and that this interrogatory seeks irrelevant information. Notwithstanding and without waiving or otherwise limiting these objections, Defendants Kester, Mitchell and Drake state that they recall speaking with the named Defendants in this case; outside of the named Defendants, they cannot specifically recall speaking to anyone else regarding this incident.

**Interrogatory No. 2 to all Officer Defendants:**

Identify all writings you created related to the incident, including notes and reports, and the location where said writings are stored. If copies of said writing are stored in multiple locations (such as both electronically and in one or more paper file locations), so state. If any writing you created was destroyed, so state.

**RESPONSE**: Defendants object to this request on the grounds that it is vague and ambiguous. Notwithstanding and without waiving or otherwise limiting these objections, plaintiff is referred to the documents previously identified in Defendants' Rule 26 disclosures, attached for convenience now bearing Bates Nos. COR000001 – COR000083. Additionally, see Bates No. COR000103, additional notes of Angelo.

**Interrogatory No. 3 to all Officer Defendants:**

Identify every civil claim and lawsuit in which you were named as a defendant that included one or more of the following allegations: false arrest, assault, battery,

3

excessive force, malicious prosecution, falsification of evidence, dishonest or false written or oral statements or testimony. Identify claims by the name of the claimant and claim number. Identify civil lawsuits by parties' names and index number.

**RESPONSE**: Defendants object to this request on the grounds that it is vague, overbroad, unduly burdensome, seeks public information, to the extent it seeks information equally available to plaintiff, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these objections, the following is the publically available list of named Defendants named in other lawsuits.

---

Investigator Jeffrey Kester:
- Scott v. Feldman, et al: 17-cv-06004
- Scott v. City of Rochester, et al: 17-cv-6359

Sergeant Jeffrey Lafave, II
- Kendrick v. Troche, et al 18-cv-06932

Officer Timothy Dempsey:
- Nowlin v. 2 Jane Doe Female Rochester New York Police Officers, et al: 11-cv-712

Officer Angel Pagan
- Willie Daniels v. Doe 1, et al: 16-cv-06357
- Solomon v. City of Rochester, et al: 17-cv-06659

Officer Christopher J. Barber:
- Santos v. Barber, et al: 17-cv-6475

---

4

**Interrogatory No. 4 to all Officer Defendants:**

Identify all civilian and internal complaints and/or investigations against you that included one or more of the following allegations: false arrest, assault, battery, excessive force, malicious prosecution, falsification of evidence, dishonest or false written or oral statements or testimony. Identify the complaint and/or investigation by date, CRB number and/or PSS number.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving these objections, Defendants provide Concise Officer History Reports for each named Defendant Police Officer materials responsive to this request attached as Bates Nos. COR000084 –COR000101.

**Interrogatory No. 5 to all Officer Defendants (if Defendants intend to plead income limitations):**

Set forth by address, account number, VIN, or other description, all assets and property owned by you, whether in your name alone or in co-ownership with another, including but not limited to accounts, stocks, bonds, IRAs, pension, present value life insurance policies, real estate, vehicles of any type, including automobiles, motorcycles, boats, airplanes, and any other property of any value, titled or not titled.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and

scope, is not proportional to the needs of the case and seeks information that is not relevant. Defendants are all indemnified by the City of Rochester.

**Interrogatory No. 6 to all Officer Defendants (if Defendants intend to plead income limitations):**

Set forth all sources of income.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Defendants are all indemnified by the City of Rochester.

**Interrogatory No. 7 to all Officer Defendants:**

On the date of the incident sued upon, did plaintiff make any threats or other statements (written, oral or otherwise) to you or anyone in your presence? If so please state:

- a. the nature, substance and description of any such statement, setting forth verbatim any oral statement and providing any written or other recording, or setting forth the contents thereof verbatim, or if you cannot recall the statement verbatim, setting forth its contents as completely and accurately as possible;
- b. the identity of each person present when each such statement was made; and

6

   c. the nature, substance and description of any statement you made to plaintiff, setting forth verbatim such oral statement(s) and providing any written or other recording, or setting forth the contents thereof verbatim, or if you cannot recall the statement(s) verbatim, setting forth its contents as completely and accurately as possible

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous and to the extent that there is a more practical and less burdensome means to obtain the information sought. Notwithstanding and without waiving these or the general objections, officer defendants do not recall verbalized threats from the Plaintiff.

**Interrogatory No. 8 to Jeffrey Kester, Steven Mitchell and Matthew Drake:**

State the alleged basis for your use of force against the Plaintiff.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous and to the extent that there is a more practical and less burdensome means to obtain the information sought. Defendants also object that all named Defendants in Interrogatory No. 8 used force to stop, arrest and control the Plaintiff. Notwithstanding and without waiving these or the general objections, seethe documents previously identified in Defendants' Rule 26 disclosures, attached for convenience now bearing Bates Nos. COR000030 – COR000034 and COR000048.

Date:  August 4, 2020

                              TIMOTHY R. CURTIN,
                              CORPORATION COUNSEL

                        By: /s/ John Campolieto
                        John Campolieto, Municipal Attorney
                        *Attorney for Defendants*
                        30 Church St., Room 400A
                        Rochester, NY 14614

8

                             (585) 428-7410
                             campolj@cityofrochester.gov

To:  Roth & Roth, LLP.
      Elliot Shields, Esq.
      *Attorneys for the Plaintiff*
      192 Lexington Avenue, Suite 802
      Telephone: (212) 425-1020
      eshields@rothandrothlaw.com