**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DAVID VANN,

       Plaintiff,

       v.

THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MATTHEW DRAKE, IBM #1956, POLICE OFFICER STEVEN MITCHELL, IBM #2134, POLICE OFFICER JEFFREY KESTER, IBM #2230, POLICE OFFICER CHRISTOPHER J. BARBER, IBM #1949, POLICE OFFICER DAVID E. KEPHART, IBM #2074, INVESTIGATOR TOMESHA ANGELO, IBM #1665, TECHNICIAN STEPHANIE MINTZ, IBM #2496, SERGEANT DANIEL J. ZIMMERMAN, IBM #295, Police Officers "John Does 1-6" (whose names are currently unknown, but who are described in the complaint and in pictures attached to the complaint as exhibits), Police Officers "John Does 7-12" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department,

       Defendants.

**DEFENDANTS' ACKNOWLEDGMENT AND OBJECTION TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Case No.: 18-cv-06464

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT**

Defendant City of Rochester and all individual defendants (hereinafter "City") acknowledge and object to Plaintiff's First Set of Document Demands as follows:

**General Objections**

All responses are made without in any way waiving or intending to waive, but intending to preserve and preserving:

1

All objections to questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

The right to supplement and/or amend these answers as the Defendants' investigation, discovery and preparation for trial continues.

The Defendants object generally to each demand to the extent that it seeks discovery of:

> Confidential information, except as a suitable protective order is entered;

> Information subject to the attorney/client privilege, or any other privilege;

> Information constituting the work product of the Defendants or their attorneys;

> The Defendants object to plaintiff's document demand to the extent it purports to impose obligations not established by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western District of New York

## I. DOCUMENT REQUESTS RELATED TO THIS INCIDENT

1. All documents identified in the Interrogatories.

**Response:** See objections and responses to the foregoing interrogatories.

2. All RPD and CITY documents relating to plaintiff's arrest in this matter and subsequent prosecution.

**Response:** Defendants object to this request on the grounds that it is vague and overbroad. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will produce responsive documentation following plaintiff's delivery of a blanket release for access to any sealed records of arrest and/or prosecution.

3. Copies of all CAD reports / print-outs related to the incident.

**Response:** Response forthcoming.

4. All audio recordings from the Emergency Communications Department of the City of Rochester related to this incident.

**Response:** Response forthcoming.

5. Produce copies of all communications by each Officer Defendant and any other RPD Officers and/or City employees related to this incident, including communications made via their vehicles' Mobile Data Computer (MDC) and/or the Computer Aided Dispatch (CAD) system; text messages; emails; social media communications; interdepartmental communications, etc.

**Response:** Partial Response and objection forthcoming.

6. Audio recordings of all radio runs, 911 calls, and communications by and between RPD employees related to this incident and the surrounding circumstances.

**Response:** Response forthcoming.

7. All written or recorded statements made or given by Officer Defendants or any other member of the RPD relating to plaintiff's arrests and/or prosecutions, and the surrounding circumstances.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

      8.    All notes, documents or recordings related to any communications with the Rochester Police Locust Club regarding the incident by any Officer defendant.

**Response:** Partial Response, if any, forthcoming.   Partial objection/privilege claim forthcoming.

      9.    All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for drafting a criminal complaint against plaintiff, or any document related to plaintiff's prosecution.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

      10.    All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for testifying at the grand jury.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

      11.    All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for testifying at the grand jury.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

      12.    All documents maintained by the RPD concerning plaintiff, without date limitation, etc., pertaining to plaintiff's other arrests.

4

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

13. All communications sent or received by any member of RPD concerning Plaintiff's arrest and/or prosecution, and the surrounding circumstances.

Response: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

14. Copies of all videos related to this incident.

**Response:** Response forthcoming.

15. Color copies of all photographs of the Plaintiff from the night of the incident, including Plaintiff's mug shot and all photos taken at the scene of the incident required.

Response: Available photographs requested forthcoming.

16.     All subject resistance reports or any other document created as a result of the force used in this incident.

**Response:** See documents produced in response to the Interrogatories.

17.     Color copies of all photographs or video recordings of the scene of the plaintiff's arrest.

**Response:** Response forthcoming.

18.     The GPS records for each RPD vehicle that arrived at the scene of the incident from 11 pm on September 4, 2015 to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant.

19.     The AVL and Weather Sensor Intelligent Transportation System records for each RPD vehicle that arrived at the scene of the arrest from 11 pm on September 4, 2015 to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant

20.     All text messages from every personal and department issued cellular telephone by every defendant, without date limitation, that is in any way related to this incident.

**Response:** Partial Response, if any, forthcoming.   Partial objection/privilege claim forthcoming.

21.     All text messages from evert personal and department issued cellular telephone from every defendant officer, without date limitation, that is any way related to this incident.

**Response:** Partial Response, if any, forthcoming.   Partial objection/privilege claim forthcoming

22.     All phone call records of the individual defendants, for both personal and department issued phones, from 11 pm on September 4, 2015 to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant

23.     All emails relating to the matter sued upon.

**Response:** Partial response forthcoming and partial objection/privilege forthcoming.

24.     Produce a copy of the entire Professional Standards Section file regarding the investigation of this matter.

**Response:** Partial response forthcoming and objection/privilege frothcoming.

25.     All documents received, created, prepared or maintained by the RPD's Professional Standards Section (including, without limitation, any disposition or determination) related to this incident and the surrounding circumstances.

7

**Response:** Defendants object to this request on the grounds that it is vague and implicates the sealing provisions of CPL 160.50 and 160.55. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive documents following plaintiff's delivery of an unsealing release or order.

26. All documents concerning disciplinary or criminal proceedings contemplated or instituted against Plaintiff and/or defendants in connection with the Incident and the surrounding circumstances.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

27. All records and reports documenting plaintiff's arrest.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

28. Roll Calls for each tour covering the incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding the above objection, defendants' will provide any information concerning the roll call of the section in which plaintiff was arrested, if any.

29. Mug shots and/or Prisoner Movement slips and/or Prisoner Data Reports of Plaintiff in the possession, custody or control of Defendants, without date limitation.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.

30. The printout of the Job Card related to this incident.

**Response:** See Response to Request No. 3.

31. A clear photograph of each officer who was present at the scene or involved in the incident or investigation for purposes of witness identification.

**Response:** Defendants object to this request on the grounds that it is vague and seeks information that is not relevant.

32. All technician's Evidence and Photography reports, RPD 1201, Technician Evidence and Photo Addendum reports, RDP 1201A and the Digital Image Pack

9

Report, RPD 1350, related to this incident.

**Response:** Partial response forthcoming and partial objection forthcoming.

33. All ESI and other metadata from the memory cards/SD cards related to all photographs taken by the technicians at the scene.

Response: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these objections, defendants state that if requested information exists and a format for exchange can be agreed to, the ESI and metadata information will be turned over.

34. All ESI and other metadata from the Photo Lab's external hard drive related to the photographs of the incident.

**Response:** Notwithstanding and without waiving or otherwise limiting these objections, defendants state that if requested information exists and a format for exchange can be agreed to, the ESI and metadata information will be turned over.

35. All information and material relating to any tangible item, document or other record concerning the matter sued upon, which has been destroyed, including all information and material relating to the destruction process itself.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these

objections, defendants state that retain records in accordance with Records Retention and Disposition Schedule MU-1.

36.     With regard to each officer, agent, or employee of the Department or City who was present at or involved in the incidents sued upon, including any subsequent investigation, produce the entries of each such person including but not limited to the individually named defendant police officers in his/her records, memo books, diaries, logs, journals, emails, text messages, and calendars for that date, and all documents memorializing such person's impressions, observations, summaries, descriptions, recounting, or version of the aforementioned events.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants state that they will produce responsive documentation concerning plaintiff's September 5, 2015 arrest upon plaintiff's delivery of an appropriate unsealing order or release.

37.     Produce all medical records for Jeffrey Kester related to this incident allegedly sustained in this incident.

**Response:** Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

38. Produce all medical records for Matthew Drake related to injuries allegedly sustained in this incident.

**Response:** Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

39. For the IAPro System used by the RPD, please provide attachment, logs, routings, tasks, timescales and usage logs generated that reference this incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.

### **USE OF FORCE HISTORIES AND PERSONNEL FILES OF THE OFFICER DEFENDANTS**

40. All documents identified in the Interrogatories served contemporaneously herewith. Please be sure to specify which documents explain, support or supplement each interrogatory response.

Response: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of

the case and seeks irrelevant information. Notwithstanding this object see documents Bates No. COR00001-COR000102.

41. Every Subject Resistance Reportfor every Officer Defendant and Other Identified Officer from the date of each officer's appointment.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding this objection the City will provide this information for the officers, who used force in this incident, for the customary time period, used in discovery in the Western District, three years before ad after the incident.

42. For every Officer Defendant and Other Identified Officer: produce the Concise Officer History Report.

**Response**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce PSS records for each defendant officer concerning similar allegations of misconduct made against the officer in the three years before and after the September 5, 2018 incident giving rise to this suit. Also see documents Bates No. COR00001-COR000102 which contain the concise officer History Reports for the Officers who used force in this incident.

43.     For every Officer Defendant and Other Identified Officer produce the complete Professional Standards Section file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.  Notwithstanding and without waiving these or the general objections, defendants will produce, pursuant to an appropriate confidentiality order, PSS records for each defendant officer concerning similar allegations of misconduct made against the officer in the three years before and after the September 4, 2015 incident giving rise to this suit.

44.     For each Officer Defendant and Identified Officer produce the complete personnel file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information.  Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

45.     Produce copies of every Memorandum of Record or Counseling Memorandum documenting oral remedial instructions issued to any Officer Defendant, and the corresponding Intra-Departmental Correspondence. Also produce any written responses by the Officer Defendants.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce Memoranda, IDCs and responses concerning similar allegations of misconduct made against the defendant officer in the three years before and after the September 4, 2015 incident giving rise to this suit.

46. For every Officer Defendant and Other Identified Officer produce the complete file of any personnel investigations of any Officer Defendant that were assigned to a command other than PSS.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce records for each defendant officer concerning similar allegations of misconduct made against the officer in the three years before and after the September 4, 2015 incident giving rise to this suit.

47. For every Officer Defendant and Other Identified Officer: Produce copies of every citizen complaint from the beginning of the officers' employment with RPD to the present.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant

15

information. Notwithstanding and without waiving these or the general objections, defendants will produce copies of citizen complaints made against each defendant officer in the three years before and after the September 4, 2015 incident concerning allegations of misconduct similar to those alleged herein.

      48.     For every Officer Defendant and Other Identified Officer: Produce all records related to the counseling or disciplining of any of the Officer Defendants for any citizen complaint.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce, pursuant to an appropriate confidentiality order, records of counseling or discipline received by each defendant officer as a result of allegations similar to those alleged in this matter that were brought three years before or after the September 4, 2015 incident at issue in this suit.

      49.     For every Officer Defendant and Other Identified Officer: Produce every Command Discipline Report Form, RPD 1334, prepared for any violation committed by each from the beginning of any officer the subject officers, without date restriction.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce, pursuant to an appropriate confidentiality order, documentation

16

of any command discipline received by any defendant officer as a result of allegations similar to those alleged in the complaint and within three years before or after the September 4, 2015 incident.

50.   For every Officer Defendant and Other Identified Officer: Produce all records documenting any purging of command discipline records of any subject officer, without date restriction.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.

51.   For every Officer Defendant and Other Identified Officer: Produce All documents concerning or reflecting interviews of the Officer Defendants by supervisors or members of the Professional Standards Section in connection with any use of force incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.

52.   For every Officer Defendant and Other Identified Officer: Produce the complete Professional Development Section file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.

53.   For every Officer Defendant and Other Identified Officer: Produce copies of any documentation of meetings regarding patterns of any unsatisfactory performance

17

identified by the subject officers' evaluating supervisors, including any action plans (see GO 207 V. E. 7.). Responsive documents shall include documentation and action plans from the beginning of the Officer Defendants' employment with RPD to the present.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is unduly burdensome, is not proportional to the needs of the case and seeks irrelevant information.

**FOR QUESTIONS 54 through 66 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.

**FOR QUESTIONS 67-69 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that the information is not under the custody and control of the Defendants.

**FOR QUESTIONS 70-72 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that it requests information from previous Western

District cases, some of which has previously been disclosed to Plaintiff's Attorney and otherwise invokes privacy issues for individuals in that lawsuit.

**FOR QUESTIONS 73-82 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, is not proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that it requests information from previous Western District cases, lawsuits, arrests, some of which has previously been disclosed to Plaintiff's Attorney, implicates the sealing provisions of CPL §§ 160.50 and 160.55 and otherwise invokes privacy issues for individuals in that lawsuit, arrest, claim or complaint.

### STATISTICS AND TRACKING USE OF FORCE INCIDENTS AND OFFICER PERFORMANCE AND MISCONDUCT

**FOR QUESTIONS 83-93 the City will respond:** Partial response forthcoming and partial objection that the Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case, seeks irrelevant information and otherwise invokes privacy issues for individuals in that lawsuit, arrest, claim or complaint.

**FOR QUESTIONS 94-120 the City will respond:** Partial response forthcoming and partial objection that the Defendants object to this request on the grounds that it is

19

vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, is not proportional to the needs of the case, seeks irrelevant information.

**FOR QUESTIONS 120-124 the City will respond:** Partial response forthcoming and partial objection that the Defendants object to this request on the grounds that it is not proportional to the needs of the case and seeks irrelevant information.