**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

John Campolieto
Municipal Attorney

6162

September 4, 2020

Elliot Shields, Esq.
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, NY 10016

Re: Vann v City of Rochester, et al.

Dear Elliot:

I have included a CD with Bates Nos. COR000001 through COR0001059 which includes the City Defendants initial response to document demand.   I am also sending this by electronic mail today.   The CD includes the videos of the incident but the electronic mail does not.

Very truly yours,

John M. Campolieto
Municipal Attorney

JMC/wp
w/enclosures

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

DAVID VANN,

        Plaintiff,

**DEFENDANTS'**
**ACKNOWLEDGMENT AND**
**OBJECTION TO**
**REQUEST FOR**
**PRODUCTION OF**
**DOCUMENTS**
**Case No.: 18-cv-06464**

      v.

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER MATTHEW DRAKE, IBM #1956,
POLICE OFFICER STEVEN MITCHELL, IBM #2134,
POLICE OFFICER JEFFREY KESTER, IBM #2230,
POLICE OFFICER CHRISTOPHER J. BARBER, IBM
#1949, POLICE OFFICER DAVID E. KEPHART, IBM
#2074, INVESTIGATOR TOMESHA ANGELO, IBM
#1665, TECHNICIAN STEPHANIE MINTZ, IBM #2496,
SERGEANT DANIEL J. ZIMMERMAN, IBM #295, Police
Officers "John Does 1-6" (whose names are currently
unknown, but who are described in the complaint and in
pictures attached to the complaint as exhibits), Police
Officers "John Does 7-12" (names and number of whom
are unknown at present), and other unidentified members
of the Rochester Police Department,

        Defendants.

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENT

    Defendant City of Rochester and all individual defendants (hereinafter "City") answer and object to Plaintiff's First Set of Document Demands as follows:

**General Objections**

All responses are made without in any way waiving or intending to waive, but intending to preserve and preserving:

All objections to questions as to competency, relevance, materiality, privilege, scope, and admissibility of evidence for any purpose in any subsequent proceeding or the trial of this or any other action.

The right to object to the use of any of the answers or the subject matter thereof in any subsequent proceeding or the trial of this or any other action on any grounds.

The right to supplement and/or amend these answers as the Defendants' investigation, discovery and preparation for trial continues.

The Defendants object generally to each demand to the extent that it seeks discovery of:

Confidential information, except as a suitable protective order is entered;

Information subject to the attorney/client privilege, or any other privilege;

Information constituting the work product of the Defendants or their attorneys;

The Defendants object to plaintiff's document demand to the extent it purports to impose obligations not established by the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Western District of New York

## I.  DOCUMENT REQUESTS RELATED TO THIS INCIDENT

1.  All documents identified in the Interrogatories.

**Response:** See objections and responses to the foregoing interrogatories.  Bates Nos. COR000001 – COR000103.

2.  All RPD and CITY documents relating to plaintiff's arrest in this matter and subsequent prosecution.

**Response:** Defendants object to this request on the grounds that it is vague and overbroad. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will produce responsive documentation following plaintiff's delivery of a blanket release for access to any sealed records of arrest and/or prosecution.  Bates Nos. COR000001 – COR000103.

3.  Copies of all CAD reports / print-outs related to the incident.

**Response:** Bates Nos. COR000065 – COR00070.

4.      All audio recordings from the Emergency Communications Department of the City of Rochester related to this incident.

**Response:** No documents exist.

5.      Produce copies of all communications by each Officer Defendant and any other RPD Officers and/or City employees related to this incident, including communications made via their vehicles' Mobile Data Computer (MDC) and/or the Computer Aided Dispatch (CAD) system; text messages; emails; social media communications; interdepartmental communications, etc.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant.  No such documents have been located.

6.      Audio recordings of all radio runs, 911 calls, and communications by and between RPD employees related to this incident and the surrounding circumstances.

**Response:**    No such documents exist.

7.      All written or recorded statements made or given by Officer Defendants or any other member of the RPD relating to plaintiff's arrests and/or prosecutions, and the surrounding circumstances.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant.  Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide

documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order.  Bates Nos. COR000001 – COR000103.

8.     All notes, documents or recordings related to any communications with the Rochester Police Locust Club regarding the incident by any Officer defendant.

**Response:**   Defendants object to this interrogatory in that any correspondence with the Locust Club pertaining to this incident by an officer would be with legal counsel and would thus be privileged.  Outside of privileged documents or correspondence no such documents exist.

9.     All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for drafting a criminal complaint against plaintiff, or any document related to plaintiff's prosecution.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

10.     All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for testifying at the grand jury.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

11.     All notes, documents or recordings related to any communications or interviews with the MCDA's Office in preparation for testifying at the grand jury.

**Response:** Defendants object to this request on the grounds that it is vague, seeks materials not in the possession, custody or control of defendants, and implicates the sealing provisions of CPL §§ 160.50 and 160.55.

12.    All documents maintained by the RPD concerning plaintiff, without date

limitation, etc., pertaining to plaintiff's other arrests.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the

scope of the complaint, is insufficiently limited in time and scope, is not proportional to the

needs of the case and seeks information that is not relevant. Notwithstanding and without

waiving or otherwise limiting these or the general objections, See Bates Nos. COR000001 –

COR000103.

13.    All communications sent or received by any member of RPD concerning

Plaintiff's arrest and/or prosecution, and the surrounding circumstances.

Response: Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is beyond the

scope of the complaint, is insufficiently limited in time and scope, is not proportional to the

needs of the case and seeks information that is not relevant. Notwithstanding and without

waiving or otherwise limiting these or the general objections, See Bates Nos. COR000001 –

COR000103.

14.    Copies of all videos related to this incident.

**Response:** See Bates Nos. COR001038.  Videos on disk, with player, being delivered via

overnight.

15.    Color copies of all photographs of the Plaintiff from the night of the incident,

including Plaintiff's mug shot and all photos taken at the scene of the incident required.

Response: See Bates Nos. COR000007, COR001039-COR001059.

16.    All subject resistance reports or any other document created as a result of the

force used in this incident.

**Response:** See Bates Nos. COR000001 – COR000103.

17.     Color copies of all photographs or video recordings of the scene of the

plaintiff's arrest.

**Response:** See Bates Nos. COR001039-COR001059.

18.     The GPS records for each RPD vehicle that arrived at the scene of the incident

from 11 pm on September 4, 2015 to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is

not proportional to the needs of the case and seeks information that is not relevant.

19.     The AVL and Weather Sensor Intelligent Transportation System records for

each RPD vehicle that arrived at the scene of the arrest from 11 pm on September 4, 2015

to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is

not proportional to the needs of the case and seeks information that is not relevant

20.     All text messages from every personal and department issued cellular

telephone by every defendant, without date limitation, that is in any way related to this

incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is

not proportional to the needs of the case and seeks information that is not relevant.

However no documents were located at this time.

21.     All text messages from every personal and department issued cellular

telephone from every defendant officer, without date limitation, that is any way related to this

incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. However no documents were located at this time.

22.    All phone call records of the individual defendants, for both personal and department issued phones, from 11 pm on September 4, 2015 to 11 pm on September 5, 2015.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant

23.    All emails relating to the matter sued upon.

**Response:** Defendants object to this interrogatory, emails found regarding this incident were with legal counsel and thus privileged.  Outside of privileged documents or correspondence no such documents were located.

24.    Produce a copy of the entire Professional Standards Section file regarding the investigation of this matter.

**Response:** See Bates Nos. COR0001035-COR0001036.

25.    All documents received, created, prepared or maintained by the RPD's Professional Standards Section (including, without limitation, any disposition or determination) related to this incident and the surrounding circumstances.

**Response:** Defendants object to this request on the grounds that it is vague and implicates the sealing provisions of CPL 160.50 and 160.55.  Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive

documents following plaintiff's delivery of an unsealing release or order.  See Bates Nos. COR0001035-COR0001036.

26.    All documents concerning disciplinary or criminal proceedings contemplated or instituted against Plaintiff and/or defendants in connection with the Incident and the surrounding circumstances.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint.  Notwithstanding and without waiving or otherwise limiting these or the general objections, See Bates Nos. COR000001 – COR000103.

27.    All records and reports documenting plaintiff's arrest.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant.  Notwithstanding and without waiving or otherwise limiting these or the general objections, See Bates Nos. COR000001 – COR000103.

28.    Roll Calls for each tour covering the incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is not proportional to the needs of the case and seeks information that is not relevant.  Notwithstanding the above objection, defendants' will provide any information concerning the roll call of the section in which plaintiff was arrested, if any.  No documents have been located at this time but will be forwarded as soon as located.

29.    Mug shots and/or Prisoner Movement slips and/or Prisoner Data Reports of Plaintiff in the possession, custody or control of Defendants, without date limitation.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants will provide responsive documents concerning plaintiff's September 4, 2015 arrest following plaintiff's delivery of an unsealing release or order, See Bates Nos. COR000001 – COR000103.

30.    The printout of the Job Card related to this incident.

**Response:** See Bates Nos. COR00065-COR00070.

31.    A clear photograph of each officer who was present at the scene or involved in the incident or investigation for purposes of witness identification.

**Response:** Defendants object to this request on the grounds that it is vague and seeks information that is not relevant.

32.    All technician's Evidence and Photography reports, RPD 1201, Technician Evidence and Photo Addendum reports, RDP 1201A and the Digital Image Pack Report, RPD 1350, related to this incident.

**Response:** See Bates Nos. COR000001 – COR000103 and COR001039-COR001059.

33.    All ESI and other metadata from the memory cards/SD cards related to all photographs taken by the technicians at the scene.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these objections, defendants state

that if requested information exists and a format for exchange can be agreed to, the ESI and metadata information will be turned over.

34.     All ESI and other metadata from the Photo Lab's external hard drive related to the photographs of the incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these objections, defendants state that if requested information exists and a format for exchange can be agreed to, the ESI and metadata information will be turned over.

35.     All information and material relating to any tangible item, document or other record concerning the matter sued upon, which has been destroyed, including all information and material relating to the destruction process itself.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these objections, defendants state that retain records in accordance with  Records Retention and Disposition Schedule MU-1.

36.     With regard to each officer, agent, or employee of the Department or City who was present at or involved in the incidents sued upon, including any subsequent investigation, produce the entries of each such person including but not limited to the individually named defendant police officers in his/her records, memo books, diaries, logs, journals, emails, text messages, and calendars for that date, and all documents

memorializing such person's impressions, observations, summaries, descriptions, recounting, or version of the aforementioned events.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, implicates the sealing provisions of CPL 160.50 and 160.55, is beyond the scope of the complaint, is insufficiently limited in time and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections, defendants state that they will produce responsive documentation concerning plaintiff's September 5, 2015 arrest upon plaintiff's delivery of an appropriate unsealing order or release.

37.    Produce all medical records for Jeffrey Kester related to this incident allegedly sustained in this incident.

**Response:**  Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

38.    Produce all medical records for Matthew Drake related to injuries allegedly sustained in this incident.

**Response:** Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

39.    For the IAPro System used by the RPD, please provide attachment, logs, routings, tasks, timescales and usage logs generated that reference this incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions

of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.

## USE OF FORCE HISTORIES AND PERSONNEL FILES OF THE OFFICER DEFENDANTS

40.     All documents identified in the Interrogatories served contemporaneously herewith.  Please be sure to specify which documents explain, support or supplement each interrogatory response.

**Response**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.  Notwithstanding this object see documents Bates No. COR00001-COR000103.

41.     Every Subject Resistance Report for every Officer Defendant and Other Identified Officer from the date of each officer's appointment.

**Response**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, insufficiently limited as to time and scope, beyond the scope of the complaint, invades the privacy of non-parties to suit, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.  Notwithstanding this objection the City will provide this information for the officers, who used force in this incident, for the customary time period, used in discovery

in the Western District, three years before and after the incident.  See Bates Nos. COR00084-COR000101, COR000104-COR000420.

42.    For every Officer Defendant and Other Identified Officer: produce the Concise Officer History Report.

**Response**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce PSS records for each defendant officer concerning similar allegations of misconduct made against the officer in the three years before and after the September 5, 2015 incident giving rise to this suit.  Also see documents Bates No. COR00084-COR000101 which contain the concise officer History Reports for the Officers who used force in this incident.

43.    For every Officer Defendant and Other Identified Officer produce the complete Professional Standards Section file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.  Notwithstanding and without waiving these or the general objections, defendants will produce, pursuant to an appropriate confidentiality order, PSS records for each defendant officer concerning similar allegations of misconduct made against the officer in the three years before and after the September 4, 2015 incident giving rise to this suit. See Bates Nos. COR00084-COR000101, COR000104-COR000420.

44.    For each Officer Defendant and Identified Officer produce the complete personnel file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Defendants object to this request in that requests information outside of the scope of the Complaint and implicates the privacy provisions of HIPAA, is not proportional to the needs of the case and seeks irrelevant information.

45.     Produce copies of every Memorandum of Record or Counseling Memorandum documenting oral remedial instructions issued to any Officer Defendant, and the corresponding Intra-Departmental Correspondence. Also produce any written responses by the Officer Defendants.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce Memoranda, IDCs and responses concerning similar allegations of misconduct made against the defendant officer in the three years before and after the September 4, 2015 incident giving rise to this suit.  See Bates Nos.  COR00084-COR000101, COR000104-COR000420, COR0001037.

46.     For every Officer Defendant and Other Identified Officer produce the complete file of any personnel investigations of any Officer Defendant that were assigned to a command other than PSS.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information.

Notwithstanding and without waiving these or the general objections, defendants will

produce records for each defendant officer concerning similar allegations of misconduct

made against the officer in the three years before and after the September 4, 2015 incident

giving rise to this suit.  No such documents found.

47.     For every Officer Defendant and Other Identified Officer: Produce copies of

every citizen complaint from the beginning of the officers' employment with RPD to the

present.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, insufficiently limited in time and scope, invades the privacy interests of

defendants, is not proportional to the needs of the case and seeks irrelevant information.

Notwithstanding and without waiving these or the general objections, defendants will

produce copies of citizen complaints made against each defendant officer in the three years

before and after the September 4, 2015 incident concerning allegations of misconduct similar

to those alleged herein.  No such documents found.

48.     For every Officer Defendant and Other Identified Officer: Produce all records

related to the counseling or disciplining of any of the Officer Defendants for any citizen

complaint.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous,

overbroad, insufficiently limited in time and scope, invades the privacy interests of

defendants, is not proportional to the needs of the case and seeks irrelevant information.

Notwithstanding and without waiving these or the general objections, defendants will

produce, pursuant to an appropriate confidentiality order, records of counseling or discipline

received by each defendant officer as a result of allegations similar to those alleged in this

matter that were brought three years before or after the September 4, 2015 incident at issue in this suit.  No such documents found.

49.     For every Officer Defendant and Other Identified Officer: Produce every Command Discipline Report Form, RPD 1334, prepared for any violation committed by each from the beginning of any officer the subject officers, without date restriction.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, invades the privacy interests of defendants, is not proportional to the needs of the case and seeks irrelevant information. Notwithstanding and without waiving these or the general objections, defendants will produce, pursuant to an appropriate confidentiality order, documentation of any command discipline received by any defendant officer as a result of allegations similar to those alleged in the complaint and within three years before or after the September 4, 2015 incident.  No such documents found.

50.     For every Officer Defendant and Other Identified Officer: Produce all records documenting any purging of command discipline records of any subject officer, without date restriction.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.   No such documents found.

51.     For every Officer Defendant and Other Identified Officer: Produce All documents concerning or reflecting interviews of the Officer Defendants by supervisors or members of the Professional Standards Section in connection with any use of force incident.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.

52.     For every Officer Defendant and Other Identified Officer: Produce the complete Professional Development Section file.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is not proportional to the needs of the case and seeks irrelevant information.

53.     For every Officer Defendant and Other Identified Officer: Produce copies of any documentation of meetings regarding patterns of any unsatisfactory performance identified by the subject officers' evaluating supervisors, including any action plans (see GO 207 V. E. 7.). Responsive documents shall include documentation and action plans from the beginning of the Officer Defendants' employment with RPD to the present.

**Response:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, is unduly burdensome, is not proportional to the needs of the case and seeks irrelevant information.


**FOR QUESTIONS 54 through 66 the City will respond:**  Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information.

**FOR QUESTIONS 67-69 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not

proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that the information is not under the custody and control of the Defendants.

**FOR QUESTIONS 70-72 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that it requests information from previous Western District cases, some of which has previously been disclosed to Plaintiff's Attorney and otherwise invokes privacy issues for individuals in that lawsuit.

**FOR QUESTIONS 73-82 the City will respond:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, is not proportional to the needs of the case and seeks irrelevant information. Additionally the Defendants object in that it requests information from previous Western District cases, lawsuits, arrests, some of which has previously been disclosed to Plaintiff's Attorney, implicates the sealing provisions of CPL §§ 160.50 and 160.55 and otherwise invokes privacy issues for individuals in that lawsuit, arrest, claim or complaint.

## STATISTICS AND TRACKING USE OF FORCE INCIDENTS AND OFFICER PERFORMANCE AND MISCONDUCT

**FOR QUESTIONS 83-93 the City will respond:** Partial response forthcoming and partial objection that the Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome,

implicates the sealing provisions of CPL §§ 160.50 and 160.55, is not proportional to the needs of the case, seeks irrelevant information and otherwise invokes privacy issues for individuals in that lawsuit, arrest, claim or complaint. Notwithstanding the objection and without waiving these objections, the City of Rochester analysis of crime data, civilian complaints and PSS data is tabulated and available for viewing at the data portal accessible from the following website: https://rpdny.maps.arcgis.com/home/index.html.   Defendants also provide statistical tabulation of the Rochester Police Department Professional Standards Section Annual Reports for the year 2010 through 2017 which represent at least three years before and after the September 4, 2015 incident, See Bates Nos. COR000591-COR000689.

**FOR QUESTIONS 94-120 the City will respond:** Partial response forthcoming and partial objection that the Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, insufficiently limited in time and scope, unduly burdensome, is not proportional to the needs of the case, seeks irrelevant information.

94.   Produce all documents reflecting any policy identified in response to interrogatories.

**RESPONSE**: See Interrogatories.

95.   Produce all policy or training documents provided by the RPD and/or City from January 1, 2005 to present regarding identifying individuals suffering from mental illnesses and/or experiencing an acute mental health crisis (including but not limited to, training

concerning identification of individuals suffering from bipolar disorder and schizoaffective disorder).

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant, as the RPD and Officers were not responding to a mental health arrest on September 4, 2015. Please see the RPD's open data portal: https://rpdny.maps.arcgis.com/home/index.html for information regarding mental hygiene arrests.

96.    Produce all defensive tactics training manuals utilized by the RPD between 2005 and present, including, but not limited to the Defensive Tactics Training Manual for Public Safety Officers published by the Public Safety Training Facility of Monroe Community College, and written by Guy A. Rossi and the PSTF staff.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections Defendants produce Bates Nos. COR000421-526, COR690-1036.

97.    Provide all training documents concerning the procedures, policies, and practices of the RPD related to "pepper spray" aka Capsaicin spray, including but not limited to the "Aerosol Subject Restraint Course Instructor Guide," by the New York State Division of Criminal Justice Services.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope,

is not proportional to the needs of the case and seeks information that is not relevant. Notwithstanding and without waiving or otherwise limiting these or the general objections Defendants produce Bates Nos. COR000421-526, COR690-1036.

     98.    Produce all training and policy documents specifically concerning the taking of witness statements / supporting depositions.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.  Please see the RPD's open data portal:   https://rpdny.maps.arcgis.com/home/index.html for information regarding taking statements.

     99.    Produce all training and policy documents specifically concerning the legal and ethical requirements to provide honest and truthful testimony at the Grand Jury and/or at Trial.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

     100.   Produce all training and policy documents specifically concerning writing accurate, complete and truthful reports.

**RESPONSE**: Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope,

is not proportional to the needs of the case and seeks information that is not relevant.

101.   Produce all training and policy documents specifically concerning the collection of video evidence.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.  Please see the RPD's open data portal:   https://rpdny.maps.arcgis.com/home/index.html  for information regarding video evidence.

102.   Produce copies of all manuals and training materials outlining the duties and responsibilities of the RPD's Research & Evaluation Section.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

103.   Produce copies of all Professional Development Section training materials, Training Bulletins, Training Orders, etc., for training "raters in definitions of dimensions, methods of avoiding rater error, career counseling, and other system-specific areas." (See GO 207 V. C. 6.).

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

104.   Produce copies of all "performance assessment manuals" that lay out the guidelines to be used by evaluating supervisors. (See GO 207 V. E. 2.).

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

105.   Produce all policies and records that identify and/or describe the RPD's system of rating the performance of its officers.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

106.   Produce all policies, guidelines, rules and regulations related to the IAPro system.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

107.   Produce all policies and records related to the tracking of lawsuits and complaints against RPD officers throughout their careers.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

108.    Produce all policies, guidelines, rules and regulations related to any Early Warning System and Detection Policy (EWS) and specifically, what performance, productivity and personnel factors are included within the EWS.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

109.    Produce all records in Defendants' possession, custody or control related to the Force Science Institute Certification Course held on September 25-29, 2017 for members of the Rochester Police Department, including:

> a.    all communications between the City and/or RPD and the Force Science Institute;
>
> b.    all communications between the City and/or RPD and the Rochester Police Locust Club;
>
> c.    the roster of RPD officers who attended any portion of the FSI certification course;
>
> d.    a copy of any "sign in" and "sign out" sheets, or other records documenting the time that each RPD officer arrived and departed from each session / presentation / course;
>
> e.    all materials used during each presentation / training / course;
>
> f.    all other documents or handouts provided to attendees;
>
> g.    the name and qualifications of each instructor / presenter, and which course(s) they instructed/presented at;

        h.   copies of each certification awarded to each RPD officer;

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

110.    Produce all RPD policies and materials regarding "Defensive Tactics Training" from September 18, 2005 to present.

**RESPONSE:**    See Response to Demand 96.   The City continues to search for additional documents and will forward when located.

111.    Produce the roster of all RPD officers who served as "Defensive Tactics Instructors" from September 18, 2009 to present.

**RESPONSE:** The City continues to search for additional documents and will forward when located.

112.    Produce all RPD policies and materials regarding "Field Training Officers" from September 18, 2005 to present.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.

113.    All RPD policy and training materials regarding the use of force, including but not limited to: GO 335, GO 340 from September 18, 2005 to present.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

114.    Produce all documents that outline the RPD's policies, rules and regulations regarding the use of "de-escalation" tactics to mitigate the use of force by police officers.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

115.    Produce all training documents regarding "de-escalation" tactics to mitigate the use of force by police officers.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

116.    Produce all documents that outline the RPD's policies regarding the use of force against arrestees after they have been placed in handcuffs.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

117.    Produce all training materials regarding the use of force against arrestees after they have been placed in handcuffs.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

118.    Produce all RPD policy and training materials regarding the following offenses: resisting arrest, assault on a police officer, harassment, disorderly conduct, obstruction of governmental administration, and trespass. You may limit your response to training materials used by the RPD between September 18, 2005 to present.

**RESPONSE:** See Bates Nos. COR000421-COR000526.    The City continues to search for additional documents and will produce when located.

119.    Produce a copy of all RPD policies and training materials regarding taking / documenting / recording witness statements and/or supporting depositions.

**RESPONSE:** See Response to Demand 98. See also Bates Nos. COR000421-

COR000526.   The City continues to search for additional documents and will produce when located.


120.    Produce all documents regarding defendants' policies and practices concerning the preservation or destruction of documents.

**RESPONSE:** Defendants object to this request on the grounds that it is vague, ambiguous, overbroad, is beyond the scope of the complaint, is insufficiently limited in tem and scope, is not proportional to the needs of the case and seeks information that is not relevant.


**FOR QUESTIONS 120-124 the City will respond:** Responses not necessary as questions do not apply to this matter and Defendants object to this request on the grounds that it is not proportional to the needs of the case and seeks irrelevant information.

Date:   September 4, 2020

TIMOTHY R. CURTIN,
CORPORATION COUNSEL

S/JOHN M. CAMPOLIETO

By: /s/ John Campolieto
John Campolieto, Municipal Attorney
*Attorney for Defendants*
30 Church St., Room 400A
Rochester, NY 14614
(585) 428-7410
campolj@cityofrochester.gov

To:   Roth & Roth, LLP.
Elliot Shields, Esq.
*Attorneys for the Plaintiff*

28

192 Lexington Avenue, Suite 802
Telephone: (212) 425-1020
eshields@rothandrothlaw.com