# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

April 5, 2021

**VIA ECF and E-mail**
John Campolieto, Esq.
Municipal Attorney
City of Rochester Law Department
30 Church Street-Room 400A
Rochester, New York 14614

      Re:    *Vann* v. *City of Rochester, et al*.,
               18-cv-6464

Dear Mr. Campolieto,

    I write in response to Defendants' deficient March 31, 2021 response to Plaintiff's Requests for Production of Documents ("the response"). On December 16, 2020, we had a conference with Judge Pedersen in an attempt to resolve issues raised in Plaintiff's motion for discovery sanctions. The Court directed us to conference this matter in lieu of deciding the motion at that time. At the conference, Defendants agreed to produce documents responsive to specific requests for specific time periods, as memorialized in my December 16, 2020 letter to you and our January 27, 2021 joint letter to the Court, filed at ECF 47.

    Plaintiff has reviewed Defendants' production and it does not comply with the our agreement, which was memorialized at ECF Nos. 47 and 50.

    Below, I detail the general deficiencies in the response and the specific ways Defendants failed to comply with our December 16, 2020 and January 27, 2021 agreements.

**I. General Deficiencies**

In response to numerous demands Defendants state, "See all Shared File Links and portal links." This is improper: you must respond to each demand by specifying by bates number what documents are responsive to each demand. Since Defendants clearly did not produce these documents as they are stored in the ordinary course of business, Rule 34(b)(2)(E)(i) requires Defendants to "organize and label [the documents] to correspond to the categories in the request." Rule 34 is generally designed to facilitate discovery of relevant information by preventing "attempt[s] to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents." *Williams* v. *Taser Int'l, Inc.*, 2006 WL 1835437, at *7 (N.D. Ga. 2006). Thus, every single response where Defendants fail to state by bates number which documents are responsive to the specific request, and/or where Defendants state "See all Shared File Links and portal links" is improper.

Similarly, in response to numerous requests you state, "See Shared File 3," "See all Shared File Links and portal links", etc. First, Defendants did not label or name any of the documents produced as "Shared File", "Shared File Link" or "portal." Thus, these requests are all non-responsive, and are sending Plaintiff to "find a needle in a haystack."

Moreover, in response to nearly every demand, Defendants assert "meaningless boilerplate" objections on the alleged basis that the requests are, *inter alia*, "overly broad" and "unduly burdensome." *Fischer* v. *Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694 at *3 (S.D.N.Y. Feb. 28, 2017). It is clearly established in this circuit that such objections are no longer permissible in light of the specificity requirement under Rule 34, as amended in 2015. See *Edwards* v. *Hearst Commc'ns*, No. 15-CV-9279 (AT) (JLC), 2017 2017 WL 6458612, at *6 (S.D.N.Y. Dec. 18, 2017) ("Hearst's response to Edwards' Request 34 is unsatisfactory. Its

objections do not provide any basis for its assertion that the request is overly burdensome, and run afoul of Rule 34.").

Defendants also answered each of request by stating "subject to and without waiving objections," which violates Rule 33(b)(4) and Rule 34(b)(2)(B)'s specificity requirements, and created a veil of uncertainty leaving the purportedly reserved objections in the record.

You also reneged on the agreement reached at the December 16, 2020 and January 27, 2021 conferences to produce documents for the time period January 1, 2010 to present; Plaintiff rejects each response to the extent it purports to limit the records Defendants will produce to "the three years preceding and the three years following" Plaintiff's incident. As we discussed at the conferences, this is not the "standard" police misconduct case. This case involves broad *Monell* claims. Defendants acknowledged the relevancy of these documents at our conferences and that is why you agreed to produce documents from 2010 to present.

With respect to Defendants' responses to Plaintiff's interrogatories, Plaintiff rejects the response because Defendants failed to cure the deficiencies outlined in Plaintiff's deficiency letter and discovery sanctions motion—namely, Defendants failed to respond and object with specificity, as required by FRCP 33(b)(4).

With respect to defendants' objections based on various alleged privileges and Defendants' refusal to produce otherwise responsive documents, in addition to what Plaintiff outlines below, Defendants again failed to provide a privilege log, in accordance with FRCP 26(b)(5)(A)(ii) and Local Rule 26(d).

Lastly, Defendants continue to object and refuse to produce responsive documents on the alleged basis that they are "confidential" and that you will only produce them once a confidentiality order is signed – but the Parties executed a confidentiality order on December 13, 2019.

In short, Defendants failed to cure the deficiencies detailed in Plaintiff's deficiency letters and motion for discovery sanctions, and failed to produce responsive documents without a legal basis to do so. As a result, Plaintiff will request the Court to grant his motion for Discovery sanctions in its entirety.

## II. Defendants have failed to produce the agreed upon documents responsive to Demands No. 40–66

During the December 16, 2020 and January 27, 2020 conferences, Defendants agreed to produce documents responsive to Demands No. 40–66 by January 31, 2021. Defendants agreed to produce the personnel and disciplinary records for the named Defendants and the Other Identified Officers, who are listed in definition nos. 3 and 4 of the RFPs. We agreed that, for now, this production would be limited to 2010 to the present. Defendants failed to produce documents for this time period without explanation, causing Plaintiff additional work to review the production looking for records that were not produced. If Defendants claim they have produced said documents, please identify said documents.

Instead, on February 1, Defendants produced documents Bates No COR 1060–2702, which you stated in your email, "comprise the personnel records for the officers in relation to No. 3 and 4 of the Request for production." This inaccurate, as these documents do not "comprise the personnel records" of these officers, but instead "comprise" ***only*** the "substantiated" complaints of misconduct for currently employed officers; ***in other words, you only produced records for the cases that are published on the RPD's public database***. The only difference between your production and what is on the database is that you produced some additional records for those cases that are not published on the website, such as emails (*see, e.g.,* COR 1308). However, you failed to produce any records for any cases that are not on the RPD's

disciplinary records website, which is not complete and does not contain any of the unsubstantiated complaints.

In short, Defendants failed to produce any personnel records or records of complaints of misconduct or internal investigatory records for cases that did not conclude with a "substantiated" finding; and Defendants did not produce any records for retired officers who had serious misconduct histories– namely, Mario Masic and Thomas Rodriguez (and perhaps others). This is completely improper, as this material is relevant to Plaintiff's *Monell* claims, and fails to comport with what you agreed to produce.

You also improperly marked every single document in bates no. 1060–2702 as "confidential." As we discussed at the December 16, 2020 conference, and as stated in my November 18, 2020 letter to you, in *Casaccia* v. *City et al.*, 17-cv-6323, Judge Pedersen ruled that, in light of the legislative repeal of CRL Section 50-a, "the City Defendants may not mark any police personnel or disciplinary records, complaints of misconduct, internal investigatory records, or training materials as 'confidential' as such records are now publicly available." As discussed on the phone conference, Plaintiff agrees that certain personal information—like officers' social security numbers, home addresses, and certain medical information—should be redacted. However, the medical information of Kester and Drake related to this incident must be produced in response to RFP No. 37. We discussed that you would provide a redaction log, as memorialized in my December 16, 2020 letter, but Defendants failed to do that as well.

Defendants cannot designate every page of this production as confidential; instead, you can only mark specific pages, and portions of pages, as confidential if they contain confidential information.

## II. Improper "bulk" responses to RFPS 54–66, 67–69, 70–72, and 73–82

As stated in Plaintiff's motion for discovery sanctions, collective responses to RFPs are improper and violates Rule 34, which requires "specificity" when objecting to document requests and also requires responding parties to state whether material is being withheld based upon objection. Specifically, Rule 34(b)(2)(B) and (C) require that parties responding to document requests "state with specificity the grounds for objecting to the request, including the reasons" and also that an "objection must state whether any responsive materials are being withheld on the basis of that objection."

Here, by responding collectively, Defendants have failed to respond to "each item" and have failed to "state with specificity the grounds for objecting to the request, including the reasons." Moreover, Defendants have failed to "state whether any responsive materials are being withheld on the basis of that objection."

## III. Specific Deficiencies

### RPF 41.and 73

RFP 41 demanded "Every Subject Resistance Report for every Officer Defendant and Other Identified Officer from the date of each officer's appointment to the present."

RFP 73 demanded "every Subject Resistance Report from January 1, 2005 to present."

**Response**: In response to RFP 41, Defendants list numerous boilerplate objections and falsely assert that this demand "implicates the sealing provisions of §§ 160.50 and 160.55". The response go on to state that "Notwithstanding this objection the City will provide this information for the officers, who used force in this incident, for the customary time period, used in discovery in the Western District, three years before and after the incident."

Defendants failed to respond to RFP 73; instead, you assert meaningless boilerplate objections to RFPs 73-82, and fail to identify any specific objections to producing the demanded subject resistance reports and fail to provide the information for the agreed upon time period.

Defendants objections are meritless. As we discussed at the Court Conference on December 16, 2020 and during our telephone conversation on January 27, 2021, as memorialized in my December 16, 2020 letter to you and the letters filed with the Court at ECF Nos. 47 and 50, you already agreed to produce all Subject Resistance Reports for the time period 2010 to present. Thus, the response to this demand is inadequate for two reasons: it improperly limits the number of officers for whom you would provide Subject Resistance Reports, and it improperly limits the time period of the response to three years prior to the incident.

As we discussed on December 16, 2020 and January 27, 2021, the Subject Resistance Reports are responsive to Plaintiff's *Monell* claims. Thus, you know that you lack a good faith basis to claim this demand "is not proportional to the needs of the case and seeks irrelevant information."

Please immediately provide all subject resistance reports for 2005 to present.

**RFP 42**: For every Officer Defendant and Other Identified Officer: Produce the Concise Officer History Report.

Response: this appears to be the only response that Defendants complied with; however, notably, for Mario Masic .and Thomas Rodriguez, this was the only record provided, despite their substantial misconduct histories.

**RFP 43**: For every Officer Defendant and Other Identified Officer: Produce the complete Professional Standards Section file.

**Response**: Defendants assert numerous meaningless objections and fail to produce any responsive documents. Instead, Defendants point to the subject resistance reports that were produced, share file links, and concise officer histories, which fail to fully comply with this demand.

**RFP 44**: For every Officer Defendant and Other Identified Officer: Produce the complete Personnel file.

**Response**: Defendants repeat the response to RFP 43, which is inadequate and does not comport with the parties agreed upon scope of discovery.

**RFP 45:** For every Officer Defendant and Other Identified Officer: Produce copies of every Memorandum of Record or Counseling Memorandum documenting oral remedial instructions and the corresponding Intra-Departmental Correspondence. Also produce any written responses by the subject officer.

Response: Defendants repeat the same response to RFP 43, and failed to produce any responsive documents.

**RFP 46:** For every Officer Defendant and Other Identified Officer: Produce the complete file of any personnel investigations that were assigned to a command other than PSS.

**Response**: Defendants assert several meaningless boilerplate objections, but then state that "no such described documents found." This response demonstrates that Defendants are in possession of documents responsive to the other demands, but they are simply refusing to produce them.

**RFP 47:** For every Officer Defendant and Other Identified Officer: Produce copies of every citizen complaint from the beginning of the officers' employment with RPD to the present.

**Response**: Defendants again improperly assert boilerplate objections, but then point Plaintiff to the Subject Resistance Reports (COR 104-420), "all Shared File Links and Portal Links," and "attached complaints from 2010-2020."

This response is improper for numerous reasons, but primarily, Defendants fail to produce responsive documents. Instead, Defendants produced two lists, one of 141 Citizen Complaints, and another of 117 Internal Complaints. Defendants failed to produce the complaints themselves, as demanded.

Moreover, both lists are apparently incomplete, as they do not contain any information for several officers, such as Matthew Drake and Mario Masic.

Additionally, for no apparent reason, Defendants failed to bates number the two lists.

**RFP 48**: For every Officer Defendant and Other Identified Officer: Produce all records related to the counseling or disciplining for any citizen complaint.

**Response**: Defendants repeated the response to RFP 47, which is non-responsive.

**RFP 49**: For every Officer Defendant and Other Identified Officer: Produce every Command Discipline Report Form, RPD 1334, prepared for any violation committed from the beginning of the subject officer's employment with RPD to present.

**Response**: This response is a hodgepodge of meritless objections. First, Defendants assert boilerplate objections. Second, Defendants claim that they'll produce responsive documents after a confidentiality order is signed – but the Parties executed a confidentiality order on December 13, 2019. Third, Defendants claim to limit what documents they will produce after a confidentiality order is signed to 3 years pre and post-accident – but you already agreed to produce documents for the time period 2010 to present. And lastly, Defendants claim that no

responsive documents were found, which contradicts the prior objections about forwarding documents after a confidentiality order is signed.

In short, all the objections are meritless and Defendants apparently have not even searched for responsive documents.

**RFP 50**: For every Officer Defendant and Other Identified Officer: Produce all records documenting any purging of command discipline records of any of the subject officers, without date restriction.

**Response**: After asserting boilerplate objections, Defendants state "no such documents found." This suggests that no documents have been purged. Thus, all records of command discipline are in the possession of Defendants and must be produced in response to other RFPs.

**RFP 51:** For every Officer Defendant and Other Identified Officer: All documents concerning or reflecting interviews of the subject officers by supervisors or members of the Professional Standards Section in connection with any use of force incident.

**Response**: Again, Defendants fail to produce any responsive documents, and instead assert improper objections and point to unresponsive documents that were produced.

**RFP 52**: For every Officer Defendant and Other Identified Officer: Produce the complete Professional Development Section file

**Response**: Same response as RFP 51.

**RFP 53**: For every Officer Defendant and Other Identified Officer: Produce copies of any documentation of meetings regarding patters of unsatisfactory performance identified by the subject officers' evaluating supervisors, including any "action plans." (See GO 207 V. E. 7.). Responsive documents shall include documentation and action plans from the beginning of the Officer Defendants' employment with RPD to the present.

**Response**: After asserting boilerplate objections, Defendants claim "No such documents found".

This response is incredible and unbelievable in light of the list of internal and public complaints that were previously provided by Defendants herein.. First, these "action plans" are required to be completed pursuant to RPD General Order 207, which was cited in the demand. Thus, please provide an affidavit of search from a proper RPD official regarding the non-existence of any responsive records, or produce all the responsive records.

## Conclusion

As outlined herein, Defendants have failed to cure the deficiencies outlined in Plaintiff's motion for discovery sanctions. For these reasons, Plaintiff will request the court to grant our motion at the April 6, 2021 conference Thank you.

I remain,

Very truly yours,

~//s//~

Elliot D. Shields