UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID VANN,

                     Plaintiff,                     DECISION AND ORDER

vs.                                         18-CV-6464-EAW-MJP

CITY OF ROCHESTER, et al.,

                     Defendants.

_____

**Pedersen, M.J.** Presently before the Court is plaintiff David Vann's ("Plaintiff") motion to compel and motion for discovery sanctions. (ECF No. 45.) The undersigned held a lengthy conference with counsel for both parties on April 6, 2021, during which the issues raised in Plaintiff's motion to compel were addressed. The Court ordered the parties to confer and draft a proposed order memorializing the Court's orders and agreements reached between the parties regarding the motion to compel issues during the conference. The only issue remaining for the undersigned to decide is Plaintiff's motion for sanctions.

## FACTUAL BACKGROUND

On June 18, 2020, Plaintiff made a motion to compel responses to his First Set of Requests for Production of Documents, First Set of Interrogatories to the Defendant City, and First Set of Interrogatories to the Officer Defendants, which were filed on April 16, 2020. (Shields Decl. at 6, dated Jun. 18, 2020, ECF No. 41-

1

1.[1]) In the declaration submitted in support of the motion, Plaintiff's counsel referred to the numerous times he contacted Defendants' counsel to which defense counsel either failed to respond or represented that Defendants would provide responses, which did not occur. (Shields Decl. at 6–8.)

In granting the unopposed motion to compel, the undersigned ordered Defendants to respond to Plaintiff's discovery demands within fourteen days of the order. (Text Order granting motion to compel, Jul. 21, 2020, ECF No. 43.) On August 4, 2020, Defendants provided responses to Plaintiff's First Set of Interrogatories to the Defendant City and First Set of Interrogatories to the Officer Defendants in accordance with the undersigned's July 21, 2020 text order. (Shield's Second Decl. at 3[2], dated Dec. 7, 2020, ECF No. 45-2.) In addition, Defendants requested additional time to respond to Plaintiff's First Set of Requests for Production of Documents, to which Plaintiff agreed to give Defendants one week to respond to the requests and 21 days to provide documents. (*Id.* at 3.) Defendants provided responses to First Set of Requests for Production of Documents on September 4, 2020. (*Id.*)

On October 8, 2020, Plaintiff served his First Set of Requests for Admission, to which Defendants have not yet responded. (*Id.* at 4.) On November 19, 2020, Plaintiff's counsel wrote to defense counsel requesting responses to Plaintiff's First

---

[1] References to page numbers are made to page numbers automatically assigned when the document was electronically filed on CM/ECF, which can be found in the upper righthand corner of each page.

[2] *See* footnote 1.

2

Set of Requests for Admission and to remedy deficiencies in Defendants' responses to Plaintiff's First Set of Requests for Production of Documents, First Set of Interrogatories to the Defendant City, and First Set of Interrogatories to the Officer Defendants, to which Plaintiff's counsel received no response. (*Id.*) This prompted Plaintiff to file the instant motion.

## ANALYSIS

"Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of a variety of different sanctions on a party who fails to comply with his or her discovery obligations." *Richard v. Dignean*, No. 11-CV-6013W, 2017 WL 3083916, at *3 (W.D.N.Y. Jul. 20, 2017); *see Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("A party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37."). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied* 528 U.S. 1119 (2d Cir. 2000); *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37....").

> In imposing Rule 37 sanctions, ... courts properly consider various factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance."

*Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).

"Disciplinary sanctions for failure to comply with Rule 37 are intended to serve three purposes." *Arnold v. Krause, Inc.*, 233 F.R.D. 126, 129-30 (W.D.N.Y. 2005).

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

Further, "if parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (quotation omitted).

The Court is troubled by Defendants' unresponsiveness to Plaintiff's repeated correspondence, as well as Defendants' failure to follow through on providing promised discovery. While the undersigned finds that sanctions are not warranted as Defendants did comply with the July 21, 2020 order to provide responses to Plaintiff's discovery demands, though those responses have been deemed insufficient by Plaintiff, the undersigned cautions Defendants that further conduct of the nature described above may result in sanctions. Finally, Plaintiff is directed to the undersigned's preferences regarding initially advising the Court of

discovery disputes via letter so that the undersigned can attempt to resolve any issues informally prior to the parties' incurring expenses of formal motion practice.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for sanctions (ECF No. 45) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   April 13, 2021
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge