# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

June 20, 2022

**VIA ECF**
Hon. Mark W. Pedersen
United States Magistrate Judge
2720 U.S. Courthouse
100 State Street, Rochester, NY 14614

        Re:        *Vann* v. *City of Rochester et al*,
                      18-cv-6464 (EAW)(MJP)

Dear Judge Pedersen,

      I represent the plaintiff in this case. I write to request a conference with the Court to help the parties resolve a discovery dispute regarding depositions. On Friday, June 17, 2022, Defendants abruptly cancelled the deposition of Defendant Matthew Drake, which was scheduled for today, Monday June 20, 2022. Defendants are also refusing to proceed with the deposition of Defendant Steven Mitchell on Friday June 24, 2022, unless plaintiff agrees to certain unreasonable limitations on how the properly noticed video deposition is conducted.

      Specifically, Defendants are refusing to proceed with the video-recorded deposition, to be conducted virtually by Zoom, unless Plaintiff agrees not to display exhibits using the "screen share" function. Defendants claim that using the screen share function during the video-recorded deposition "improperly" makes the exhibits "part of the record." But this is meritless because any exhibit introduced at any deposition is "part of the record".

      The City claims that if the video deposition is used at trial, "the video will show the document (a) before the document has been entered into the record, (b) with the testimony as if it is part of the officer's testimony/deposition, and/or (3) even if/when the document has been excluded from the record."

      The City's claims are untenable for several reasons. First, Federal Rule of Civil Procedure 30(b)(3)(A) specifically permits the deposition to be recorded by "audiovisual means". Moreover, as the Notes of Advisory Committee on Rules notes, "A party choosing to record a deposition only by videotape or audiotape should understand that a transcript will be required by Rule 26(a)(3)(B) and Rule 32(c) if the deposition is later to be offered as evidence at trial or on a dispositive motion under Rule 56." Rule 30. Depositions by Oral Examination, available at https://www.law.cornell.edu/rules/frcp/rule_30. Here, the City ignores the fact that in addition to being recorded by video, Plaintiff has also had the Court reporter simultaneously

record the deposition by stenographic means and create a written transcript of every deposition. Thus, if the deposition testimony must be used at trial or on a dispositive motion, the parties may use the written transcript.

Second, all questions regarding admissibility of the video deposition, in whole or in part, including any deposition exhibits, are reserved for the time of trial and would be the subject of motions *in limine*. This includes all objections to whether a proper foundation was laid for introduction of any exhibit.

Third, the City's proposed solution is unnecessary and unworkable. The City proposes that instead of using the "screen share" function, I email the exhibits to the City for them to display to the witness on a separate device. This suggestion is unnecessary, will delay the deposition, and will not work for video exhibits. For example, in this case, in the deposition of Adam Brodsky, I used the share screen function to display the video of the incident and then asked Brodsky questions about the video. To ask the witness questions about the video, I need to have ability to control the video as it is played. For example, in Brodsky's deposition, I asked him to identify numerous officers as they arrived at the scene in quick succession, which required me to play and pause the video. (*See, e.g.*, the video recording of Adam Brodsky's deposition at 1:39:55 to 1:50:15: https://www.dropbox.com/s/647ap88pgcekgwq/GMT20220323-190410_Recording_1920x1080.mp4?dl=0)

Defendants have not, and cannot, cite to any rule that prohibits displaying exhibits using the screen share function on Zoom, or otherwise displaying exhibits in the video recording of a deposition. There is nothing improper about displaying the exhibits, including documents and videos, by using the share screen function in Zoom. Notably, every court reporter that your undersigned has worked with displays exhibits during virtual depositions on Zoom by using the share screen function, because it is simply the most practical way to ensure that every party is looking at the same exhibit, to direct the deponent to certain portions of the exhibit, and to question the deponent about the exhibit.[1]

It is within this background that Plaintiff requests a conference with the Court to resolve this dispute prior to Friday's deposition of Defendant Steven Mitchell.

Respectfully Submitted,

~//s//~

Elliot Dolby Shields

CC: All Parties (via ECF)

---

[1] See, e.g., Enright Court Reporting, https://www.enrightcorp.com/zoom-videoconferencing-tutorial/; Veritext Court Reporting: https://www.primerus.com/files/Veritext%20Remote%20Depositions%20CLE.pdf; Esquire Deposition Solutions, https://www.esquiresolutions.com/wp-content/uploads/2020/11/EDS-2020-Exhibit-Presentation-for-Remote-Depos-v8-no-outline.pdf.