**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

John M. Campolieto
Municipal Attorney

June 23, 2022

**VIA FACSCIMILE**

Hon. Mark W. Pedersen
U.S. Magistrate Judge
2720 U.S. Courthouse
100 State Street, Room 1400
Rochester, New York 14614
Fax No. (585) 613-4055

Re:  *Vann v. City of Rochester, et al.*
     Case No.: 18-cv-6464

Dear Judge Pederson:

I represent the City Defendants in Vann v. City of Rochester, (case no. 18-cv-6464) the case *Dempsey v. City of Rochester* (case no. 6:19-cv-6780, the City is represented by Peachie Joenns ) has a similar discovery dispute regarding recording the Zoom application as a deposition is taking place.

Peachie Jones and Corporation Counsel Linda Kingsley were invited by the Court to attend the conference regarding the deposition issue which is taking place today. This conference was initially set up in an attempt to resolve disagreements about recording by the Zoom application during a deposition. (Mr. Shields is also Plaintiff's counsel in *Dempsey*.) Peachie Jones first raised the issues described by Mr. Shields in his June 20, 2022 letter to the Court [*Vann*, ECF 74] within the context of *Dempsey,* and the City's position quoted in the third paragraph of counsel's letter came from Ms. Jones and not myself

The City objects to the manner by which Mr. Shields videorecords remote depositions.

The court reporting company utilized by Mr. Shields' law firm declines to employ a videographer, and simply records the entire Zoom meeting. As such, the videorecording predominantly displays any exhibit being shared on the computer screen and places the speaker (alternating between deponent and Plaintiff's counsel) in the upper-right hand corner as shown below (from a June 3, 2022 by Mr. Shields):[1]

---

[1] City maintains (and does not waive) its objections to the videorecording and future use of the June 3, 2022 deposition.



Given the court reporting company's method of videorecording, the City asked Plaintiff's counsel to not utilize his screen to share exhibits in an upcoming deposition, so that the deponent remained the principal image on the screen. (Our concerns about the exhibits being entered or regarded as evidence are related to and arose out of these concerns.) Should the videorecorded deposition be played at trial, the deponent should be the focus of the video. To achieve this end, City counsel offered to display the exhibits on a separate computer screen, after counsel sent the exhibits that morning or one-by-one.

Contrary to Plaintiff's counsel protests, these are acceptable alternatives. Two of the three court reporting companies linked and referenced by Mr. Shields (in footnote one on page two) indicate exhibits may be distributed in advance, one-by-one, or via screen share. (Veritext Court Reporting, pg. 24, and Esquire Solutions, pg. 1). Only Veritext, however, acknowledges the unique issues of *videorecording* a remote deposition (Veritext Court Reporting, pg. 24), and indicates that the deponent should remain primarily in view (Veritext Court Reporting, pg. 54-55). Thus, in the context of *recorded* remote depositions, screen share is the least preferred method.

Critical to this dispute is the fact that "[a] videoconference deposition is not the same as a video-recorded deposition." *Alcorn v. City of Chicago,* 336 F.R.D. 440, 444 (N.D. Ill. 2020). City counsel would not have these objections if counsel were not attempting to "preserve the deposition in video format that could one day serve as substitute for live testimony." *Id.* In *Alcorn*, the Northern District of Illinois addressed the propriety and admissibility of videorecordings via the Zoom platform before depositions were held. *Id.* at 442. In discussing the importance of certified recordings (by a videographer),[2] the Court said, "[i]t is a certified videographer who has the appropriate training to serve as the Rule 28 officer, and ensure that a video deposition is properly recorded with established procedures to go on or off the record, limit noise and interruptions, address technical glitches, and frame the camera view on the witness." *Alcorn,* 336 F.R.D. at 443. Indeed, the Federal Magistrate Judge in *Alcorn* ordered the participants to "focus the camera view solely on the witness for the entirety of the deposition." *Id.* at 444.

Defendants' counsel are open to other methods by which Plaintiff can ensure that the deponent remains the only or principal image in the videorecording. If Plaintiff's counsel

---

[2] Plaintiff's counsel has not provided a certification for the videorecording of a June 3, 2022 deposition. Defense counsel do not know if Plaintiff intends to satisfy this requirement for these upcoming depositions.

utilized a videographer—in-person—the videographer would be able to ensure the deponent is the focus of the recording, even while the other participants view documents being shared via the computer screen.   *Alcorn*, 336 F.R.D. at 444-445; *but see Derrick Schaeffer v. City of Chicago*, No. 19-C-7711, 2021 U.S. Dist. LEXIS 158162, at * (N.D.Il. January 22, 2021)(requiring Zoom to be focused on witness throughout deposition but reserving admissibility determinations for later).

The City thanks the Court for its consideration in resolving this dispute in advance of upcoming depositions by Plaintiff's counsel in *Dempsey* and *Vann*.

Respectfully submitted,

/s/ John M. Campolieto

John M. Campolieto
Municipal Attorney


Xc:  Elliot D. Shields, Esq.  )