UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID VANN,

                                        Plaintiffs,        MEMORANDUM OF LAW IN SUPPORT OF PROTECTIVE ORDER AND IN OBJECTION TO CROSS-MOTION TO COMPEL

    v.                                                  Civ. No.: 18-cv-06464

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER MATTHEW DRAKE, IMB #1956,
POLICE OFFICER STEVEN MITCHELL, IMB #2134,
INVESTIGATOR JEFFREY KESTER, IMB #2230,
SERGEANT JEFFREY LAFAVE, II, IMB #1634,
POLICE OFFICER DAVID E. KEPHART, IMB #2074,
POLICE OFFICER ADAM BRODSKY, IMB #2478,
POLICE OFFICER TIMOTHY DEMPSEY, IMB #2122,
INVESTIGATORY CHRISTOPHER MUSCATO, IMB #1331,
CAPTAIN GARY MOXLEY,
POLICE OFFICER ANGEL PAGAN, IMB #2421,
POLICE OFFICER CHRISTOPHER J. BARBER, IMB #1949,
SERGEANT DANIEL J. ZIMMERMAN, IMB #295,
POLICE OFFICER ERIC MCGRAW, IMB #2131,
SERGEANT JOSEPH LAIOSA, IMB #1180,
INVESTIGATOR TOMESHA ANGELO, IMB #1665,
TECHNICIAN STEPHANIE MINTZ, IMB #2496,
Police Officers "John Does 1-10" (whose names are currently unknown), and other unidentified members of the Rochester Police Department, THE COUNTY OF MONROE,
SANDRA DOORLEY, individually and as District Attorney of the County of Monroe, and MICHAEL HARRIGAN, as an employee of the Monroe County District Attorney's Office and Individually,

                                                         Defendants.
_____

**PROCEDURAL HISTORY**

      The procedural history of the discovery dispute at issue is stated fully in the Attorney Declaration of John Campolieto, accompanying this Memorandum of Law to the City's original Motion for a Protective Order.  Additionally, City of Rochester

Corporation Counsel, Linda Kingsley, Municipal Attorneys John Campolieto and Peachie Jones (*Municipal Attorney in the Dempsey v. City of Rochester matter, 19-cv-6780*), attended the June 23, 2022 conference and explained the concerns related to depositions which run through all the cases in which the City of Rochester is a defendant and the Plaintiff's attorney has brought the case (numbering over forty separate matters).

## REPLY ARGUMENT

## MOTION FOR A PROTECTIVE ORDER

The City of Rochester, and all City of Rochester Police Department employees individually named ("collectively and hereafter "the City") seek a Fed. Rules Civ. P. R. 26 (b)(1) protective order for depositions which will occur in this matter and originally sought a template for stipulated orders to be used in other Western District matters brought by the Plaintiff's attorney Elliot Shields against the City of Rochester. The stipulated order has been agreed to by the Plaintiff's attorney in the *Dempsey v. City of Rochester matter, 19-cv-6780.* In that specific case the City did not insist on a confidentiality provision, it does here.

The requested confidentiality provision, for the protective order, seeks only to declare the deposition testimony confidential and prohibit dissemination of any video, photograph or testimony made during any of the depositions. Additionally, the City is seeking that the parties follow the statutory requirements during all depositions:

- A court reporter/stenographer will create a stenographic record of the deposition.

- The deposition will be governed by Rules 28, 29, and 30 of the Federal Rules of Civil Procedure. Local Rules 30 (c)

The City requests that the protective order state that If a deposition is to be video-recorded:

- The video-recording will also be governed by Rule 30(c) of the Local Rules of Civil Procedure;
- Any Videographer will be informed of the requirements of the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, and this Stipulation, and will obtain the Videographer's written agreement to comply with all three;
- The Videographer will not record off-the-record portions of the deposition;
- ***The Videographer will maintain confidentiality of both the information disclosed in the deposition and the video-recording created;*** and
- The Videographer will not be a client of Mr. Shields or Roth and Roth LLP, or a plaintiff in any litigation against the City of Rochester.
- The Parties and Videographer will not share any portion or reproduction of the deposition—including the transcript, information heard during the deposition, video-recording, and still photographs derived from the video-recording—with non-Parties to this case, nor utilize any portion or reproduction of the deposition transcript, video-recording, and still photographs derived from the video-recording for any purposes other than litigating this case and that any of the aforementioned information from the

deposition will be deemed confidential pursuant to the confidentiality agreement. Confidentiality Agreement attached as <u>Exhibit A</u> to the Attorney Affirmation.

**CONFIDENTIALITY OF DEPOSITION INFORMATION**

As the Court is aware, after the concerns of the recorded deposition were raised, and the recording objected too, at the initial two depositions in this case, a second issue arose, of much greater concern to the City of Rochester and its witnesses. On the eve of the parties June 23, 2022 conference with the Court regarding the issue of Zoom Application recorded depositions, a still-photograph from a police officer deposition in the *Dempsey* case was published to social media. From the statements of Plaintiff's counsel at the conference, Plaintiff's counsel sent the photograph to a former client currently suing the City of Rochester in another matter, obtained from the Zoom recording of his June 2, 2022 deposition of a police officer in the *Dempsey* matter. The client posted the photograph to social media that night. See *Exhibit C* to the Initial Attorney Affirmation. Within one day the still-photograph of the police officer was reacted to over 300 times, shared 175 times and garnered over 100 comments. See *Exhibit D* to the Initial Attorney Affirmation for a sampling of the comments to the photograph.

As described above, Plaintiff's counsel recently demonstrated—poor judgment---- when he sent the screenshot of a deponent-officer to his client in a separate, unrelated matter. That client posted the screenshot on Facebook along with his complaints from a recent interaction with that police officer. **The number of people who saw the post is**

**not able to be totaled but the harm and danger to the police officer-deponent is.** Significantly harmed and prejudiced by the conduct of the Plaintiff's Attorney, the City removed the officer from patrol for his safety. The Locust Club, the union which represents City of Rochester Police Officers, raised concern about the safety of its members and their families. The current significant anti-police sentiment, specifically in the City of Rochester, at this time, and the Plaintiff's Attorney's involvement with numerous individuals who have interacted with the Rochester Police Department during the past three years creates a unsafe and unsettling litigation process when the deponents employed at the City of Rochester, including mostly Rochester Police Department Officers.

In cases brought by the Plaintiff's counsel, the environment created by on-line depositions, through the Plaintiff's Attorney's involvement in many police litigation matters in Rochester, the posting of such photographs, obtained during a deposition, presents dangers to police officers and their families and becomes a major deterrent in obtaining efficient cooperation from many witnesses who will be called for depositions in these cases.

The City seek to prevent the further weaponization of images and materials obtained by Plaintiff's counsel in the course of litigation by including the confidentiality provision for any information obtained at these depositions. Additionally, as will be discussed below, mandating that all depositions in this case be conducted in person for the efficiency of the litigation process.

The Western District of New York has granted a protective order barring the videotaping of police officers' depositions, noting the risk of both exposures to public

opinion and identification as undercover narcotics investigators. *Arroyo v. City of Buffalo*, No. 15-cv-753A, 2017 U.S. Dist. LEXIS 113257, at *62 (W.D.N.Y. July 20, 2017) (citing to *Paisley Park Enters. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349-50 (SDNY 1999) (permitting video-recording of the deposition of The Artist Formerly Known as Prince by a videographer, but restricting use of video-recording to "solely for purposes of this litigation" given counsel's commercial interest in the case). In contrast to the officer's legitimate safety concerns, the *Arroyo* plaintiff did not explain a need for video-recording or suggest officers would not be available at trial. *Id.* at 62-63. Moreover [in *Arroyo*], plaintiff's counsel posted the officer's home address on Facebook, which further undermined "any apparent litigation need" for video-recording officer depositions. *Id.* at 63. Here, in *Vann,* it is similar to *Arroyo*, in that Plaintiff's counsel seeks to video-record police officers' depositions, prior to deciding whether he may even need them at trial, and after he gave/disseminated an image from a video-recorded officer-deposition to a third-party, who posted the image on Facebook and Instagram with allegations of a pattern of unlawful force by the officer. Also similar to *Arroyo*, Plaintiff's counsel—within the present anti-police public sentiment—has displayed non-litigation motivations for video-recording depositions. Plaintiff's counsel is currently litigating at least forty cases against the City of Rochester Police Department, including many from the September 2020 protest cases but also numerous other cases. The City is concerned that information obtained in this case or other cases brought by the Plaintiff's Attorney will be used to stoke anti-police sentiment, much like the deposition-screenshot that accompanied unproven grievances or allegations against an officer.

"[C]ourts must be vigilant to ensure that their processes are not used improperly for purposes unrelated to their role." *Paisley Park Enters.*, 54 F. Supp. 2d at 349. Including a confidentiality provision for cases in the matter to prevent such harm, as discussed above, and Plaintiff's attorney serving needs unrelated to this case permits, Plaintiff to fully litigate this matter while preventing abuse of the judicial process and promoting police officer safety.

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
## REMOTE DEPOSITIONS SHOULD PROBITED IN THIS MATTER

Throughout the past year, the City Law Department has consented to remote depositions in Federal Court due to various "states of emergency" or concerns due to the COVID-19 epidemic. At this time, though still present, people have learned and are able to live with the COVID-19 concerns and functions of daily life have returned to normal status. Specifically, the court systems, both State and Federal have returned to open-court operations; schools and other places of business are conducting normal in-person operation.

The depositions for this matter initially started as remote with the initial two depositions being conducted remotely but no stipulation was signed by the parties agreeing to only remote depositions. The City is not conducting remote depositions for all police related cases. The City is permitting cases which do not involve police action to be conducted remotely because such cases do not involve any anti-police sentiment nor the emotional responses, which police cases do.

Plaintiff cites the *Robert Smalls Inc. v. Hamilton, 2010 US District Court LEXIS 59023* and *Guillen v. Bank of Am. Corp, 2011 US District Court LEXIS 148405*. Both of these cases are inapplicable here. First-these cases are dealing specifically with fiscal torts or collection actions. They are not police cases. Second, the circumstances of these cases are so different as to make them not relevant. The cases involve a party seeking Rule 30(b)(4) alternate means depositions but the applicability is not similar. Here we have an attorney arguing for remote depositions for his financial benefit but the plaintiff, the court and the multiple defendants are in Rochester. The good cause argument is not for the plaintiff, the court or the defendants, it specifically about the attorney. Saving the attorney for a party money, time and allowing him to work efficiently on his other cases does not raise to a good cause argument, that is as preposterous a good cause argument that can be made.

The burden shifting of *Kaseberg v, Conaco, LLC, 2016 US District Court LEXIS 117667*, if the Court decides to accept this principals set out in this California case, demonstrate a burden shift. After a purported good cause showing by the movant, the responding party needs to show prejudice. In the case here, the City rejects the Plaintiff's Attorney's good cause position that the attorney desires to save travel money, time for work on other legal cases, etc. The attorney in this case is the only aspect of this matter that does not reside in the City of Rochester, the good cause argument has nothing to do with the Plaintiff, the Defendants or the Court, which all are resident in the City of Rochester.

The City also asserts that the Plaintiff's attorney should not be allowed to propose/ make a good cause argument because:

- Plaintiff's attorney has chosen the Rochester community and specifically the City of Rochester and the Rochester Police Department as chosen defendants in its litigation practice. They have over 40 cases against the City of Rochester alone, they are invested in targeting the City of Rochester and the Rochester Police Department as a defendant and have chosen to sue not only in this case but many others in this venue.

- Plaintiff has co-counsel in the City of Rochester, though not listed as attorney of record in this case, in all of this firm's protest cases, and other cases against the City, the Roth and Roth firm has listed Donald M. Thompson of the Easton, Thompson, Kasperek, Shiffrin, LLP, as co-counsel. Making full use of that firm and its facility in their litigation efforts against the City of Rochester and the Rochester Police Department.

Here, even without the showing of good cause by the Plaintiff's Attorney, the litigation efficiency and prejudice to the City of Rochester and their police officers is the issue and is glaring. The prejudice in this litigation, by the use of remote depositions, can harm and has harmed the defendants in this matter and the demonstrated harm against the officer in the *Dempsey v. City of Rochester matter, 19-cv-6780*.

The Plaintiff's counsel abused the deposition process across cases, by using the remote deposition process and the multiple cases he has against the City of Rochester in the *Dempsey* case. He has brought multiple cases against the City of Rcohster involving only police officers and police interaction. The Plaintiff's attorney has communicated with local reporters and city officials and discussed his lawsuits on multiple

occasions and on multiple case. These are not dispersions on the Plaintiff's attorney but simply facts. It is a pattern of the use of depositions, information garnered from other case and shows the prejudice to the City and the CItyy Police Officers who have been deposed by remote means.

The prejudice shown and discussed with the Court at the conference regarding the screenshot of a deponent-officer Plaintiff's Attorney showed and sent to his client in a separate, unrelated matter, is the prejudice. That client posted the screenshot on Facebook along with his complaints from a recent interaction with that police officer. **The number of people who saw the post is not able to be totaled but the harm and danger to the police officer-deponent is.** Significantly harmed and prejudiced by the conduct of the Plaintiff's Attorney, the City removed the officer from patrol for his safety. The Locust Club, the union which represents City of Rochester Police Officers, raised concern about the safety of its members and their families. The current significant anti-police sentiment, specifically in the City of Rochester, at this time, and the Plaintiff's Attorney's involvement with numerous individuals who have interacted with the Rochester Police Department during the past three years creates a unsafe and unsettling litigation process when the deponents employed at the City of Rochester, including mostly Rochester Police Department Officers.

In cases brought by the Plaintiff's counsel, the environment created by on-line depositions, through the Plaintiff's Attorney's involvement in many police litigation matters in Rochester, the posting of such photographs, obtained during a deposition, presents dangers to police officers and their families and becomes a major deterrent in obtaining

efficient cooperation from many witnesses who will be called for depositions in these cases.

## PREVIOUS STATE COURT ORDER NOT RELEVANT

The state court ruling was specific in time and concern applicable to state cases only. It is of no relevancy to this motion or the City conducting police officer depositions only in-person. The decision in February of 2021, at the height of the COVID-19 panic, which states that it is for state court cases only does not bear on a motion to compel remote police officer depositions in federal court. This case is over a year and a half removed from the current state of court operations where the courrt's have resumed normal operation. The use of this decision and order is a reminder that the Plaintiff's attorney uses the information he has gleaned from other cases for non-litigation and unrelated litigation which is similar to the City's showing of prejudice and a need for in-person deposition and a confidentiality provision in the protective order.

**RULE 26(c) PROTECTIVE ORDER AND DENIAL OF THE PLAINTIFF'S REQUEST FOR REMOTE DEPOSITIOSN**

The City is seeking to have depositions in the Vann matter, and other litigation brought by Plaintiff's attorney, placed under guidelines and procedures pursuant to a Rule 26(b)(1) Protective Order. The Supreme Court of the United States has authorized such a protective order to prohibit dissemination of materials obtained through the discovery process. Such a protective order must be predicated on a showing of sufficient harm,

posed by such dissemination, and then narrowly drawn to protect against said harm. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20.  Fed. R. Civ. P. R. 26(c) provides broad discretion to the trial court to decide when a protective order is necessary and what degree of protection is required.   *Naquib v. Public Health Solutions*, 2014 U.S. Dist. LEXIS 73608. The proceeding record in this matters shows that the Plaintiff's attorney has treated the depositions, and information gained in the depositions, callously, and without regard for the potential harm to the witnesses being deposed.   The City has made a particularized showing for the need of a protective order in this matter and seeks the protective order to contain a limited confidentiality provision.

The City request that the Court deny the Plaintiff's motion to compel remote depositions based upon his failure to provide good cause as the ALL the defendants, the plaintiff and the Court reside or work in the City of Rochester.   This motion is based on a desire for the Plaintiff's attorney to practice in the City of Rochester without being in the City of Rochester despite the clear showing of how he prejudices the participants in the litigation, including the police officer deponents, witnesses and named parties.

**WHEREFORE**, it is respectfully requested that Defendants' Motion for a Protective Order be granted, in-person depositions mandated for City police officers and a denial of the Motion to Compel, together with such other and further relief as the Court deems just and proper.

Dated: August 3, 2022

LINDA S. KINGSLEY,
CORPORATION COUNSEL

/s/
_____
BY: John M. Campolieto, Esq., of Counsel
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To: Eliot Dolby Shields
     192 Lexington Avenue, Suite 802
     New York, N.Y. 10016
     (212) 425-1020