# ROTH & ROTH, LLP
192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

December 7, 2022

**VIA E-mail**
John Campolieto, Esq.
Municipal Attorney
City of Rochester Law Department
30 Church Street-Room 400A
Rochester, New York 14614

Re: *Vann* v. *City of Rochester, et al.*,
18-cv-6464 (EAW) (MJP)

Dear Mr. Campolieto,

I write to follow up on our conversation from earlier today regarding the conduct of depositions in this case. Please let me know by this Friday, December 9, 2022 whether you agree to the below proposed stipulated terms regarding the making of objections at depositions in this case.

As you know, at the deposition of defendant Investigator Christopher Barber on December 5, 2022, you made speaking objections and directed the investigator not to answer certain questions. I informed you that your speaking objections were improper, and that your direction to the witness not to answer the question about former police chiefs was sanctionable. *Weinrib* v. *Winthrop-University Hosp.*, No. 14 CV 953, 2016 WL 1122033, at *3 (E.D.N.Y. Mar. 22, 2016) ("[R]elevance or the lack thereof does not provide a basis to direct a witness not to answer a question."); *Sokn v. Fieldcrest Community Unit School District*, 2014 WL 201534 (U.S.D.C. Ill. Jan 17, 2014) (defense counsel improperly directed deponent to cut off answer, and then improperly objected when plaintiff's counsel tried to get the witness to finish answer; held, it is clear defense counsel was trying to impede plaintiff's counsel from getting complete response from the witness, which is sanctionable misconduct)

I then called the Court to seek a ruling from Judge Pedersen. I spoke with his clerk, Ms. Gleason, who informed me she would pass along my request for a ruling to Judge Pedersen. Several minutes later, Judge Pedersen arrived in person at City Hall and heard arguments about your objections and your direction to Investigator Barber not to answer certain questions. Judge Pedersen ruled that the objection and direction not to answer was improper.

Earlier in this case, at the depositions of defendants Police Officer Adam Brodsky on March 23, 2022 and Investigator Tomesha Angelo and March 24, 2022, you also made numerous improper objections. I reviewed the transcripts of Brodsky and Angelo, and have attempted to catalogue all the improper objections:

Brodsky: 25:13-15, 30:10-31:12, 37:11-20, *40:21-42:25,* 89:2-9, *91:10-93:5,* 97:5-23, 102:5-17, 107:3-5, 118:15-23, 135:2-136:2.

Angelo: 16:7-10, 19:6-9, 20:3-8, 32:20-25, 42:10-16, 48:14-49:10, 53:21-54:25, 55:15-56:3, 57:8-21, 58:2-12, 58:22-59:5, *60:11-20.*

These improper speaking objections frustrated the fair examination of the witnesses and violated Rule 30(c)(2). All too often, the objections coached the witnesses, suggested answers, burned the clock, and threw my questioning off track. These improper objections undermined the truth-seeking function of the depositions.

To avoid motion practice, plaintiff requests that defendants stipulate and agree to the below terms. If you agree, then we can submit a stipulation to be "So-Ordered" by Judge Pedersen; otherwise, plaintiff plans to make a motion for a protective order.

**Stipulation Regarding the Making of Objections in this matter:**

1) Counsel shall not make speaking objections. *See* Fed. R. Civ. P. 30(c)(2). Counsel must not coach witnesses, make lengthy objections, or say anything that interferes with the fair examination of the deponent.

2) Counsel may object to the form of a question by making short, simple objections. Objections must be stated "concisely in a nonargumentative and nonsuggestive manner," as the Federal Rules command. *See* Fed. R. Civ. P. 30(c)(2). Acceptable objections include "object to the form," "objection; form," and "object to the form of the question." Such short-and-simple objections preserve any and all objections to the form of the question, *see* Fed. R. Civ. P. 32(d)(3)(B), including (1) leading; (2) vague; (3) ambiguous; (4) argumentative; (5) lack of personal knowledge; (6) lack of foundation; (7) calls for speculation; (8) calls for a legal conclusion; (9) assumes facts not in evidence; (10) misstates the facts, or the testimony; (11) hearsay; (12) compound; (13) the document speaks for itself; and so on.

3) Unless expressly asked, counsel shall not object by articulating all of the many reasons why a question is perceived to be defective. Making one specific objection – such as "objection; leading" or "objection; foundation" – is acceptable. A single, targeted objection gives the questioning attorney an opportunity to cure. But stringing together more than one specific objection is not. If counsel has more than one objection to a question, simply say "objection; form."

4) If the questioning attorney wants clarification about the nature of an objection (say, to cure the problem), then counsel is free to ask. That is, the questioning attorney can

    ask the objecting attorney to explain the objection and thus request an opportunity to "correct[]" the "form of a question . . . at the time." *See* Fed. R. Civ. P. 32(d)(3)(B)(i). And if the questioning attorney asks for clarification, and thus invites a more fulsome explanation, then the objecting attorney may provide it. Otherwise, counsel must make short, direct objections, and nothing else.

5) Interjections by counsel such as "if you know," "if you remember," "if you understand," or "if you have personal knowledge" constitute an attempt to coach the witness. *See Freidman v. Fayenson*, 983 N.Y.S.2d 203 (Supreme Ct. N.Y. Dec. 4, 2013) (comments such as "if you understand the question you can answer," and "If you recall," are improper coaching). It is unsurprising that witnesses typically testify that they can't remember after they hear "if you remember." And they almost always say that they don't know after counsel blurts out "if you know." Such coaching-by-thinly-veiled-instruction violates spirit and letter of Rule 30(c)(2) and undermines the truth-seeking function of depositions. *See* Fed. R. Civ. P. 1; Fed. R. Evid. 102.

6) Improper objections are deemed to be no objections at all (when it comes to preservation). At summary judgment or at trial, the Court may treat deposition objections to be waived if they violate this Stipulation.

7) "Asked and answered" is not an appropriate objection during depositions, absent truly abusive conduct in extraordinary cases. It coaches the witness to say nothing more than what he or she has said already. All too often, when an attorney objects "asked and answered" during a deposition, the witness hasn't actually answered the question.

8) The Federal Rules allow an instruction not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [for a protective order] under Rule 30(d)(3)." *See* Fed. R. Civ. P. 30(c)(2); *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007). If there is a dispute about an instruction not to answer, move on and complete the rest of the deposition. Preserve the issue on the record for later resolution by the parties or the Court.

9) Unlike an objection to form, an objection to relevance "is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." *See* Fed. R. Civ. P. 32(d)(3)(A).

10) Counsel have more latitude in making objections on the grounds of privilege. For example, attorneys may instruct a witness that they can testify about "X," but cannot testify about "Y." Counsel retains the ability to make reasonable privilege objections, which sometimes require giving explanations or defining the parameters of testimony.

11) Counsel may be subject to sanctions if they consistently impede, or otherwise unreasonably delay, the fair examination of the deponent. Fed. R. Civ. P. 32(d)(2).

12) Private conferences between deponents and their attorneys in the course of deposition are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted. *Morales* v. *Zondo, Inc.*, 204 F.R.D. 50, 53 (S.D.N.Y. 2001) ("in general, a deponent and the deponent's attorney have no right to confer during a deposition, except for the purpose of determining whether a privilege shall be asserted"); *Perry* v. *Leeke*, 488 U.S. 272, 281 (1989) ("when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice."); *Eggleston* v. *Chi. Journeymen Plumber's Local Union 130, U.A.*, 657 F2d 890, 902 (7th Cir. 1981) ("it is too late once the ball has been snapped for the coach to send in a different play")

Please let me know by this Friday, December 9, 2022, whether defendants will stipulate to these terms. Thank you,

I remain,

Very truly yours,

~//s//~

Elliot D. Shields