UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID VANN,<br><br>                     Plaintiff,<br>-against-<br><br><br>CITY OF ROCHESTER, et al.,<br>                     Defendants. | **PROPOSED ORDER**<br><br>**INDEX NO.: 18-cv-6464 (EAW)(MJP)** |

**ORDER**

      AND NOW, this _____ day of _____, 2022, upon consideration of Plaintiff David Vann's motion for a protective order regarding the making of objections at depositions in this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered that:

1) Counsel shall not make speaking objections. *See* Fed. R. Civ. P. 30(c)(2). Counsel must not coach witnesses, make lengthy objections, or say anything that interferes with the fair examination of the deponent.

2) Counsel may only object to the form of a question, and may only make short, simple objections. Objections must be stated "concisely in a nonargumentative and nonsuggestive manner," as the Federal Rules command. *See* Fed. R. Civ. P. 30(c)(2). Acceptable objections include "object to the form," "objection; form," and "object to the form of the question." Such short-and-simple objections preserve any and all objections to the form of the question, *see* Fed. R. Civ. P. 32(d)(3)(B), including (1) leading; (2) vague; (3) ambiguous; (4) argumentative; (5) lack of personal knowledge; (6) lack of foundation; (7) calls for speculation; (8) calls for a legal conclusion; (9)

1

assumes facts not in evidence; (10) misstates the facts, or the testimony; (11) hearsay; (12) compound; (13) the document speaks for itself; and so on.

3) Unless expressly asked, counsel shall not object by articulating all of the many reasons why a question is perceived to be defective. Making one specific objection – such as "objection; leading" or "objection; foundation" – is acceptable. A single, targeted objection gives the questioning attorney an opportunity to cure. But stringing together more than one specific objection is not. If counsel has more than one objection to a question, simply say "objection; form."

4) If the questioning attorney wants clarification about the nature of an objection (say, to cure the problem), then counsel is free to ask. That is, the questioning attorney can ask the objecting attorney to explain the objection and thus request an opportunity to "correct[]" the "form of a question . . . at the time." *See* Fed. R. Civ. P. 32(d)(3)(B)(i). And if the questioning attorney asks for clarification, and thus invites a more fulsome explanation, then the objecting attorney may provide it. Otherwise, counsel must make short, direct objections, and nothing else.

5) Interjections by counsel such as "if you know," "if you remember," "if you understand," or "if you have personal knowledge" constitute an attempt to coach the witness. *See Freidman v. Fayenson*, 983 N.Y.S.2d 203 (Supreme Ct. N.Y. Dec. 4, 2013) (comments such as "if you understand the question you can answer," and "If you recall," are improper coaching). It is unsurprising that witnesses typically testify that they can't remember after they hear "if you remember." And they almost always say that they don't know after counsel blurts out "if you know." Such coaching-by-thinly-

veiled-instruction violates spirit and letter of Rule 30(c)(2) and undermines the truth-seeking function of depositions.  *See* Fed. R. Civ. P. 1; Fed. R. Evid. 102.

6) Improper objections are deemed to be no objections at all (when it comes to preservation).  At summary judgment or at trial, the Court may treat deposition objections to be waived if they violate this order.

7) "Asked and answered" is not an appropriate objection during depositions, absent truly abusive conduct in extraordinary cases.  It coaches the witness to say nothing more than what he or she has said already.  All too often, when an attorney objects "asked and answered" during a deposition, the witness hasn't actually answered the question.

8) The Federal Rules allow an instruction not to answer "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [for a protective order] under Rule 30(d)(3)." *See* Fed. R. Civ. P. 30(c)(2); *Redwood v. Dobson*, 476 F.3d 462 (7th Cir. 2007).  If there is a dispute about an instruction not to answer, move on and complete the rest of the deposition.  Preserve the issue on the record for later resolution by the parties or the Court.

9) Counsel shall be prohibited from making any objections based on alleged "irrelevance". Similarly, counsel shall be prohibited from objecting to questions on the alleged basis that the question is in the form of a "hypothetical", which is simply a relevance objection. Instead, plaintiff's attorney is expressly permitted to ask "hypothetical" questions and/or questions that call for the deponent to provide an opinion, based on their training and experience as a police officer. Unlike an objection to form, an objection to relevance "is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at

that time." *See* Fed. R. Civ. P. 32(d)(3)(A). The objecting party must wait until trial (or just prior to trial) to make the objection when, and if, the deposition testimony is offered into evidence.

10) Counsel have more latitude in making objections on the grounds of privilege. For example, attorneys may instruct a witness that they can testify about "X," but cannot testify about "Y." Counsel retains the ability to make reasonable privilege objections, which sometimes require giving explanations or defining the parameters of testimony.

11) Counsel may be subject to sanctions if they consistently impede, or otherwise unreasonably delay, the fair examination of the deponent. Fed. R. Civ. P. 32(d)(2).

12) Private conferences between deponents and their attorneys in the course of deposition are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted. *Morales* v. *Zondo, Inc.*, 204 F.R.D. 50, 53 (S.D.N.Y. 2001) ("in general, a deponent and the deponent's attorney have no right to confer during a deposition, except for the purpose of determining whether a privilege shall be asserted"); *Perry* v. *Leeke*, 488 U.S. 272, 281 (1989) ("when a defendant becomes a witness, he has no constitutional right to consult with his lawyer while he is testifying. He has an absolute right to such consultation before he begins to testify, but neither he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of counsel's advice."); *Eggleston* v. *Chi. Journeymen Plumber's Local Union 130, U.A.*, 657 F2d 890, 902 (7th Cir. 1981) ("it is too late once the ball has been snapped for the coach to send in a different play").

13) **Further Motion Practice**: If the City Defendants violate the terms of this protective order, the Court will entertain a motion by Plaintiff pursuant to FRCP 30(d)(2) and FRCP 37 for discovery sanctions.

                                 **IT IS SO ORDERED.**

                                 _____
                                 Hon. Mark W. Pedersen
                                 United States Magistrate Judge

Dated:         _____, 2022
                Rochester, New York