UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID VANN,

                          Plaintiff,

    -against-                     INDEX NO.: 18-cv-6464 (EAW)(JMP)

CITY OF ROCHESTER, et al.,

                          Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT AND FOR SANCTIONS FOR THEIR REPEATED AND LONGSTNADING FAILURE TO COMPLY WITH THIS COURT'S APRIL 13, 2021 DISCOVERY ORDER, ECF 57; AND TO MODIFY THE SCHEDULING ORDER**

## PRELIMINARY STATEMENT

On April 13, 2021, the Court warned defendants that their continued unresponsiveness to plaintiff's communications and refusal to comply with their discovery obligations could lead to the imposition of sanctions:

> "The Court is troubled by Defendants' unresponsiveness to Plaintiffs repeated correspondence, as well as Defendants' failure to follow through on providing promised discovery. While the undersigned finds that sanctions are not warranted as Defendants did comply with the July 21, 2020 order to provide responses to Plaintiffs discovery demands, though those responses have been deemed insufficient by Plaintiff, the undersigned cautions Defendants that further conduct of the nature described above may result in sanctions."

ECF 58 at 4.

It's like déjà vu all over again. As detailed in the declaration, and the November 15, 2022 letter filed at ECF 84, since the April 13, 2022 orders, defendants have simply ignored plaintiff's communications seeking their compliance with the Court's discovery order at ECF 57. Defendants have ignored the Court's warning and have flagrantly disregarded the Court's discovery order, ECF 57, which was entered almost two years ago.

On November 15, 2022, plaintiff filed a letter requesting an informal conference with the Court to address defendants' noncompliance. ECF 84. At the November 30, 2022 telephone conference, the Court again warned defendants that plaintiff did not have the authority to grant them an extension to comply with the Court's discovery order and that plaintiff should make a motion for contempt and discovery sanctions. Despite defendants' flagrant noncompliance, the Court gave them one more chance and held a further in-person conference with the parties on December 2, 2022. Plaintiff requested defendants comply with the discovery orders within three weeks of the conference, or by today—December 23, 2022.

1

Defendants never indicated to plaintiff or the Court that they needed more time. Instead, defense counsel waited until 10:15 p.m. on December 22, 2022 to email plaintiff and state that he "need[ed] a bit more time … to look at" the documents for some reason prior to producing them, and that he was leaving for the holiday so he going to seek permission from the Court for a further extension of time to comply with the Court's discovery orders.

Enough is enough. Defendants have repeatedly been warned that their continued discovery misconduct could lead to the imposition of sanctions—yet they have not been deterred. Plaintiff respectfully submits that an order holding defendants in civil contempt and granting severe sanctions are appropriate in this case to punish defendants for their flagrant disregard of the Court's orders and their discovery obligations.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 37(b)(2)(A) sets forth this Court's authority to sanction a party for failing to comply with the Court's discovery orders. That rule permits the Court to "issue further just orders," which "may include the following":

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

>   (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Defendants bear the burden of showing that their failure to comply with the Court's discovery orders was "substantially justified." *See Aboeid* v. *Saudi Arabian Airlines Corp.*, No. 10 CV 2518 (SJ) (VVP), 2011 U.S. Dist. LEXIS 128179, at *5-7 (E.D.N.Y. Sep. 6, 2011) (the dilatory party "bears the burden of demonstrating substantial justification"). "'Substantial justification' may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ" as to whether the discovery required has been produced. *Jockey Int'l, Inc.* v. *M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002) (quotation marks omitted).

Absent substantial justification, Rule 37(b)(2)(A) permits a severe remedy to force future compliance. *See, e.g., S. New England Tele. Co.* v. *Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) ("'[D]iscovery orders are meant to be followed,' and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." (*quoting Bambu Sales, Inc.* v. *Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995); *Salahuddin* v. *Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986))); *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers* v. *Car-Win Constr., Inc.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) ("at a certain point, if a court does not eventually follow through on its warnings, it risks undermining its ability to control current and

3

future would-be wayward litigants"). "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *S. New England Tele. Co.*, 624 F.3d at 148. "'[S]everal factors may be useful in evaluating a district court's exercise of discretion' to impose sanctions pursuant to" Rule 37, "including '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Id.* at 144 (*quoting Agiwal* v. *Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). "The district court is free to consider the full record in the case in order to select the appropriate sanction." *Id.* (quotation marks omitted). "Open and unequivocal defiance of a court order is sufficient to support a finding of bad faith or willful misconduct." *Burns* v. *Imagine Films Entm't, Inc.*, 164 F.R.D. 594, 599 (W.D.N.Y. 1996) (citing *Thomas E. Hoar, Inc.* v. *Sara Lee Corp.*, 900 F.2d 522, 524 (2d Cir. 1990) (bad faith justifies striking an answer or entering a default judgment).

"[D]ismissal or default imposed pursuant to Rule 37 is a 'drastic remedy' generally to be used only when the district judge has considered lesser alternatives." *S. New England Tele. Co.*, 624 F.3d at 144 (quoting *John B. Hull, Inc.* v. *Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988)). "Despite the harshness of these measures, however, discovery orders are meant to be followed, and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned." *Id.* (*quoting Bambu Sales, Inc.*, 58 F.3d at 853; *Salahuddin*, 782 F.2d at 1132).

However, the remedy of holding a disobedient party in default is solely within the district judge's power. *See Williams* v. *Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). A magistrate judge may "certify the facts" of contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and order the

disobedient parties to show cause before the district judge why they should not be held in contempt "by reason of the facts so certified." *See Church* v. *Steller*, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999) ("on a motion for contempt, a magistrate judge functions only to 'certify the facts'") (*citing Litton Sys., Inc*. v. *AT&T*, 700 F.2d 785, 827 (2d Cir. 1983); *Stein Indus., Inc*. v. *Jarco Indus., Inc*., 33 F. Supp. 2d 163, 1999 WL 16342, at *2-3 (E.D.N.Y. Jan 8, 1999)). Along with this certification, the magistrate judge can recommend a sanction to the district judge. *See id*. ("Whether the conduct of a party constitutes contempt and any sanctions therefor are committed to the discretion of the district court. However, upon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt." (*citations omitted*) (*citing Peker* v. *Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. 1997)). The district judge will decide whether or not to hold the disobedient parties in contempt and issue appropriate sanctions.

## ARGUMENT

> I. **The Court should enter default judgment on plaintiff's Monell claims—the Eleventh and Twelfth claims for relief in plaintiff's First Amended Complaint—as sanctions for defendants' violation of this Court's discovery orders.**

There is no question that defendants have openly defied the Court's discovery orders. Indeed, in April 2021, the Court was forced to order Defendants to comply with its July 21, 2020 order granting plaintiff's motion to compel. ECF 57. The order required defendants to supplement their responses to numerous requests for production to specify by bates number which documents are responsive to which specific request. See ECF 57 ¶¶ 10-13. It has been over one year and nine months, and defendants have failed to comply with these paragraphs of the order.

The order also required that defendants "shall" produce all substantiated and unsubstantiated records of civilian and internal complaints of misconduct for the "Other Identified Officers and Officer Defendants" within three weeks of "receiving" a demand for same from the plaintiff.  See ECF 57 ¶¶ 6-8. Plaintiff served these demands on October 10, 2022. It has been over 10 weeks, and defendants have failed to provide any response whatsoever to these demands.

There is no justification for defendants' continued failure to follow the Court's orders. Plaintiff has repeatedly granted courteous extensions of time for defendants to comply with the Court's orders. However, the Court reminded the parties at the November 30, 2022 telephone conference that plaintiff lacked the authority to grant defendants additional time to comply with the Court's order, and that only the Court could grant defendants additional time to comply with its orders.

In a further attempt to avoid motion practice, during the telephone conference, plaintiff's counsel informed the Court that I would be in Rochester that Friday, December 2, 2022, and suggested that the parties and the Court meet in person to discuss these ongoing issues. The Court scheduled the conference and the parties met with the Court, during which time the Court emphasized to defense counsel that he must comply with the portions of the order that required defendants to supplement their responses to specify by bates number which documents are responsive to which specific request. See ECF 57 ¶¶ 10-13. The Court explained that that was necessary so the Court could understand what requests for production had been properly responded to and which ones had not been properly responded to. Plaintiff requested that defendants provide the outstanding responses by December 23, 2022. Defendants agreed and never requested additional time from the Court or from plaintiff—until last night at 10:15 p.m.,

when defense counsel sent an email claiming that he needed additional time, without explanation. This seemingly never-ending discovery issue needs to end.

First, given the limited power of a magistrate judge to strike an answer, see *Williams*, 527 F.3d at 265, an appropriate sanction for this continuing non-compliance would be an order entering a directed verdict on plaintiff's *Monell* claims, the Eleventh and Twelfth Claims for Relief in the First Amended Complaint, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i). "[D]istrict courts are not required to exhaust possible lesser sanctions," *S. New England Tele. Co.*, 624 F.3d at 148. Courts in this circuit have held that periods of noncompliance as brief as a few months may merit dispositive sanctions. *See, e.g., Embuscado* v. *DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (three months); *Georgiadis* v. *First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (four months). And periods of greater than five months favor such sanctions even more heavily. *See, e.g., Agiwal*, 555 F.3d at 303 (six months); *Phelan* v. *Cambell*, 507 F. App'x 14, 16 (2d Cir. 2013) (seven months); *Battiste-Downie* v. *Covenant House*, 471 F. App'x 78, 79 (2d Cir. 2012) (one year); *Ramgoolie* v. *Ramgoolie*, 333 F.R.D. 30, 37 (S.D.N.Y. 2019) (seven months).

This sanction is appropriate because it is limited to the municipal liability claims against the City—the defendant that has unquestionably acted in bad faith, and it is directly tied to the discovery order at issue. *See Daval Steel Prods.*, *Div. of Francosteel Corp.* v. *M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991) ("There are two basic limitations upon a district court's discretion in imposing sanctions pursuant to Rule 37(b)(2). The rule expressly requires that the sanctions must be 'just'; and the sanction must relate to the particular claim to which the discovery order was addressed.'" (*quoting Insurance Corp. of Ireland* v. *Compagnie des Bauxites*, 456 U.S. 694, 707 (1982)).

7

Here, plaintiff served the relevant document requests on April 16, 2020. See ECF 41-3. Defendants ignored these requests, requiring plaintiff to file a motion to compel on June 18, 2020. ECF 41. Defendants did not file any opposition to the motion, and the Court entered an order granting plaintiff's motion to compel on July 21, 2020. ECF 43.

Thereafter, defendants provided evasive and insufficient responses, forcing plaintiff to file a motion to compel and for discovery sanctions. ECF 45. After holding a lengthy conference with the parties, Court entered an order on April 13, 2021, requiring defendants to provide supplemental responses to numerous RFPs and to produce all personnel and disciplinary files within three weeks of plaintiff serving a demand for same. *See* ECF 57. One year and nine months have come and gone, and defendant has still failed to comply with the Court's order in several critical respects and have made, at best, a pathetic effort to do so. This is more than enough time to merit dispositive sanctions.

The Court provided sufficient notice to the defendants that their continued noncompliance could warrant the imposition of sanctions. "A court must provide sufficient notice to the offending party before entering dispositive sanctions. Warnings need not mention the phrase "default judgment"; regular warnings that noncompliance may result in discovery sanctions are adequate." *Ramgoolie* v. *Ramgoolie*, 333 F.R.D. 30, 38 (S.D.N.Y. 2019). The Court provided just those kinds of warnings here.

First, in the April 13, 2021 order denying plaintiff's prior motion for sanctions, the Court warned defendants that their continued unresponsiveness to plaintiff's communications and refusal to comply with their discovery obligations could lead to the imposition of sanctions:

> "The Court is troubled by Defendants' unresponsiveness to Plaintiffs repeated correspondence, as well as Defendants' failure to follow through on providing promised discovery. While the undersigned finds that sanctions are not warranted as Defendants did comply with

8

> the July 21, 2020 order to provide responses to Plaintiffs discovery demands, though those responses have been deemed insufficient by Plaintiff, the undersigned cautions Defendants that further conduct of the nature described above may result in sanctions."

ECF 58 at 4.

Nevertheless, defendants' intransigence continued, as they simply ignored paragraphs 10-13 of the Court's discovery order at ECF 57. Despite plaintiff's April 2022 request that defendants comply with these paragraphs of the order, defendants still have not provided the required supplemental responses.

Thereafter, at the November 30, 2022 telephone conference, when discussing the demands plaintiff served pursuant to paragraphs 5-8 of the April 13, 2022 discovery order at ECF 57, the Court again warned defendants that plaintiff did not have the authority to grant defendants additional time to comply with the Court's order, that a request must be submitted to the Court requesting additional time, and that plaintiff could make a motion for contempt and for discovery sanctions. Despite this warning, defendants have declared that they need "more time" to comply with the order but that they are not requesting same from the Court.

After the November 30, 2022 and December 2, 2022 discovery conferences, defendants agreed to provide the outstanding discovery by December 23, 2022. Defendnats never requested additional time from plaintiff or from the Court. It was not until last night at 10:15 p.m. that defendants' counsel send plaintiff an email stating that he needed additional time to provide the outstanding discovery but that he was not requesting an extension from the Court. See Exhibit "E" to Shields declaration.

Defendants had more than sufficient notice that continued violation of the Court's orders could result in dispositive sanctions.

> II. **The Court should order defendants to pay plaintiff's reasonable expenses, including attorney's fees, incurred on seeking defendants' compliance with the Court's discovery orders since April 13, 2021.**

In light of the fact that defendants failed to comply with several discovery orders of this Court, Rule 37(b)(2)(C) requires that "instead of or in addition to" other sanctions imposed, the disobedient party or his designated counsel "must" pay "reasonable expenses" to include attorney's fees caused by the failure. Fed. R. Civ. P. 37(b)(2)(C); *Kizer* v. *Abercrombie & Fitch Co.*, No. CV125387JSAKT, 2017 WL 9512408, at *6 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, No. 12CV5387JSAKT, 2017 WL 3411952 (E.D.N.Y. Aug. 9, 2017); *Morin* v. *Tormey*, No. 5:07-CV-517, 2010 WL 2771826, at *3 (N.D.N.Y. Apr. 29, 2010), *modified on reconsideration*, 2010 WL 2775870 (N.D.N.Y. July 13, 2010); *Kandey Co.* v. *Barbera*, No. 11 CV 478A, 2012 WL 3838179, at *2 (W.D.N.Y. Sept. 4, 2012) (recognizing that the monetary sanction set forth in Rule 37 (b)(2)(C) "is mandatory regardless of whatever other sanctions are imposed"). As such, in light of the present posture of this case, and in accordance with Rule 37(b)(2)(C), plaintiff respectfully submits he is entitled to recover his "reasonable expenses, including attorney's fees, caused by [defendants'] failure[.]" Fed. R. Civ. P. 37(b)(2)(C).

> III. **The Court should certify the facts that constitute civil contempt to the District Court 28 U.S.C. § 636(e)(6)(B)(iii).**

Third, because the City's conduct constitutes civil contempt, the Court should "certify the facts" of this contempt pursuant to 28 U.S.C. § 636(e)(6)(B)(iii). *See Church*, 35 F. Supp. 2d at 217 ("on a motion for contempt, a magistrate judge functions only to 'certify the facts'") (citing *Litton Sys., Inc.* v. *AT&T*, 700 F.2d 785, 827 (2d Cir. 1983); *Stein Indus., Inc*. v. *Jarco Indus*., Inc., 33 F. Supp. 2d 163 (E.D.N.Y. Jan. 8, 1999)). "To establish civil contempt under section 636(e)(1), a party must prove (1) the existence of a lawful order and (2) a violation of that

order." *Id*. at 219. "Proof of willfulness is not an essential element of civil contempt." *Id*. (citing *Manhattan Indus., Inc* v. *Sweater Bee by Banff, Ltd*., 885 F.2d 1, 5 (2d Cir. 1989)).

Here, there is no doubt of the lawful order. ECF 57. There is also no doubt that the City has violated these orders as they have admittedly failed to comply with paragraphs 5-13 of the order. It has been over one year and nine months since the April 13, 2021 order was entered, and over 10 weeks since plaintiff served the discovery demands pursuant to paragraphs 5-8 of the order. The order required defendants to respond to the October 10, 2022 demands within three weeks, or by November 1, 2022; they still have not done so.

Having certified these facts, the Court could then order the City to show cause before the district judge why they should not be held in contempt "by reason of the facts so certified. The Court could also recommend an appropriate remedy to the district judge. *See Church*, 35 F. Supp. 2d at 217 ("upon certification a magistrate judge may recommend that certain sanctions be imposed by the district court upon a finding of contempt" (*citing Peker* v. *Fader*, 965 F. Supp. 454, 460 (S.D.N.Y. 1997)). On the record before the Court, a recommendation to strike the answer of the City would be well-within the appropriate range of sanctions. "'[A]ll litigants . . . have an obligation to comply with court orders. When they flout that obligation[,] they . . . must suffer the consequences of their actions.'" *Baba* v. *Japan Travel Bureau Intern., Inc*. 111 F.3d 2, 5 (2d Cir. 1997) (quotation marks omitted)). On the record before the Court, it would be well-justified to recommend to the district judge to strike the defendants' answer and hold them in default. *See S. New England Tele. Co*., 624 F.3d at 144 ("dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned"). "Open and unequivocal defiance of a court order is sufficient to support a finding of bad faith or willful misconduct." *Burns*, 164 F.R.D. at 599.

If the Court finds that plaintiff is entitled to reasonable attorney's fees and costs, then it should permit plaintiff 30 days to submit a fee application after entry of the order.

### IV. Plaintiff has demonstrated good cause to modify the scheduling order pursuant to Rule 16(b)(4)

Plaintiff respectfully requests that the Court modify the scheduling order and enter the Proposed Order annexed to the Shields Declaration as Exhibit "F"

A court may modify a scheduling order if a moving party shows good cause to do so. Fed. R. Civ. P. 16(b)(4). District courts in New York apply a six-factor analysis when determining whether a party has shown good cause. *See, e.g., Young v. Sw. Airlines Co.,* 14-cv-1940 (LDH) (RLM), 2016 WL 3257008, at *2 (E.D.N.Y. May 4, 2016) (citing *Jacobs v. N.Y.C. Dep't of Educ.,* 11-cv-5058 (MKB) (RML), 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015) (collecting cases)). The Court considers: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence." *See id.*

Plaintiff submits that each of the six factors weighs in favor of the request. The first factor weighs in favor of granting the request, because the trial is not imminent as there is significant outstanding paper discovery and numerous depositions yet to be taken (as a result of defendants' failure to produce the paper discovery).

The second factor weighs in favor of granting the request, as defendants claim they are working on producing the outstanding discovery, and thus presumably agree that the deadline must be extended to complete paper discovery and depositions.

The third factor weighs in favor of granting the request, as defendants will not be prejudiced. Defendants need more time to comply with their discovery obligations and produce their witnesses for deposition.

The fourth factor weighs in favor of granting the request, as plaintiff has diligently attempted to obtain discovery in this case.

The fifth factor weighs in favor of granting the request, as there will likely be additional follow up discovery requests that need to be made after the paper discovery is reviewed and depositions are taken.

Last, the sixth factor clearly weighs in favor of granting the request. As detailed above, there is significant outstanding paper discovery and numerous depositions that must be conducted.

For these reasons, Plaintiff respectfully submits that the Court should grant the request to modify the scheduling order and should enter the proposed order annexed to the Shields Declaration as Exhibit "F".

## Conclusion

For the foregoing reasons, plaintiff's motion for sanctions should be granted, and the Court should enter default judgment against defendants on plaintiff's *Monell* claims—the Eleventh and Twelfth Claims for relief in his First Amended Complaint—pursuant to Rule 37(b)(2)(A)(vi).  In addition, because defendants' failure to comply with the Court's order and plaintiff's discovery demands were not substantially justified, plaintiff should be awarded his attorney's fees and costs for making associated with all efforts to gain their compliance and making the instant motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *id.* 37(b)(2)(C). Lastly, the Court should enter plaintiff's proposed amended scheduling order, as defendants still have to provide

significant outstanding paper discovery related to plaintiff's *Monell* claims and there are numerous outstanding depositions (which have not been held because of the outstanding paper discovery).

Dated: New York, New York  
       December 23, 2022

Respectfully Submitted,  
ROTH & ROTH LLP

By:    ~/s/~  
Elliot Dolby Shields, Esq.  
*Counsel for Plaintiff*  
192 Lexington Ave, Suite 802 New York, New York 10016  
Ph: (212) 425-1020

To:    All parties (via ECF)