**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DAVID VANN,

Plaintiff,

-against-

CITY OF ROCHESTER, et al.,

Defendants.

**DECLARATION OF GOOD FAITH**

**INDEX NO.: 18-cv-6464 (EAW)(JMP)**

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to
28 U.S.C. § 1746 that the following is true and correct:

1.      I am associated with Roth & Roth, LLP, where I represent plaintiffs in
personal injury and civil rights lawsuits.

2.      We are counsel for the Plaintiff and as such I am fully familiar with the
facts and circumstances of this action.

3.      I give this declaration of good faith pursuant to Local Rule of Civil
Procedure 7(d)(3) in support of Plaintiff's motion for an order:

    a.  pursuant to Rule 37(b)(2)(A)(vii), holding defendants in contempt
of court for failure to comply with the Court's April 13, 2021
discovery order, ECF 57; and

    b.  pursuant to Rule 37(b)(2)(C), ordering that defendants must pay
plaintiff's reasonable expenses, including attorney's fees, caused
by defendants' failure to comply with the Court's April 13, 2021
discovery order, ECF 57; and

    c.  pursuant to Rule 37(b)(2)(A)(vi), granting default judgement in
favor of plaintiff on his *Monell* claims—the Eleventh and Twelfth

Claims for Relief—as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

d.  pursuant to Rule 37(b)(2)(A)(i), finding that the facts alleged in the First Amended Complaint in support of plaintiff's *Monell* claims—the Eleventh and Twelfth Claims for Relief—be taken as established for the purposes of establishing *Monell* liability, as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

e.  pursuant to Rule 37(b)(2)(A)(ii), prohibiting defendants from opposing plaintiff's *Monell* claims—the Eleventh and Twelfth Claims for Relief in the First Amended Complaint—as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

f.  pursuant to Rule 37(b)(2)(A)(iii), striking defendants' answer for failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

g.  pursuant to Rule 37(b)(2)(A)(iii), striking defendants' affirmative defenses for failure to comply with the Court's April 13, 2021 discovery order, ECF 57; and

h.  Pursuant to Fed. R. Civ. P. 16(b)(4) modifying the scheduling order and entering Plaintiff's Proposed Order, which is annexed hereto as Exhibit "F"; and

      i.   granting such other and further relief as the Court deems just and proper.

4.     On June 18, 2020, plaintiff filed his first motion to compel defendants to provide responses to his interrogatories and requests for production of documents**. ECF 41.**

5.     The Court granted plaintiff's motion by order dated July 21, 2020. **ECF 43.** The order required defendants to respond to plaintiff's interrogatories and requests for production of documents within 14 days.

6.     Defendants violated that order. Plaintiff consented to defendants having additional time to comply with the order. **ECF 44.**

7.     Defendants served deficient responses to plaintiff's interrogatories and requests for production of documents, and refused to respond to plaintiff's requests for admission. Plaintiff made good faith attempts to gain defendants compliance, including an in person meet and confer and a letter outlining the deficiencies in their responses. Nevertheless, defendants failed to cure their deficient responses.

8.     On December 7, 2020, plaintiff filed his first motion for discovery sanctions and second motion to compel. ECF 45.

9.     The Court heard oral argument on December 15, 2020. ECF 46.

10.    Thereafter, the parties attempted to work out several of the issues in plaintiff's motion. ECF 47-51.

11.    Eventually, defendants served deficient responses that failed to comply with the Court's order or the parties' agreement, forcing plaintiff to file another letter with the Court regarding these discovery deficiencies. ECF 54.

12.     The following day, the Court held a further conference on plaintiff's motion for sanctions. ECF 55.

13.     The parties drafted and filed a stipulated proposed order on plaintiff's motion for sanctions on April 12, 2021. ECF 56.

14.     On April 13, 2021, the Court signed and entered the parties stipulated Order. ECF 57.

15.     On April 13, 2021, the Court also entered an order denying plaintiff's request for discovery sanctions. ECF 58. However, in that order, the Court stated that:

> "The Court is troubled by Defendants' unresponsiveness to Plaintiffs repeated correspondence, as well as Defendants' failure to follow through on providing promised discovery. While the undersigned finds that sanctions are not warranted as Defendants did comply with the July 21, 2020 order to provide responses to Plaintiffs discovery demands, though those responses have been deemed insufficient by Plaintiff, the undersigned cautions Defendants that further conduct of the nature described above may result in sanctions."

16.     Defendants ignored this warning and have failed to comply with the Court's order at ECF 57.

17.     On April 6, 2022, plaintiff informed defendants that they were not in compliance with the Court's April 13, 2021 Order, ECF 57, as they had failed to comply with paragraphs 10, 11, 12 and 13 of that order. (**Exhibit "A",** April 6, 2022 letter to defendants). Defendants responded that they were waiting for plaintiff to serve the demands referenced in paragraphs 5-8 of the April 13, 2021 order. *Id.*

18.     Thereafter, a discovery dispute arose regarding defendants' refusal to participate in depositions remotely by videoconference. Following a conference on June 23, 2022, ECF 76, the parties briefed the issues. ECF 77-82. On October 4, 2022, the

Court issued its decision and order granting in part and denying in part defendants'

motion for a protective order, and granting in part and denying in part plaintiff's motion

to compel. ECF 83. The order permitted plaintiff to conduct up to 20 depositions

remotely by videoconference.

19.    Following entry of the Order, plaintiff informed defendants we needed the

remaining outstanding discovery prior to depositions. On October 10, 2022, plaintiff

served the demand per paragraphs 5-8 of the April 13, 2021 order, ECF 57. (**Exhibit**

**"B"**, October 10, 2022 demands). Notably, paragraphs 5-8 state:

> 5. **RFPs 70–72:** By April 27, 2021, Defendants agreed and
> shall produce all documents demanded in RFPs No. 70–72,
> other than the documents demanded in RFP 70(f) and (g), as
> same have already been produced in this matter.
>
> 6. **Officer Personnel Files and Misconduct Records:**
> Defendants agreed and shall produce all "substantiated" and
> "unsubstantiated" records of civilian and internal complaints
> of misconduct for the Other Identified Officers and Officer
> Defendants. This includes the complete personnel files,
> Professional Standard Section files, Civilian Review Board
> files, disciplinary records, all complaints of misconduct, and
> all internal investigatory records for complaints of
> misconduct.
>
> 7. **List of Officer Misconduct Records:** To avoid duplicate
> production, by April 27, 2021, Defendants agree to produce
> a list of all civilian and internal complaints of misconduct for
> the Other Identified Officers and Officer Defendants.
> Plaintiff shall compare the list to the materials Defendants
> produce in response to item no. 5 in this Order, and shall
> serve a demand on Defendants for the materials specified in
> item no. 6 of this Order that were not produced in response
> to item no. 5 of this Order.
>
> 8. **Production of Officer Personnel Files and Misconduct
> Records:** Within three weeks of receiving the demand from
> Plaintiff of the materials identified in item no. 7 of this
> Order, Defendants agreed and shall respond and produce all
> materials demanded.

20.    Notably, per paragraph 8, defendants were required to respond to the demands within three weeks of their receipt, or by November 1, 2022. *Id*.

21.    On October 26, 2022, I left a voicemail for Mr. Campolieto and followed up with an email requesting that he confirm that defendants would be producing the demanded records by November 1, 2022. (**Exhibit "C"**, emails between counsel dated October 10-November 14, 2022). On October 31, 2022, Mr. Campolieto responded that he needed a few days to review the demands, and that he had reserved the first two weeks of December for the defendants' depositions. I responded the same day and explained that I need the records prior to doing the depositions, which is why I had not scheduled the depositions yet, and asked him when he could comply with the order. On November 2, 2022, Mr. Campolieto stated that he could produce the remaining outstanding discovery by November 15, 2022. *Id*.

22.    On November 3, 2022, I sent a follow up email and offered to provide defendants with a reasonable extension of time to comply with the Order and the demands, since there were many records, and I did not think the City would be able to comply by November 15, 2022. Mr. Campolieto never responded to this email.

23.    On November 7, 2022, I spoke with Mr. Camplieto in person at Founders Café about the demands, and he said the City was working on the production, but they likely would not produce all the demanded records. *Id*. On November 14, 2022, I sent a follow up email to Mr. Campolito, requesting that he tell he if he was going to produce any records by November 15, 2022, and stating that if defendants produced the demanded records for the defendant officers, then we could schedule their depositions. Mr. Campolieto did not respond to this email.

24.     On November 15, 2022, plaintiff filed a letter with the Court requesting an informal conference to attempt to resolve this discovery dispute regarding defendants' failure to comply with the Court's April 13, 2021 order. ECF 84.

25.     On November 30, 2022, the Court held a telephone conference with the parties. ECF 85. During that conference, when I informed the Court that I had offered defendants additional time to comply with the Court's order, the Court commented that I did not have the authority to grant defendants' additional time to comply with the Court's order, that only the Court could do that, and that I should make a motion for contempt and for sanctions.

26.     The parties and then further conferenced these issues with the Court at an in-person conference on December 2, 2022. During that conference, the Court ordered defendants to comply with ECF 57, and specifically that defendants must comply with paragraphs 10, 11, 12 and 13 of the order at ECF 57. Per paragraph 10 of the order at ECF 57:

> "Defendants agreed and shall supplement their RFP responses to specify by Bates number which documents are responsive to each specific request. Defendants agreed and shall respond to each RFP separately. For any objections that were not waived and/or stricken, Defendants agreed and shall "state with specificity the grounds for objecting to the request, including the reasons," and shall "state whether any responsive materials are being withheld on the basis of that objection," as required by Rule 34(b)(2)(B) and (C)."

27.     On December 5, I sent a follow up email to defendants and requested that they comply with ECF 57, as discussed during the teleconference and at the in-person conference, and provide all outstanding discovery by December 23, 2022. (**Exhibit "D"**)

28.     Mr. Campolieto never responded to request additional time from plaintiff or from the court.

29.     On December 21, 2022, I spoke with Mr. Campolieto at City Hall (as I was there for plaintiff's deposition in the *Gursslin* matter), and he assured me that he "had the documents" and that he would have to send them to me on a disk because they are so large. I informed Mr. Camplieto that his office regularly sends me very large files electronically via the City's Share Drive system, and suggested he speak with his colleague Peachie Jones, as she had recently sent me many large electronic files containing RPD officers' body worn camera videos via the City's Share Drive system.

30.     Yesterday, on December 22, 2022, at 10:15 p.m., Mr. Campolieto emailed me and stated that he was in possession of the documents but he "need[s] a bit more time … to look at them" and that he was leaving for the holiday so he wasn't seeking permission from the Court for additional time to comply with the Court's order, but he was asking for my consent. **Exhibit "E"**

31.     Enough is enough. Plaintiff does not consent to defendants' request for any additional time to comply with the Court's April 13, 2021 order, as it has been almost two years since it was entered.

32.     Moreover, even if plaintiff consented, as the Court reminded the parties during the November 30, 2022 telephone conference, plaintiff lacks the authority to grant defendants request for additional time to comply with the Court's order—instead, only the Court can grant defendants' request for additional time to comply with the discovery order.

33.     Because defendants have refused to produce this outstanding paper discovery, numerous depositions remain outstanding. Thus, plaintiff also requests that the Court enter the proposed amended scheduling order that is annexed hereto as **Exhibit "F".**

34.     It is within this backdrop that Mr. Vann requests the Court enter an order holding defendants in contempt of court pursuant to Rule 37(b)(2)(A)(vii), granting plaintiff's costs and attorney's fees pursuant to Rule 37(b)(2)(C)[1], and entering a directed verdict on plaintiff's *Monell* claims, the Eleventh and Twelfth Claims for Relief in the First Amended Complaint, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i).

Dated: New York, New York             Respectfully Submitted,
      December 23, 2022                      ROTH & ROTH LLP


                            By: _____ ~/s/~ _____
                                Elliot Dolby Shields, Esq.
                                *Counsel for Plaintiff*
                                192 Lexington Ave, Suite 802
                                New York, New York 10016
                                Ph: (212) 425-1020


To:     All parties (via ECF)

---

[1] Notably, the rule mandates payment of expenses, including reasonable attorney's fees: "(C) *Payment of Expenses.* Instead of or in addition to the orders above, the court *must order* the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."