UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID VANN,

                    Plaintiff,

          vs.

CITY OF ROCHESTER, et al.,

                    Defendants.

DECISION AND ORDER
18-CV-6464-EAW-MJP

---

**Pedersen, M.J.** Presently before the Court is plaintiff David Vann's ("Plaintiff") motion for discovery sanctions pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 37.[1] (Not. of Mot., Dec. 23, 2022, ECF No. 91.) The Court reviewed papers submitted by Plaintiff and the City Defendants[2] in connection with this motion, heard oral argument January 31, 2023, and has considered the forgoing in reaching its decision on this motion.[3]

---

[1] While Plaintiff labeled his notice of motion as one "to Compel and for Discovery Sanctions," Plaintiff does not appear to ask the Court for any relief in the form of compelling discovery from the City Defendants. Rather, Plaintiff only seeks sanctions against the City Defendants.

[2] Plaintiff also commenced this action against "Police Officers 'John Does 1–10' (whose names are currently unknown) and other unidentified members of the Rochester Police Department." (Clerk's Docket.) However, the "John Does" did not join in the City Defendants' present motion.

[3] Plaintiff also sought to modify the scheduling order in place at the time he made this motion, but the Court has subsequently issued an amended scheduling order (ECF No. 104), rendering that portion of Plaintiff's motion moot.

## FACTUAL BACKGROUND

On December 7, 2020, Plaintiff filed a motion to compel and for discovery sanctions in connection with Plaintiff's First Set of Requests for Production of Documents, First Set of Interrogatories to the Defendant City, First Set of Interrogatories to the Officer Defendants, and First Set of Requests for Admission. (Not. of Mot., Dec. 7, 2020, ECF No. 45; Shields Dec. ¶ 8, ECF No. 91-2.) During a December 15, 2020, teleconference, the Court directed the parties to meet and confer on the issues raised in the motion and to inform the Court of any outstanding issues. (Minute Entry, Dec. 15, 2020, ECF No. 46; Letter from E. Shields to J. Campolieto, Apr. 5, 2021, ECF No. 54.) Thereafter, the parties kept the Court apprised of their progress and during an April 6, 2021, conference the Court ordered the parties to draft and settle a proposed order for the Court's signature regarding the parties' outstanding discovery issues related to Plaintiff's motion to compel. (Minute Entry, Apr. 6, 2021, ECF No. 55.) The undersigned "so ordered" the parties' stipulated order on April 13, 2021 (hereinafter "the Order"). (Order, Apr. 13, 2021, ECF No. 57.)

The Order contains 18 paragraphs. (*Id.*) Plaintiff's present motion concerns two separate groups of paragraphs—(1) 5 through 8; and (2) 10 through 13—and seeks the following relief:

    a.  pursuant to Rule 37(b)(2)(A)(vii), holding defendants in contempt of court for failure to comply with the Court's April 13, 2021 discovery order, ECF 57; and

b. pursuant to Rule 37(b)(2)(C), ordering that defendants must pay plaintiff's reasonable expenses, including attorney's fees, caused by defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; and

c. pursuant to Rule 37(b)(2)(A)(vi), granting default judgement in favor of plaintiff on his *Monell* claims—the Eleventh and Twelfth Claims for Relief—as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

d. pursuant to Rule 37(b)(2)(A)(i), finding that the facts alleged in the First Amended Complaint in support of plaintiff's *Monell* claims—the Eleventh and Twelfth Claims for Relief—be taken as established for the purposes of establishing *Monell* liability, as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

e. pursuant to Rule 37(b)(2)(A)(ii), prohibiting defendants from opposing plaintiff's *Monell* claims—the Eleventh and Twelfth Claims for Relief in the First Amended Complaint—as sanctions for defendants' failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

f. pursuant to Rule 37(b)(2)(A)(iii), striking defendants' answer for failure to comply with the Court's April 13, 2021 discovery order, ECF 57; or

g. pursuant to Rule 37(b)(2)(A)(iii), striking defendants' affirmative defenses for failure to comply with the Court's April 13, 2021 discovery order, ECF 57.

h. Pursuant to Fed. R. Civ. P. 16(b)(4) modifying the scheduling order and entering Plaintiff's Proposed Order, which is annexed hereto as Exhibit "F"; and

i. granting such other and further relief as the Court deems just and proper.

(Not. of Mot., Dec. 23, 2022, ECF No. 91; Shields Decl. ¶¶ 17, 19, 26, ECF No. 91-2.)

Paragraphs 5 through 8 of the Order provide as follows:

5. <u>RFPs 70–72</u>: By April 27, 2021, Defendants agreed and shall produce all documents demanded in RFPs No. 70–72, other than the documents demanded in RFP 70(f) and (g), as same have already been produced in this matter.

6. <u>Officer Personnel Files and Misconduct Records</u>: Defendants agreed and shall produce all "substantiated" and "unsubstantiated" records of civilian and internal complaints of misconduct for the Other Identified Officers and Officer Defendants. This includes the complete personnel files, Professional Standard Section files, Civilian Review Board files, disciplinary records, all complaints of misconduct, and all internal investigatory records for complaints of misconduct.

4

7. <u>**List of Officer Misconduct Records**</u>: To avoid duplicate production, by April 27, 2021, Defendants agree to produce a list of all civilian and internal complaints of misconduct for the Other Identified Officers and Officer Defendants. Plaintiff shall compare the list to the materials Defendants produce in response to item no. 5 in this Order, and shall serve a demand on Defendants for the materials specified in item no. 6 of this Order that were not produced in response to item no. 5 of this Order.

8. <u>**Production of Officer Personnel Files and Misconduct Records**</u>: Within three weeks of receiving the demand from Plaintiff of the materials identified in item no. 7 of this Order, Defendants agreed and shall respond and produce all materials demanded.

(Order ¶¶ 5–8, ECF No. 57.)

Plaintiff contends that he served his demand in connection with the above paragraphs on October 10, 2022, which rendered the City Defendants' responses due on or before October 31, 2022[4]. (Shields Aff. ¶ 19, ECF No. 91-2.) The City Defendants did not serve their responses until January 23, 2023—three months and thirteen days after they were due pursuant to the Order. (Campolieto Decl. ¶ 18, ECF No. 101.) In his initial papers, Plaintiff characterizes the October 10, 2022, demands as those referenced in paragraphs 5 through 8 of the Order (Shields Aff. ¶ 19, ECF No. 91-2.) In supplemental briefing on this issue requested by the Court

---

[4] Plaintiff erroneously calculated November 1, 2022, to be three weeks from October 10, 2022. (Shields Aff. ¶ 20, ECF No. 91-2.) The correct date is October 31, 2022.

Plaintiff maintains this characterization. (Pl.'s Supp. Briefing at 2, Jul. 20, 2023, ECF No. 116.) In their opposition, however, the City Defendants characterized Plaintiff's October 10, 2022, demands as "supplemental," which left the Court confused as to whether the City Defendants disputed that they were served pursuant to the Order. (Campolieto Dec. ¶ 20, ECF No. 101.) In their supplement briefing requested by the Court, Defendants clarified that "the parties are in agreement that what was referred to as a 'supplemental demand' and the October 10, 2022 letter are the same document." (Defs.' Supp. Resp. ¶ 8, Jul. 25, 2023, ECF No. 117.)

The other set of paragraphs at issue in the Order are 10 through 13, which provide as follows:

10. **Defendants to Supplement their RFP Responses**: Defendants agreed and shall supplement their RFP responses to specify by Bates number which documents are responsive to each specific request. Defendants agreed and shall respond to each RFP separately. For any objections that were not waived and/or stricken, Defendants agreed and shall "state with specificity the grounds for objecting to the request, including the reasons," and shall "state whether any responsive materials are being withheld on the basis of that objection," as required by Rule 34(b)(2)(B) and (C). However, where Defendants assert the same objections to numerous requests, they may respond to the requests collectively, but must state if responsive materials are being withheld on the basis of said

objections. The RFPs to be supplemented include each RFP to which they asserted "bulk" responses: RFP Nos. 54–66, 67–69, 70–72, 73–82, 83–93, and 120–124.

11.   **RFP Responses Referencing "Shared Files" etc. to be Supplemented**: Defendants agreed and shall withdraw the portion of every RFP response where Defendants responded by stating "See all Shared File Links and portal links", "See Shared File 3", by directing Plaintiff to search for data on a website. Defendants agreed to and shall supplement each such request to specify by Bates number which documents are responsive to each specific request. To the extent responsive materials are contained on any websites, Defendants must produce said materials, and where applicable and not previously indicated, Bates number them. This includes: the "General Objections" and RFP Nos. 24, 36, 41, 42, 43, 44, 45, 47, 48, 51, 52, 83–93, 94–120.

12.   **Defendants waived certain RFP Objections**: Defendants waived the objections to each RFP where Defendants responded by stating an objection to the RFP, but then responded to the RFP, either by stating "notwithstanding and without waiving these or the general objections," or otherwise. *Fischer* v. *Forrest*, No. 14 Civ. 1304 (PAE) (AJP), 2017 WL 773694 at *3 (S.D.N.Y. Feb. 28, 2017); *Edwards* v. *Hearst Commc'ns*, No. 15-CV-9279 (AT) (JLC), 2017 2017 WL 6458612, at *6 (S.D.N.Y. Dec. 18, 2017). Defendants agreed and shall supplement said RFP responses by

withdrawing the objections, and where applicable and not previously indicated, specifying by Bates number which documents are responsive to each specific request. This includes RFP nos.: 2, 4, 6, 7, 8, 12, 13, 18, 19, 20, 21, 23, 25, 26, 27, 28, 29, 33, 34, 35, 36, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53.

13. **Other Specific Supplemental RFP Responses**: Defendants agreed to and shall supplement their responses, where applicable and not previously indicated, to specify by Bates number which documents are responsive to each specific request, and shall produce all responsive materials for RFPs No: 9, 10, 11, 22, 24, 31, 37, 38, 39.

(Order ¶¶ 10–13, ECF No. 91-2.)

Plaintiff contends that the City Defendants "have failed to comply with paragraphs 10, 11, 12, and 13 of that order." (Shields Aff. ¶ 17, ECF No. 91-2.) The Order does not provide a deadline by which the City Defendants were to comply with paragraphs 10 through 13. (Order ¶¶ 10–13.) Plaintiff asserts that the Court ordered Defendants to "comply with paragraphs 10, 11, 12 and 13 of the order at ECF 57" at an in-person conference on December 2, 2022. (Shields Dec. ¶ 26; Shields Reply Dec. ¶ 9, ECF No. 103.) Plaintiff is correct that the City Defendants do not address paragraphs 10 through 13 of the Order in their response to Plaintiff's present motion. (Shields Reply Dec. ¶ 4, ECF No. 103; *see generally*, Campolieto Dec., ECF No. 101.)

Finally, paragraph 18 of the Order provides, in relevant part, as follows:

8

18. **<u>Further Motion Practice</u>**: If the City Defendants fail to provide adequate responses to Plaintiff's discovery demands or otherwise violate this order, the Court will entertain a motion by Plaintiff pursuant to FRCP 37 to compel appropriate responses and for discovery sanctions.

(Order ¶ 18, Apr. 13, 2021, ECF No. 57.)[5]

## ANALYSIS

Rule 37(b)(2)(C) provides, in relevant part, as follows:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

    **(1) *Failure to Disclose or Supplement.*** If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

        **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

        . . .

        **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37.

"Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of a variety of different sanctions on a party who fails to comply with his or her

---

[5] In addition to its Order issued on April 13, 2021, regarding Plaintiff's motion to compel, the Court also issued a Decision and Order on that same date denying Plaintiff's motion for sanctions against the City Defendants, but in which the Court indicated that it was "troubled by Defendants' unresponsiveness to Plaintiff's repeated correspondence, as well as Defendants' failure to follow through on providing promised discovery. While the undersigned finds that sanctions are not warranted as Defendants did comply with the July 21, 2020 order to provide responses to Plaintiff's discovery demands . . . the undersigned cautions Defendants that further conduct of the nature described above may result in sanctions." (Decision and Order at 4, Apr. 13, 2021, ECF No. 58.)

discovery obligations." *Richard v. Dignean*, No. 11-CV-6013W, 2017 WL 3083916, at \*3 (W.D.N.Y. Jul. 20, 2017); *see Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("A party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37."). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied* 528 U.S. 1119 (2d Cir. 2000) (citation omitted); *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37 . . . .").

> In imposing Rule 37 sanctions, . . . courts properly consider various factors, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance."

*Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).

"Disciplinary sanctions for failure to comply with Rule 37 are intended to serve three purposes." *Arnold v. Krause, Inc.*, 233 F.R.D. 126, 129–30 (W.D.N.Y. 2005).

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Id.* at 130 (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)).

"[I]f parties are allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules." *Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1068 (quotation omitted).

"When determining the appropriate remedy for a violation of Rule 37(b), a court should impose the least harsh sanction that will serve as an adequate remedy; the range of sanctions, from the least harsh to the harshest, include further discovery, cost-shifting, fines, special jury instructions, preclusion, entry of default judgment, and dismissal." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 497 (S.D.N.Y. 2022) (internal quotations and citations omitted). "Dismissal of a lawsuit, or its analogue, striking an answer, is appropriate if 'there is a showing of willfulness, bad faith, or fault on the part of the sanctioned party.'" *Occhino v. Citigroup Inc.*, No. CV-03-5259 (CPS), 2005 WL 2076588, at *11 (E.D.N.Y. Aug. 26, 2005) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). This high bar is set because dismissal is considered a "drastic remedy that should be imposed only in extreme circumstances." *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (quotation omitted).

11

As the Second Circuit has explained, "a party that disregards its [discovery] obligations may create a reasonable suspicion that further investigation is warranted, and thereby imposes costs on its adversary that would never been incurred had the party complied with its obligations in the first instance[,]" and an award of monetary sanctions compensates the adversary "for costs it should not have had to bear." *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 634 (2d Cir. 2018). An award of fees and costs must be limited to "reasonable" expenses "caused by" the malfeasant party. Fed. R. Civ. P. 37(b)(2)(C).

### *Paragraphs 5 through 8 of the Order.*

As discussed above, the City Defendants have admitted that the demands served by Plaintiff on October 10, 2022, were served pursuant to the Order. (Defs.' Supp. Resp. ¶ 8, ECF No. 117.) The Order required the City Defendants to provide a response to paragraphs 5 through 8 within three weeks of service of those demands, which means their response was due on or before October 31, 2022. (Order ¶ 8, ECF No. 57.) However, the City Defendants did not provide their response until January 23, 2023—three months and thirteen days after they were due. (Campolieto Dec. ¶ 15, ECF No. 101; Shields Reply Dec. ¶ 5, ECF No. 103.) The Court, therefore, finds that the City Defendants violated its discovery order and that it must award Plaintiff reasonable expenses caused by the City Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(C). Plaintiff may submit a fee application for reasonable costs and attorney's fees within 30 days of the entry of this order in connection with his counsel's preparation of this portion of his motion.

***Paragraphs 10 through 13 of the Order.***

The Court finds the City Defendants' lack of response to paragraphs 10 through 13 of the Order to be very troublesome. While the Court did not include a deadline by which to provide responses in connection with those paragraphs in the Order, it is extremely concerning that the City Defendants, to the best of the Court's knowledge, have yet to comply with the Order despite the passage of over two years since the Court issued it. Even more concerning is that the City Defendants do not even provide any justification for failing to provide this discovery. The City Defendants must comply with paragraphs 10, 11, 12, and 13 of the Order by **August 17, 2023.**

**The Court hereby warns the City Defendants that the failure to comply with the present order or the Order, including but not limited to the aforementioned paragraphs 10, 11, 12, and 13 of the Order, by August 17, 2023, will result in sanctions, which could include any sanctions provided for under Fed. R. Civ. P. 37, including dismissal of this action and directing the City Defendants to pay Plaintiff's counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Plaintiff pursuant to Rule 37. The Court further warns the City Defendants that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction provided under the Federal Rules.**

***Plaintiff's Other Requested Relief***

With respect to Plaintiff's remaining requests for relief listed in paragraphs "c" through "h" of his notice of motion (ECF No. 91), based upon the papers submitted it is unclear whether the City Defendants' failure to comply with their discovery obligations and this Court's Order is a function of intentional obstruction or mere incompetence. In either event, the failure is egregious and has consumed valuable judicial resources in an effort to get the City Defendants to comply with basic discovery obligations. Nonetheless, while the Court is disturbed by the City Defendants' blatant disregard for court-ordered deadlines and their discovery responsibilities, it concludes that the harsher sanctions requested above are not appropriate in this case but rather that monetary sanctions sufficiently address Defendants' conduct.

***Modification of Scheduling Order***

To the extent the present motion seeks to modify the scheduling order as it existed at the time Plaintiff filed this motion, this request is moot. The Court has since entered three amended scheduling orders, rendering the deadline extensions requested in Plaintiff's motion moot. (Shield's Dec. ¶ 3, ECF No. 91-2; Shields Dec., Ex. 8, ECF No. 91-8; Am. Scheduling Order, Feb. 1, 2023, ECF No. 104; Sixth Am. Scheduling Order, May 8, 2023, ECF No. 111; Seventh Am. Scheduling Order, Jul. 14, 2023, ECF No. 115.)

## CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's motion to the

extent he sought sanctions in connection with paragraphs 5 through 8 of the Order. Plaintiff is directed to submit an application for reasonable attorney's fees and costs incurred in making that portion of the motion within thirty days of entry of this order. The Court denies Plaintiff's motion in all other respects. Finally, Defendants are directed to provide their responses to paragraphs 10 through 13 of the Order by August 17, 2023.

**IT IS SO ORDERED.**

DATED:  August **3**, 2023
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge