**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID VANN, <br>          Plaintiff, <br> -against- <br> CITY OF ROCHESTER, et al., <br>          Defendants. | **DECLARATION OF ELLIOT D. SHIELDS** <br><br> **18-cv-6464 (EAW)(MJP)** |

ELLIOT D. SHIELDS, hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am associated with Roth & Roth, LLP, where I represent plaintiffs in personal injury and civil rights lawsuits.

1. We are counsel for the Plaintiff and as such I am fully familiar with the facts and circumstances of this action.

2. I respectfully submit this Declaration in response to the City's opposition and in further support of Plaintiff's application for an Order directing payment of fees and costs pursuant to this Court's order at Dkt. No. 118.

3. After the underlying application was filed on September 1, 2023, Judge Geraci issued a decision and order granting in part and denying in part the City's motion for summary judgment in *Silvon S. Simmons v. Joseph M. Ferrigno, II, et al.*, 17-cv-6176 (Sept. 14, 2023) (Dkt. No 153). A true and correct copy of that decision is annexed hereto as **Exhibit "A"**.

4. Notably, Juge Geraci dismissed the plaintiff's *Monell* claim against the City, which is similar in many ways to one of plaintiff's *Monell* claims in this case in that it alleges the City fails to adequately supervise and discipline officers who use excessive force.

5. I had a conversation with Charlie Burkwit about the summary judgment decision on September 21, 2023. In particular, we discussed dismissal of the *Monell* claim, and discovery that the City had not produced in the case.

6. Annexed hereto as **Exhibit B** is a true and correct copy of the Plaintiff's First Request for Production of Documents, Electronically Stored Information and Tangible Things ("Demands") in Simmons, dated January 27, 2020.

7. Annexed hereto as **Exhibit C** is a true and correct copy of the Affidavit of Charlie Burkwit in support of Plaintiff's Fifth Motion to Compel and for Sanctions in the Simmons Case, filed there at ECF 102-1.

8. Mr. Burkwit explained that in *Simmons*, the City refused to produce PSS files that predated the incident for Defendant Joeseph Ferrigno II, and claimed that many of the other complaints sought by Plaintiff no longer exist because of the Professional Standards Section's purge policy.

9. After the Plaintiff in Simmons filed a Fourth Motion to Compel with respect to prior complaints of misconduct concerning the use of excessive force—demands 1 (dd) and 1 (ee) in his first Request for Production of Documents (Exhibit B)—Mr. Campolieto told him that the files could not be produced because they were destroyed pursuant to the City's records retention policy. See Exhibit "C" at ¶¶ 101-102.

10. I informed Mr. Burkwit that in this case, the City had produced 42 gigabytes of PSS files going back to 1991, including numerous files for Joseph Ferrigno Jr. that predated the April 1, 2016 incident in *Simmons*.

11. In fact, in this case, the City produced the following PSS files for officer Ferrigno that predated the April 1, 2016 incident in *Simmons:*

a. 2010-1217 (Ferrigno excessive force, and failure to complete an SRR)

b. 2011-1055 (Ferrigno and others, retaliatory ticketing of cars outside the Flying Squirrel Community Space because of the Emily Good incident)

c. 2012-0568 (Ferrigno excessive force and Racially insensitive remarks)

d. 2013-0641 (Ferrigno and Libertore – discourtesy and threats of physical violence to minors)

e. 2015-0929 (Ferrigno insubordination sustained)

12. Additionally, in this case, the City produced the following PSS files for officer Thomas Rodriguez that predated the April 1, 2016 incident in *Simmons*:

a. 1993-1003 (T. Rodriguez mva)

b. 1997-0566 (T. Rod - truthfl. and force)

c. 1997-0546 (T. Rod. - untruthfulness sustained)

d. 1999-0987 (T Rod - failure to take report)

e. 2000-0028 (T Rod - untruthful and insubordinate)

f. 2000-0284 (T Rod - MVA)

g. 2000-1123 (T Rod - failure to report, discourteous and untruthful)

h. 2006-0226 (T Rod MVA)

i. 2007-0927 (T Rod MVA)

j. 2013-1289 (T Rodriguez - sustained FB post about Warren's husband)

k. 2014-0243 (T Rodriguez - sustained kicking handcuffed subject - interference w recording)

13. Notably, in *Simmons*, the Plaintiff specifically requested misconduct files for officer Thomas Rodriguez in support of the Monell claim. Exhibit "B" at p 9, Demand 1 (ee).

14. For these reasons and the reasons explained in the underlying fee application, Plaintiff respectfully requests that the Court enter an order granting Plaintiff a total of **$6,270** as reasonable attorney's fees directly related to the portion of the motion that sought contempt sanctions for Defendants' failure to comply with paragraphs 5-8 of the Court's Order.

Dated: New York, New York  
       September 29, 2023

Respectfully Submitted,  
ROTH & ROTH LLP

By: _____~/s/~_____  
Elliot Dolby Shields, Esq.  
*Counsel for Plaintiff*  
192 Lexington Ave, Suite 802 New York,  
New York 10016  
Ph: (212) 425-1020

To: All parties (via ECF)