UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID VANN,

                          Plaintiff,                      DECISION AND ORDER

vs.                                    18-CV-6464-EAW-MJP

CITY OF ROCHESTER, et al.,

                          Defendants.
_____

**Pedersen, M.J.** Presently before the Court is plaintiff David Vann's ("Plaintiff") motion for attorney's fees pursuant to Federal Rule of Civil Procedure 37(c)(1)(A) and this Court's Decision and Order, dated August 3, 2023 (ECF No. 118). (Pl.'s Not. of Mot., Sept. 1, 2023, ECF No. 120.) The August 3, 2023, Decision and Order granted, in part, Plaintiff's motion for discovery sanctions (ECF No. 91) and directed Plaintiff "to submit an application for reasonable attorney's fees and costs incurred in making that portion of the motion" that sought sanctions for Defendants' failure to comply with paragraphs 5 through 8 this Court's April 13, 2021, Decision and Order (ECF No. 57 [the "Order"]). (Decision and Order at 12, 15, ECF No. 118.) After reviewing the papers submitted by both parties, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney's fees.

## FACTUAL BACKGROUND

On December 7, 2020, Plaintiff filed a motion to compel and for discovery sanctions in connection with Plaintiff's First Set of Requests for Production of Documents, First Set of Interrogatories to the Defendant City, First Set of Interrogatories to the Officer Defendants, and First Set of Requests for Admission.

1

(Not. of Mot., Dec. 7, 2020, ECF No. 45; Shields Dec., ¶ 8, Dec. 23, 2023, ECF No. 91-2.) During a December 15, 2020, teleconference the Court directed the parties to meet and confer on the issues raised in the motion and to inform the Court of any outstanding issues. (Minute Entry, Dec. 15, 2020, ECF No. 46; Letter from E. Shields to J. Campolieto, Apr. 5, 2021, ECF No. 54.)

Thereafter, the parties kept the Court apprised of their progress and during an April 6, 2021, conference the Court ordered the parties to draft and settle a proposed order for the Court's signature regarding the parties' outstanding discovery issues related to Plaintiff's motion to compel. (Minute Entry, Apr. 6, 2021, ECF No. 55.) The undersigned "so ordered" the parties' stipulated order on April 13, 2021. (Order, ECF No. 57.)

The Order required Plaintiff to serve a demand to obtain discovery related to paragraphs 5 through 8 of the Order and it further directed Defendants to respond to the demand "[w]ithin three weeks of receiving the demand from Plaintiff." (*Id.* ¶ 8.) Plaintiff served his demand on October 10, 2022, and after Plaintiff filed the motion for sanctions that led to the present motion on January 23, 2023 (ECF No. 91), Defendants produced discovery related to paragraphs 5 through 8 of the Order. (Shields Dec. ¶ 22, ECF No. 120-1.) Defendants' response was well over the allotted three weeks permitted by the Order.

Prior to issuing a decision on Plaintiff's motion for sanctions (ECF No. 91), and at the Court's request, on July 20, 2023, Plaintiff provided supplemental briefing related to paragraphs 5 through 8 of the Order. (ECF No. 116.) Defendants provided supplemental briefing on August 17, 2023. (ECF No. 119.)

On September 1, 2023, Plaintiff filed the pending motion for attorney's fees, seeking $6,270 in fees "which includes the work in bringing the portion of the motion for sanctions that sought Defendants' compliance with paragraphs 5–8 of the Order at ECF 57." (Shields Dec., ¶ 20, ECF No. 120-1.) Plaintiff seeks compensation at an out-of-district rate of $550 per hour for 11.4 hours of work. (*Id.* ¶ 29.) Defendants submitted their opposition September 22, 2023 (ECF No. 123). Plaintiff filed his reply on September 29, 2023 (ECF No. 124).

## ANALYSIS

As indicated above, the Court has determined, and Defendants do not dispute, that Defendants violated the Order (ECF No. 57) by failing to provide discovery in a timely manner. (Decision and Order at 12, Aug. 3, 2023, ECF No. 118; Campolieto Dec. ¶ 5, Sept. 22, 2023, ECF No. 123.) The Court has also already awarded reasonable attorney's fees and costs to Plaintiff as a sanction for Defendants' conduct. Accordingly, the Court is now tasked with determining the reasonableness of Plaintiff's attorney's fees application. Fed. R. Civ. P. 37(c)(1)(A) states:

> **(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
>
> **(1) Failure to Disclose or Supplement.** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

*Id.*

The Second Circuit has provided:

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Southern New England Telephone Company v. Global NAPs Inc.*, 624 F.3d 123, 149 (2d Cir. 2010) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).

In its decision in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2008), the Court of Appeals panel recommend the following considerations when awarding reasonable attorney's fees:

> We think the better course—and the one most consistent with attorney's fees jurisprudence—is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

*Id.* at 190.

Prevailing Second Circuit opinions implicitly recognize that the reasoning behind the calculation of attorney's fees awarded under a fee shifting statute is not precisely analogous to an award of attorney's fees as a disciplinary sanction pursuant to Rule 37. "The general purpose of fee-shifting statutes . . . is to permit plaintiffs with valid claims to attract effective legal representation and 'thereby to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole.'" *Green v. Torres,* 361 F.3d 96, 100 (2d Cir. 2004) (quoting *Quaratino v. Tiffany,* 166 F.3d 422, 426 (2d Cir. 1999)). As such, in calculating an award of attorney's fees pursuant to a fee-shifting statute, much consideration is given to the "forum rule," which provides that "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. New York City Transit Authority,* 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations and citation omitted).

In contrast, attorney's fees awarded as sanctions are not intended only as compensation of reimbursement for legal services, but also serve to deter abusive litigation practices and, as such, district courts have discretion in determining the amount of an attorney's fee awarded as sanctions. *Caisse Nationale de Credit Agricole–CNCA, New York Branch v. Valcorp, Inc.,* 28 F.3d 259, 266 (2d Cir. 1994) (acknowledging "principal objective" of sanctions "is not compensation of the victimized party, but rather the deterrence of baseless filings and the curbing of abuses" arising in the litigation process). Inasmuch as the fee award here is a sanction, the presumption of an in-forum hourly rate is less applicable. *See, e.g., Ceglia v. Zuckerberg*, No. 10-CV-569A(F), 2012 WL 503810, *9 (W.D.N.Y. Feb. 14, 2012).

5

The Second Circuit has also addressed when the application of an out-of-district rate is appropriate. In *Arbor Hill* the Second Circuit wrote:

> We now clarify that a district court may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted—albeit only in the unusual case—if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill.

*Arbor Hill*, 522 F.3d at 191.

Finally, both the Supreme Court and Second Circuit utilize the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—to create a "presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted); *see also Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542 (2010). Adjusting the lodestar is appropriate in "rare and exceptional circumstances." *Perdue,* 559 U.S. at 552.

***Presumptively Reasonable Hourly Rate***

The Court first considers whether the hourly rate requested by the party is reasonable. Plaintiff's counsel asserts that he is entitled to a rate of $550 per hour, which he contends is "his customary out-of-district Manhattan billing rate." (Pl.'s Mem. of Law at 4, ECF No. 120-8.) Plaintiff asserts that he is entitled to this rate, rather than the customary in-district rate because this case is analogous to *Casaccia v. City of Rochester*, 17-CV-6323, in which this Court awarded Plaintiff

attorney's fees at the requested out-of-district rate of $475 per hour. In *Casaccia*, the Court awarded the out-of-district rate because

> Mr. Shields has filed 23 cases in the Court dealing with civil rights. The undersigned has witnessed his performance in at least two other cases and notes the expertise he projects in doggedly pursuing civil rights claims under *Monell*. In the undersigned's over twenty years with the Western District of New York, no other counsel practicing has so vigorously pursued the discovery necessary to mount a potentially successful *Monell* claim. Therefore, it is reasonable that Mr. Thompson, who originally brought this case on Plaintiffs' behalf, sought Mr. Shields' expertise. Mr. Shields has practiced with the Roth & Roth firm since 2016 and maintains an office in New York City. Roth & Roth, https://www.rothandrothlaw.com/elliot-shields-attorney/ (last visited Sept. 8, 2021). He has experience in the trial and appellate courts. (Def.s' Mem. of Law at 19–20, ECF No. 93-1.) The Court Finds that retention of an out-of-district attorney for this case is reasonable, as is Mr. Shields's discounted hourly rate of $475.00.

(*Casaccia v. City of Rochester*, 17-CV-6323, Decision and Order, Sept. 15, 2021, ECF No. 108.)

With respect to the hourly rate Plaintiff's counsel requests, Defendants contend that Mr. Shields is trying to create a "non-existent, novel, Monell (sic) discovery fee standard." (Campolieto Dec. ¶ 6, ECF No. 123.) Defendants further contend that Plaintiff's "navigating a delay motion for contempt is not an issue where out of district attorney rates are required or sought out." (*Id.* ¶ 9.) Defendants conclude that Plaintiff should be awarded an hourly fee of $350. (*Id.* ¶ 2; Defs.' Mem. of Law at 2[1], ECF No. 123-3.)

---

[1] The page numbers referenced are to those automatically assigned when the document was electronically filed on CM/ECF.

The Court agrees with Plaintiff that this case is analogous to *Casaccia* as they both involve an award of attorney's fees as a sanction under Rule 37 for failing to provide discovery, as opposed to fees awarded under a fee-shifting statute. In addition, both cases involve Plaintiff's attempts to obtain *Monell* discovery. Accordingly, the Court finds that an award of the out-of-district rate is warranted here based on the same reasons provided in *Casaccia*.

However, in *Casaccia* Plaintiff's counsel, Mr. Shields, indicated that his customary hourly rate was $540, but that he voluntarily reduced his rate to $475 per hour for that matter. (*Casaccia v. City of Rochester,* 20-CV-6323-FPG-MJP, Shields' Dec. ¶ 38, Oct. 8, 2020, ECF No. 93-2.) The Court found Plaintiff's reduced rate of $475 to be reasonable in that case. (20-CV-6323-FPG-MJP, Decision and Order at 8, ECF No. 108.) The Court does not depart from that finding here, determining that an out-of-district hourly rate of $475 is appropriate.

***Reasonableness of Number of Hours Sought***

In addition to evaluating the reasonableness of the hourly rate sought, the Court must also consider whether "the number of hours for which compensation sought is reasonable." *Eisner v. Enhanced Recovery Co., LLC*, No. 17-CV-1240 (LDH)(ST), 2021 WL 3230685, at *5 (E.D.N.Y. June 30, 2021) (citation omitted), *report and recommendation adopted as modified*, 2021 WL 3207039 (E.D.N.Y. July 29, 2021) (citation omitted).

Plaintiff seeks compensation for 11.4 hours of work, which Plaintiff asserts is reasonable and was "[t]he total number of hours Plaintiff's counsel expended in connection with Plaintiff's efforts to obtain the *Monell* discovery that Plaintiff

8

sought pursuant to paragraphs 5–8 of the Court's Order at ECF 57." (Shields Dec. ¶ 29; Pl.'s Mem. of Law at 3, ECF No. 120-8.)

Defendants contend that "some of the items Plaintiff's attorney seeks fees for are not related to the actual motion to compel[2] but instead pre-motion discovery and review and items related to discussions with the Court after the initial hearing on the Motion." (Campolieto Dec. ¶ 8.) Defendants assert that Plaintiff should also not be compensated for certain billed hours because they do not relate to paragraphs 5 through 8 of the Order. (Defs.' Mem. of Law at 6, ECF No. 123-3.) In addition, they assert that Plaintiff should not be compensated for responding to the Court's request for clarification regarding discovery that Defendants referred to as a supplemental response. (Campolieto Dec. ¶ 9.) Defense counsel lists time entries in his declaration that Defendants contend were improperly included in Plaintiff's motion for attorney's fees. (*Id.*) Accordingly, Defendants ask the Court to reduce the number of hours awarded to 6.2 hours. (*Id.*)

The Court has reviewed the time entries provided by Plaintiff and agrees with Defendants that the time billed prior to Plaintiff's drafting of the motion for sanctions is not recoverable under the Court's August 23, 2023, Decision and Order (ECF No. 118). This includes time entries for the time period 10/31/22 through 12/22/2022, for a total amount of 3.5 hours. (*See*, Shields Dec. Ex. A, ECF No. 120-1.) The Court also agrees that Plaintiff's motion for sanctions addressed relief

---

[2] The Court believes that Defendants meant to refer to Plaintiff's motion for sanctions as that is the motion for which the Court indicated Plaintiff could seek an award of attorney's fees. (ECF No. 118.)

9

requested in connection with paragraphs 10 through 13 of the Order and that this portion is not recoverable. The Court therefore discounts Plaintiff's 12/23/22 time entry by one (1) hour, finding it appropriate for Plaintiff to charge 3.2 hours for drafting the motion for sanctions.

The Court is not persuaded, however, that it should discount Plaintiff's hours related to the supplemental briefing (time entries from 7/20/23 and 7/25/23) because the Court specifically requested that briefing to seek clarification regarding whether discovery provided to Plaintiff was in response to paragraphs 5 through 8 of the Order. Based upon the forgoing the Court awards Plaintiff 6.9 hours.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorney's fees (ECF No. 120) and directs Defendants to remit payment in the amount of $3,277.50 to Plaintiff's counsel within thirty (30) days of the entry of this Decision and Order.

**IT IS SO ORDERED.**

DATED:   December 28, 2023
         Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge