UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID VANN,

                     Plaintiff,

    v.

CITY OF ROCHESTER, et al.,

                     Defendants.

STATEMENT OF UNDISPUTED FACTS

Case No.: 18-cv-6464

## Fed. R. Civ. P. 56(c)(1)(A) STATEMENT OF UNDISPUTED FACTS

No Fed. R. Civ. P. Rule 56 (c)(1) Statement of Undisputed Facts was submitted with the Plaintiff's Motion for Summary Judgment, therefore these facts in support of the Response to the Motion for Partial Summary Judgement, are undisputed upon a review of the case files and discovery in this matter.

1. On September 4, 2015 three Rochester Police Department Officers responded to an Emergency Communication call for a Trespass at A and Z Market located at 439 South Avenue (hereinafter "the store").   (Exhibit E, p. 3, ¶1)

2. Officer Jeffrey Kester, Matthew Drake and Steve Mitchell arrived at the store at approximately 11:30 p.m. on September 4, 2015.  (Exhibit F, ¶1).

3. An employee of the store (Algazall) stated that he the Plaintiff entered the store and attempted to buy beer but did not have identification.  (Exhibit D pg. 1)

4. Algazall stated that the Plaintiff was told to leave, escorted out of the store and then returned; after which a fellow employee called 911 for assistance. (Exhibit D, p.1)

5. Plaintiff was told to leave the store by all three officer who initially arrived on the scene. (Exhibits A-C, Exhibit E, p 3, ¶1)

6. At times, Plaintiff was somewhat non-responsive to the officers and other times he was stating that he did not have to leave the store was owed money. (Exhibits A-C, Exhibit E, p 3, ¶2)

7. Officer Mitchell attempted to get Plaintiff out of the store and he eventually complied and left the store. (,Exhibit E, p 3, ¶2)

8. After Plaintiff left the store he turned around and began to argue with the officers and raised his fists in a fighting stance. (See Kester Affidavit and, Exhibit E, p 3, ¶2)

9. Plaintiff resisted by moving away from the officers, resisting with hands, feet and body weight and was subsequently arrested by Officer Mitchell after he moved towards the officer with a raised fist. Exhibit F, p.2, G and H *passim*.)

10. Officer Mitchell attempted to grab Plaintiff's left hand and did attach a handcuff to that hand.  (Exhibit F, p.2)

11. Officer Kester attempted to grab Plaintiff's right hand but was unsuccessful in attaching the handcuff at that time.  (See Kester Affidavit).

12. Plaintiff moved away from the officers and Officer Kester attempted to take Plaintiff to the ground using a bent arm bar technique.  (See Kester Affidavit).

13. The movement of Plaintiff caused Officer Kester to fall on the Plaintiff but Kester was successful in attaching a handcuff to his right hand. (See Kester Affidavit).

14. In attempting to arrest Plaintiff the police officers struggled with taking custody of Plaintiff and controlling him, due to his active resistance. (Exhibits F and G, *passim*).

15. When Officer Kester attempted to bring the Plaintiff to the ground to handcuff him in a secure manner, Plaintiff fell on Officer Kester and broke his leg. (See Kester Affidavit).

16. Officer Drake stayed on the ground to assist Officer Kester with his injury and provide security as there were crowds watching from across the street.  (Exhibit H, ps. 25-26.).

17. After Officer Kester's broken leg, there were now only two officers at an active crime scene with the Plaintiff actively resisting and a crowd forming around the injured officer.  (Exhibit H, ps. 25-26.).

18. Officer Kester asked for space due to his broken leg and Officer Mitchell stood Plaintiff up and attempted to bring him to his car.  Mitchell was one on one with the Plaintiff and Plaintiff immediately pulled away from Mitchell, Mitchell attempted take Plaintiff to the ground to secure him, first by a hooking technique and then verbally, neither technique was effective.. (Exhibit F, p.2)

19. When the Plaintiff moved away and then back towards Officer Mitchell, and refused to get on the ground, Mitchell used a jab punch, which he deemed effective.   .. (Exhibit F, p.2)

20. ..Plaintiff had not yet been searched and was making movements towards his waistband.   These movements caused apprehension and fear in the officers (Exhibit F, p.2, See Exhibit A, p. 318, See Exhibit E)

21. Plaintiff, with the use of his body, and Officer Mitchell, actively fought with each other in a standing position and then on the ground, along with Officer Mitchell. (Exhibit H, p. 26,  Exhibit F, p.2)

22. Officer Drake saw Officer Mitchell fighting with Plaintiff and went to assist and help Mitchell get Plaintiff back into custody.    When the officers and the Plaintiff fell to

the ground, Officer Drake suffered a broken collarbone and was incapacitated. (Exhibit H, p. 26)

23. Officer Mitchell continued to fight with the resisting plaintiff who was reaching for his pants waistband.

24. Officer Mitchell used various techniques to attempt to control plaintiff including OC spray bursts and takedown techniques.

25. Officer Mitchell was engaged one on one with the Plaintiff and for a time with no officers to assist him due to Officers Kester and Drake being incapacitated  This caused exhaustion and danger for Officer Mitchell being alone and engaged with a suspect that actively resisting him, and that suspect had not yet been searched for weapons. See Exhibit A, p. 297-318)

26. Eventually other officers arrived to assist and Plaintiff was secured, searched and taken into custody.

27. Plaintiff was charged with Trespass, Assault in the 2nd Degree with intent to injure an Officer and Resisting Arrest.

28. The charges were ultimately dismissed after a jury trial.

Dated: May 24, 2024

PATRICK BEATH,
CORPORATION COUNSEL

/s/ JOHN M. CAMPOLIETO

_____
BY: John M. Campolieto, Esq., of Counsel
Attorneys for Defendants
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To::   ROTH & ROTH LLP

Elliot D. Shields, Esq.
*Attorneys for Plaintiff*
192 Lexington Avenue,
Suite 802 New York, New York 10016 (212) 425-1020
eshields@rothandrothlaw.com