UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID VANN,

    Plaintiff,

v.

CITY OF ROCHESTER, et al.,

    Defendants.

**AFFIDAVIT**

Case No.: 18-cv-6464

STATE OF NEW YORK)
COUNTY OF MONROE)   SS:
CITY OF ROCHESTER)

    JEFFREY KESTER, being duly sworn, deposes and says, under penalty of perjury, says as follows:

    1.    I am currently an Investigator with the Rochester Police Department; in 2015 I was was a road patrol officer employed by the Rochester Police Department.

    2.    I submit this affidavit in support of Defendants' Response to Plaintiff's Motion for Summary Judgment.

    3.    On September 4, 2015, I was patrolling, as part of my job duties, and heard an emergency call for customer trouble at A&Z mini mart on South Avenue.

    4.    When I arrived at the store Officer Drake was speaking to the Plaintiff and Officer Mitchell was speaking with the store employee; I came to understand that the trouble at the store was a complaint of customer trespass,

    5.    Myself and the other officers attempted to get the Plaintiff to leave the store. During the course of our interaction with the Plaintiff, he expressed that he was upset with the store clerk and he was not going to leave the store until he some money.

6. The Plaintiff remained uncooperative until he eventually left the store. Plaintiff was free to go at this time and moved away from myself and the other officers.

7. Plaintiff turned towards us and moved his arms in a threatening manner. At this time the Plaintiff had gestured towards us in a fighting stance and I anticipated a violent interaction from the Plaintiff and was concerned for my safety and the safety of the other officers and individuals nearby.

8. At some point thereafter, Officer Mitchell stated to Plaintiff that he was under arrest and went to grab his left hand and I attempted to grab his right hand. .

9. While attempting to grab ahold of Plaintiff's right wrist he moved his arm toward the front of his body while tensing up and pulling away.

10. Officer Mitchell and myself attempted to get the Plaintiff under our control to handcuff him and failed due to the resistance from the Plaintiff. .

11. I was unable to fasten the handcuff on his right wrist at that point and the other officers were able to see this failure to handcuff.

12. I then preformed a bent arm bar technique, pursuant to my training, in order to control the suspect and bring him to the ground to securely handcuff him.

13. As I attempted to take the Plaintiff to the ground, he continued to pull away from me.

14. Plaintiff's resistance caused me to lose my balance and I was unable to guide him to the ground in a controlled manner.

15. As we hit the ground I was able to handcuff the Plaintiff.

16. The other officers would have not been able to see that he was handcuffed due to the chaotic scene and the fact that Plaintiff landed on my leg.

17. The Plaintiff falling on me caused my leg to break and I was incapacitated at that time.

18. I had no further contact with the Plaintiff on that night and I was taken to the hospital to be treated.

*JEFFREY KESTER*

Sworn to before me this

24th day of May, 2024

*Michelle Bradbury*
Notary Public

MICHELLE BRADBURY
Notary Public State of New York
Qualified in Monroe County – 01BR6315209
Commission Expires November 24, 2026