```
 1   SUPREME COURT OF THE STATE OF NEW YORK
     COUNTY OF NEW YORK: TRIAL TERM PART 14
 2   - - - - - - - - - - - - - - - - - - - - - - X
     ROTH AND ROTH, LLP,
 3
                                   Petitioner,
 4                                                        INDEX NO.
            - against -                                   158366/22
 5
     LONG ISLAND RAILROAD AND METROPOLITAN
 6   TRANSPORTATION AUTHORITY,

 7                                 Respondents.
     - - - - - - - - - - - - - - - - - - - - - - X
 8                          60 Centre Street
                            New York, New York
 9                          September 25, 2024
                            DECISION
10

11   BEFORE:
               HONORABLE ARLENE P. BLUTH,
12                                                 Justice


13
     APPEARANCES:
14
         SONIN & GENIS LLC
15       Attorneys for the Petitioner
         1 Fordham Plaza, Suite 907
16       Bronx, New York  10458
         BY:   ROBERT J. GENIS, ESQ.
17
         ROTH & ROTH LLP
18       192 Lexington Avenue, Suite 802
         New York, New York  10016
19       BY:   DAVID A. ROTH, ESQ.

20       LANDMAN CORSI BALLAINE & FORD P.C.
         Attorneys for the Respondents
21       120 Broadway, 13th Floor
         New York, New York  10271
22       BY:  RANI SHULMAN, ESQ.
              SHAYNA A. BRYTON, ESQ.
23

24                                      Bonnie Piccirillo
                                        Official Court Reporter
25

             Bonnie Piccirillo - Official Court Reporter
```

Decision

```
 1
 2                THE COURT:  This was an attorney's fee hearing.
 3                Petitioner is entitled to reasonable fees.  The
 4   question here was how much is reasonable.  The Court's
 5   inquiry is not just whether the hours were reasonable and
 6   whether the hourly rate was reasonable, but because there
 7   was argument about those points, the Court -- but because
 8   there was argument about those points even though in the end
 9   the respondent agreed to the hourly rates, I -- even if the
10   respondents didn't agree to the hourly rates, I determine
11   that the rates for Mr. Roth at a thousand dollars an hour is
12   reasonable for an attorney with his experience and expertise
13   in New York City; and $550 an hour for Mr. Reimel who has
14   been an attorney since 2006 is reasonable, and it might even
15   be low by New York standards for Mr. Reimel; and $675 an
16   hour for Mr. Shields who has been admitted since 2013, more
17   than a decade, is also within reason.
18                Now, certainly billing $6,887.50 for the petition
19   is extraordinarily reasonable.  This Court has conducted
20   several attorney's fee hearings for FOIL cases, and this
21   Court can only imagine the reason the petition was so cheap
22   is because of petitioner's great experience with FOIL and
23   that he had them in the computer already and he just had to
24   adapt them.
25                Mr. Roth testified that he brought more -- that
```

Bonnie Piccirillo - Official Court Reporter

Decision

1   he's brought more than twenty-five, thirty petitions.  Even
2   if petitioner mocked up an old petition, it still takes time
3   to personalize it anyway you look at it.  Less than $7,000
4   to bring a case in Supreme Court is cheap.
5               Petitioner then received an answer, a 23-page
6   memorandum of law and an affidavit from Ms. Woodhouse.  Less
7   than $3,000 to review all that stuff is completely
8   reasonable to read and read over the opposition and think
9   about it.
10              The reply on the petition was charged at $6,971.
11  Again, less than $7,000.  This is also very reasonable.  I
12  would even say it's cheap.  I've done many, many attorney's
13  fees hearings and lawyers sneeze for more than that.
14              And point six, so to review the decision -- to
15  review my decision when they lost, which was no doubt very
16  disappointing, that's fair and reasonable.  This Court
17  writes -- I write my decisions for the loser and so the
18  loser can read it, study it and, hopefully, understand why I
19  did what I did.  So, this loser -- I'm not really calling
20  you a loser -- but, you know, the loser in this case could
21  read and understand.
22              Now, once petitioner found out that the Court's
23  decision was based on misinformation, on information
24  Ms. Woodhouse -- Ms. Woodhouse wrote an affidavit which was
25  false.  Whether she meant it or not to be false I'm not

1   going there, but it was false.  It was sworn to by
2   respondent.  That the information on the reports were in
3   fact available and on the computer and searchable.  A
4   careful motion to renew was made.
5            So, that's no longer in the computer banks of the
6   Roth & Roth firm.  That's something that has to be carefully
7   crafted.  So, charging $12,435 to bring that motion to renew
8   with substantial supporting documentation in order to
9   convince the judge that they lost in front of before.  So in
10  order to convince the judge that she should reconsider her
11  prior decision based on new evidence, that's completely
12  reasonable.
13           This is not, like I said, a markup of a petition.
14  This is dealing with a false affidavit that was relied upon
15  by the Court which led to an erroneous decision.
16           Now, I could imagine that once that motion to renew
17  was made, perhaps the Roth & Roth firm -- maybe they know
18  the opposition too much.  But, if I were a lawyer making
19  that motion, I would hope that the other side would just
20  say, Oh, gee, I'm sorry.  Okay, let's settle this.  But, you
21  didn't.
22           Instead, you put in opposition to that faced with
23  the fact that their people put in false affidavits.  They
24  still opposed.
25           So, Roth & Roth charging $5,630 to review the

Bonnie Piccirillo - Official Court Reporter

Decision

1    opposition to the motion to renew is not only reasonable,
2    it's really low.  I mean, to say I caught you red handed and
3    then to have an opposition like that, 5,600 is not a lot of
4    money.
5            The big bill here was the $24,600 on the reply to
6    the motion to renew.  That's the big ticket.
7            Mr. Roth did it himself at his rate, which is
8    higher than his associates.  It's completely reasonable for
9    Mr. Roth to do the reply himself.  He was most familiar with
10   the case and he had a smoking gun.
11           Kristin Woodhouse submitted a false affidavit which
12   prevented him from getting the documents to which he was
13   entitled.  He was certainly entitled to take the bull by the
14   horns and draft the final words to the Court himself.  He
15   wanted everyone to know that in his view the LIRR would lie
16   and cheat in order to avoid its legal obligations and throw
17   unwarranted obstacles in his way.  That's his view.  He had
18   every right to decide to do the papers himself and not have
19   an associate do it.  And, of course, this $24,600 was a
20   bigger ticket, larger because it was so personalized.  This
21   reply was not a markup of a prior submission.
22           The petition only took less than $7,000 because he
23   didn't reinvent the wheel.  Here, for the motion to renew
24   and the reply on that motion, it was not as Mr. Shulman
25   called "recycled."  It was not recycled information.  It was

Bonnie Piccirillo - Official Court Reporter

Decision

```
 1   drafted and crafted personally by the person most
 2   knowledgeable.  He had a right to staff the case the way he
 3   wants; and when the case needed real personalization, when
 4   there was a smoking gun and false affidavits, he decided to
 5   do the heavy lifting himself.  That is certainly fair and
 6   reasonable.
 7           So, he has requested $61,000 in fees.  There was no
 8   request for money for today.  And so they requested a
 9   sanction.  I'm not going to put any sanctions on.  Nothing
10   prevents anybody from reporting someone to the disciplinary
11   committee, but I am -- I didn't have a sanctions hearing
12   about that affidavit from Kristin Woodhouse.  I don't know
13   if she -- the circumstances of that, whether it was willful
14   or just some lawyer wrote something and she didn't even read
15   it and she signed it.  I have no idea.
16           I'm not going to find sanctions, and there's no
17   authority to charge twice or give it a factor.
18           So, it is hereby ordered that the attorney's fees
19   of $61,000 by petitioner is granted.
20           The clerk is ordered to upon presentation of proper
21   papers therefor to issue a judgment in favor of the
22   petitioner, Roth & Roth, and, against the respondents, Long
23   Island Railroad and Metropolitan Transportation Authority,
24   in the amount of $61,000 plus interest from entry of the
25   judgment, plus costs and disbursements.
```

Bonnie Piccirillo - Official Court Reporter

63
Decision

1               That concludes this hearing.
2               MR. GENIS:  Thank you, Judge.
3               MR. SHULMAN:  Thank you, your Honor.
4               THE COURT:  Here are your notes I took away from
5       you.
6               (Handed back to witness)
7               THE COURT:  Do you have the reporter's information?
8               MR. GENIS:   I already have her card.
9               THE COURT:  If you need me to so order the
16:43:59  10    transcript, I can do that.
11              MR. GENIS:  Thank you, Judge.  Appreciate the time
12      you gave us as well.
13              (Certification on next page)
14
15
16
17
18
19
20
21
22
23
24
25

Bonnie Piccirillo - Official Court Reporter

# C E R T I F I C A T I O N

INDEX NO. 158366/22   ROTH AND ROTH, LLP versus
                     LONG ISLAND RAILROAD and MTA

---

THIS IS HEREBY CERTIFIED TO BE A
TRUE AND CORRECT TRANSCRIPT.

*Bonnie Piccirillo*
BONNIE PICCIRILLO
OFFICIAL COURT REPORTER