# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

May 27, 2025

**VIA ECF**
Hon. Mark W. Pedersen
United States Magistrate Judge
2720 U.S. Courthouse
100 State Street, Rochester, NY 14614

    Re:    *Vann* v. *City of Rochester et al*, 18-cv-6464 (EAW)(MJP)

Dear Judge Pedersen,

The parties write in response to Your Honor's May 21, 2025 e-mail directing us to address (1) whether the filing of Defendants' interlocutory appeal automatically stays discovery, and (2) if so, whether the stay reaches the entire case or only the issues under appeal.

Judge Wolford's April 18, 2025 Text Order denied Plaintiff's motion to certify Defendants' appeal as frivolous and to retain jurisdiction. ECF 216. At first blush, that ruling appeared to suspend all district-court activity until the Second Circuit acts. Yet Courts in this Circuit disagree on what happens next.

On one side, the Supreme Court's rule in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), and Second Circuit cases like *In re World Trade Center Disaster Site Litigation*, 503 F.3d 167, 170-71 (2d Cir. 2007), and *Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010), treat a notice of appeal as stripping the district court of power only over "those aspects of the case involved in the appeal." Under that view, discovery and motion practice on matters unrelated to the

qualified-immunity defense can continue. Other judges read *Mitchell v. Forsyth*, 472 U.S. 511 (1985), to require a broader stay because qualified immunity is meant to shield officials from the burdens of litigation itself. See, e.g., *Doe v. County of Westchester*, 2024 WL 654321 (S.D.N.Y. 2024). They put the whole case on hold until the Court of Appeals rules.

Given this uncertainty, the parties believe it would be more efficient to seek limited relief rather than a sweeping stay. We therefore jointly request a two-month extension of the outstanding expert-discovery deadlines.

Under the Fifteenth Amended Scheduling Order entered on March 5, 2025, Plaintiff's liability and damages expert reports are presently due on July 15, 2025; Defendants' corresponding reports are due on August 15, 2025; and all expert discovery must be completed by September 15, 2025. The parties respectfully ask that these dates be extended by approximately sixty days, making Plaintiff's reports due on September 15, 2025, Defendants' reports due on October 15, 2025, and the cutoff for all expert discovery November 17, 2025.

However, under this approach, the parties respectfully request that any Amended Scheduling Order specifically permits their liability experts to amend or supplement their reports after the Second Circuit rules on Defendants' qualified immunity appeal.

Three circumstances warrant the requested adjustment. First, the continued deposition of former Professional Standard's Section commander Sergeant Steven Swetman—which must be incorporated into Plaintiff's liability expert report—has

not yet been completed, due to scheduling issues and the parties' uncertainty regarding whether Defendants' interlocutory appeal caused an automatic stay. Second, both parties' damages experts require additional time because Mr. Vann spent several months in the psychiatric unit at Strong Memorial Hospital and is now housed at the Rochester Psychiatric Center; the plaintiff's experts were only recently able to conduct an initial evaluation and must perform follow-up interviews before finalizing their opinions and defendants expert has not yet scheduled an IME. Third, Plaintiff's counsel has a jury trial scheduled to begin in Bronx Supreme Court on June 16, 2025, followed immediately by a three-week trial in Kings County Supreme Court starting July 7, 2025, making it impracticable to coordinate with experts over the summer to complete the reports.

Because trial is not imminent, and because any trial could not commence until the Second Circuit hands down its decision on Defendants' immunity appeal, the parties respectfully submit this proposal permits the case to continue progressing while the appeal is litigated.

For these reasons, the parties respectfully request that the Court extend the expert-discovery deadlines as set forth above. Should the Court prefer a status conference to discuss this request, we are available at the Court's convenience.

Respectfully submitted,

~//s//~

Elliot Shields

cc: All Parties (via ECF)