**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DAVID VANN,

               Plaintiff,

     v.

CITY OF ROCHESTER, et al.,

           Defendants.

**SEVENTEENTH AMENDED**
**SCHEDULING ORDER**

18-CV-6464-EAW-MJP

The parties having jointly requested an extension of time for certain deadlines contained in the Court's previously issued scheduling order and having shown good cause therefore (ECF No. 219), the Court

**ORDERS** that

1.    The deadline for all factual discovery in this case, including depositions, has passed. The deadline for all motions to compel discovery has passed.

2.    **Experts.** Plaintiff shall identify any liability or damages expert witnesses and serve any expert reports no later than **60 days after the Second Circuit issues its decision on the pending interlocutory appeal**. Defendant shall identify any liability or damages expert witnesses and serve any expert reports no later than **90 days after the Second Circuit issues its decision on the pending interlocutory appeal**. All liability or damages expert discovery,

including depositions, shall be completed no later than **120 days after the Second Circuit issues its decision on the pending interlocutory appeal**.

3.  **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **120 days after the Second Circuit issues its decision on the pending interlocutory appeal**.

4.  **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

5.  **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

    a.  When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional

circumstances, any motion for an extension shall be made at least **one week** before the deadline to be extended.

b.  **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

c.  **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

6.  **Warning.** The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:      August 4, 2025
            Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge